# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

_____  )
)
IN RE: U.S. OFFICE OF                                              )
PERSONNEL MANAGEMENT                                  )
DATA SECURITY BREACH                                        )
LITIGATION                                                              )          Misc. Action No. 15-1394 (ABJ)
_____ )          MDL Docket No. 2664
)
This Document Relates To:                                      )
)
ALL CASES                                                              )
_____ )

## APPLICATION OF NORMAN E. SIEGEL FOR APPOINTMENT AS INTERIM LEAD CLASS COUNSEL AND HASSAN ZAVAREEI FOR APPOINTMENT AS LIAISON COUNSEL

## TABLE OF CONTENTS

INTRODUCTION ............................................................................................................... 1

ARGUMENT ...................................................................................................................... 1

   A.   Mr. Siegel and Stueve Siegel Hanson have Expended Substantial Efforts to
Investigate and Identify Claims on Behalf of Plaintiff and the Class. ............................... 2

   B.   Stueve Siegel Hanson Has Experience in Handling Similar Complex Class
Actions Involving Privacy and Data Breach Claims. .......................................................... 4

   C.   Mr. Siegel and Stueve Siegel Hanson Possesses Proven Knowledge of the
Applicable Law in This Type of Litigation. ....................................................................... 6

   D.   Stueve Siegel Hanson Will Commit the Resources and Effort Necessary to
Advance This Litigation in a Fair and Timely Manner. ..................................................... 7

   E.   Other Considerations. ...................................................................................................... 9

   F.   Hassan A. Zavareei of Tycko & Zavareei is Well-Suited to Serve as
Liaison Counsel. ............................................................................................................. 10

CONCLUSION ................................................................................................................ 13

## INTRODUCTION

Plaintiff Mary C. Woo, named plaintiff in *Woo v. U.S. Office of Personnel Management et al.*, No. 6:15-cv-01220 (D. Kan. July 15, 2015) (D.D.C. No. 15-1752) ("*Woo*"), respectfully moves the Court for an order appointing Norman Siegel of the law firm of Stueve Siegel Hanson as Interim Lead (or Co-Lead) Class Counsel and Hassan Zavareei of Tycko & Zavareei as Liaison (or Co-Liaison) Counsel in these consolidated proceedings.[1] As discussed below, Mr. Siegel has been recognized as a leader in the privacy and data breach fields, and has led several nationwide class actions involving many of the largest privacy and data breach cases litigated to date. Mr. Zavareei and his firm are based in the District of Columbia, have experience litigating claims under the Administrative Procedures Act and Privacy Act, and are intimately familiar with the local practices and procedures of this Court. In support of this Application, Mr. Siegel submits his declaration ("Siegel Dec.") and firm resume as Exhibits A and B, respectively.

## ARGUMENT

Rule 23(g) of the Federal Rules of Civil Procedure dictates that in appointing interim class counsel, the Court must consider: "(i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class." Fed. R. Civ. P. 23(g)(1)(A). The Court may also "consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B). As set forth below, Mr. Siegel and his firm readily satisfy these criteria.

---

[1] Alternatively, Plaintiff requests that Messrs. Siegel and Zavareei be appointed to any leadership structure the Court deems appropriate, including as members of a Plaintiffs' Steering Committee.

**A.      Mr. Siegel and Stueve Siegel Hanson have Expended Substantial Efforts to Investigate and Identify Claims on Behalf of Plaintiff and the Class.**

Mr. Siegel and Stueve Siegel have undertaken substantial work identifying, investigating, and prosecuting potential claims in this action, satisfying the first consideration under Fed. R. Civ. P. 23(g)(1)(A). In *Woo*, Stueve Siegel filed the second class action in the country and the first after the OPM announced that it had been breached a second time[2]—the second breach affecting 21.5 million individuals—on behalf of Mary Woo, a 28-year veteran of the Department of Defense and the U.S. Attorney's Office for the District of Kansas. Siegel Dec. ¶ 11. Since then, Stueve Siegel Hanson has interviewed dozens of victims, including many high-ranking current and former government employees with top-secret clearances who are especially susceptible to harm as a result of this breach, and represents the following diverse and representative victims:

- A Senior Special Agent of Immigration and Customs Enforcement, Homeland Security Investigations, responsible for conducting domestic and foreign investigations including extensive undercover work;

- An Assistant U.S. Attorney responsible for prosecuting foreign, organized drug cartels who maintained a top secret security clearance and has been subject to death threats related to his work as a federal prosecutor;

- An employee of a major defense contractor performing investigations for the CIA and military;

- Two U.S. Air Force veterans, one who served as a Master Sergeant for over 20 years and another with over 25 years' experience providing technological operational risk guidance to the U.S. Department of Defense and intelligence communities;

- A former Special U.S. Attorney and federal law clerk;

---

[2] The first class action filed was *American Federation of Government Employees, et al v. U.S. Office of Personnel Management, et al.*, No. 1:15-cv-01015 (D.D.C. June 29, 2015), which was filed following OPM's June 4, 2015 news release confirming that the personal information of approximately 4 million current, former, and prospective Federal employees and contractors "may have been compromised." It was not until July 9, 2015 that the OPM confirmed that 21.5 million individuals were affected by a "separate but related" cyber security breach.

- A disabled veteran and retired employee of the Department of Defense who had over 25 years experience as a program integrator, contact analyst and quality assurance representative and had extremely sensitive medical health information in his file resulting from injuries sustained in active service that has now been breached;

- An administrative specialist with several high-profile defense contractors and the Department of Defense who maintained multiple top secret security clearances and was relocated with the California Victim and Crimes unit to a confidential and protected address that was exposed as part of the OPM breach.

Stueve Siegel represents over 20 individual clients in this litigation and continues to vet dozens of current, former and prospective government employees and contractors, many of whom, as described above, not only risk suffering monetary harm, but could also face personal danger or have their career prospects hindered because of the breach of their highly-confidential personal information. Siegel Dec. ¶ 11. These clients have come to Stueve Siegel not through advertising or promotion, but typically through referrals from lawyers throughout the Midwest and the country based on the firm's reputation in the privacy and data breach field.

Before filing the *Woo* action, Mr. Siegel and Stueve Siegel investigated the central issues in this case including disputes of plaintiff standing under *Clapper v. Amnesty Int'l USA*, 133 S. Ct. 1138 (2013), and have also undertaken extensive research on the viability of claims under the Privacy Act of 1974, 5 U.S.C. § 552A, and the Administrative Procedure Act, 5 U.S.C. § 701, *et seq*.—including analyses as to whether a final agency action has been taken, whether there is an adequate remedy under the Privacy Act, and whether the OPM's actions should be set aside as "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," 5 U.S.C. § 706(2)(A), "in excess of statutory jurisdiction, authority, or limitations, or short of statutory right," § 706(2)(C), or "without observance of procedure required by law," § 706(2)(D). Siegel Dec. ¶ 10.

After the *Woo* action was filed, Mr. Siegel worked cooperatively with other plaintiffs'
counsel to navigate the MDL process, including supporting the District of Columbia as the
logical venue to prosecute these cases. Mr. Siegel has also worked closely with Mr. Mason and
Mr. Reilly in their role as interim liaison counsel to prepare the Joint Status Report, met and
conferred with Defendants, and prepared for the initial hearing before the Court. In short, Mr.
Siegel's work and participation in the litigation over the last 6 months has materially moved the
case forward on behalf of the putative class, satisfying the first element of Rule 23(g)(1)(A).

### B. Stueve Siegel Hanson Has Experience in Handling Similar Complex Class Actions Involving Privacy and Data Breach Claims.

An objective application of the second factor to be considered—the applicant's
"experience in handling class actions, other complex litigation, and the types of claims asserted
in the action"—also favors the appointment of Mr. Siegel. Mr. Siegel and Stueve Siegel
attorneys have been appointed to lead multi-district proceedings and as lead counsel pursuant to
Rule 23(g) in federal actions across the country[3] and Stueve Siegel is one of the few law firms
that has class action trial experience. Siegel Dec. ¶ 5. The firm has taken several collective
actions to trial[4] and recently successfully tried a class action certified under Rule 23 to a jury

---

[3] *See, e.g.*, *In re: Syngenta AG MIR 162 Corn Litig.*, No. 14-md-02591 (D. Kan.); *In re: Pre-Filled Propane Tank Antitrust Litig.*, No. 14-md-02567 (W.D. Mo.); *In re: The Home Depot, Inc., Customer Data Security Breach Litig.*, MDL No. 2583 (N.D. Ga.); *In re: Target Corp. Customer Data Security Breach Litig.*, MDL No. 2522 (D. Minn.); *In re: Simply Orange Juice Mktg. and Sales Practices Litig.*, MDL No. 2361 (W.D. Mo.); *In re: Peregrine Fin. Grp. Customer Litig.*, No. 12-cv-5546 (N.D. Ill.); *Leiszler v. Align Techs.*, No. 3:10-CV-2010 (N.D. Cal.); *In re: Aftermarket Auto. Lighting Prods. Antitrust Litig.*, No. 2:09-ML-2007 (C.D. Cal.); *Roy v. Hyundai Motor Am.*, No. 05-483-AHS (C.D. Cal.); *Zeismer v. Linens-N-Things*, No. 06-CV-1194 (S.D. Cal.); *In re: Payment Card Interchange Fee & Merchant Discount Antitrust Litig.*, No. 1:05-MD-1720 (E.D.N.Y.); *Fond du Lac Bumper v. Gordon*, No. 2:09-CV-0852 (E.D. Wis.); *In re: H&R Block, Inc., Express IRA Mktg. Litig.*, No. 4:06-MD-01786 RED (W.D. Mo.); *In re: Pre-Filled Propane Tank Mktg. & Sales Practices Litig.*, No. 4:09-MD-02086 (W.D. Mo.); *Khaliki v. Helzberg Diamond Shops*, No. 4:11-CV-00010-NKL (W.D. Mo.).

[4] *Sanchez, et al., v. Echosphere LLC, et al.*, No. 71 160 00443 09 (AAA); *De La Cruz, et al. v. Masco Retail Cabinet Grp., LLC*, No. 11 152 01156 08 (AAA).

verdict, which was affirmed on appeal.[5] Courts have found that "the experience, reputation, and

ability of class counsel is outstanding,"[6] and have found Stueve Siegel Hanson attorneys to be

"extremely knowledgeable," "highly experienced," "highly capable," and to enjoy "an excellent

reputation."[7]

Beyond this general experience as lead counsel in multi-district litigation, Mr. Siegel and

Stueve Siegel have led several of the largest privacy and data-breach cases litigated to date. In

2014 Mr. Siegel was selected as one of three lawyers to serve on the Consumer Cases Steering

Committee in *In Re: Target Corporation Customer Data Security Breach Litigation*, MDL No.

2522 ("*Target*") (Doc. 74), before the Hon. Paul A. Magnuson (D. Minn.), a data breach case

involving 110 million affected individuals. In 2015, Mr. Siegel and partner Barrett Vahle of

Stueve Siegel were appointed Co-Lead Counsel to represent consumers in *In Re: The Home

Depot, Inc., Customer Data Security Breach Litigation*, MDL No. 2583 ("*Home Depot*") (Doc.

60), before the Hon. Thomas W. Thrash (N.D. Ga.), which involves 56 million individuals

affected by a data breach. Although not named lead counsel in the case, Co-Lead counsel in *In

Re: Anthem, Inc. Data Breach Litigation*[8] (involving the breach of up to 80 million members'

health records) called upon Mr. Siegel and Stueve Siegel to lead plaintiff vetting and discovery

efforts, and to draft portions of the consolidated class action complaint. Siegel Dec. ¶ 5.

---

[5] *Adelina Garcia, et al. v. Tyson Foods, Inc.*, No. 06-2198-JWL (D. Kan), *aff'd* 770 F.3d 1300 (10th Cir. 2014).

[6] *Berry v. Volkswagen Grp. of Am., Inc.*, 397 S.W.3d 425, 437 (Mo. 2013) (quoting trial court).

[7] *Bruner v. Sprint/United Mgmt.*, Nos. 07-2164-KHV, 08-2133-KHV, 08-2149-KHV, 2009 WL 2058762, at *7-8 (D. Kan. July 14, 2009); *see also Parkinson v. Hyundai Motor Am.*, 796 F. Supp. 2d 1160, 1175 (C.D. Cal. 2010) ("counsel was skilled at navigating the complexities of the case [a nationwide consumer class action]."); *Roy v. Hyundai Motor Am., Inc.*, No. 05-00483, Dkt. No. 87, at 2 (C.D. Cal. Apr. 10, 2006) ("Plaintiff's counsel skillfully presented Class members' claims while opposed by a large and sophisticated company represented by experienced litigators.").

[8] MDL No. 2617 (N.D. Cal.) (Koh, J.).

In *Target*, *Home Depot*, and *Anthem*, Stueve Siegel Hanson took the lead in creating a proprietary database and handling intake and vetting of thousands plaintiffs from all 50 states for consideration as class representatives in the consolidated proceedings. In *Target* and *Home Depot*, Mr. Siegel personally participated in securing industry experts, promulgating third-party discovery, and establishing ESI protocols and confidentiality guidelines. Mr. Siegel likewise played a direct role in negotiating and crafting a class settlement in *Target*, which includes significant monetary and injunctive relief to the class.[9] Siegel Dec. ¶ 6.

### C.   Mr. Siegel and Stueve Siegel Hanson Possesses Proven Knowledge of the Applicable Law in This Type of Litigation.

The third factor under Rule 23(g)(1)(A)—the applicant's knowledge of the applicable law—substantially overlaps the second factor. As noted above, Stueve Siegel Hanson has extensive experience in the privacy and data breach fields. In *Target*, *Home Depot*, and *Anthem*, Stueve Siegel Hanson took on major roles in vetting clients, preparing the amended consolidated complaints and opposing substantive attacks to the legal claims at issue. Siegel Dec. ¶ 6. Indeed, Stueve Siegel Hanson attorneys handled the response to large portions of the motion to dismiss in *Target*, which resulted in a favorable ruling,[10] and took the lead in investigating and drafting the consolidated complaint[11] and opposing the motion to dismiss in *Home Depot*, which included conducting a comprehensive review of applicable laws in all 50 states and an analysis into the evolving law of Article III standing under *Clapper*. Mr. Vahle recently argued the consumer plaintiffs' opposition to Home Depot's motion to dismiss before Judge Thrash in the Northern District of Georgia, which is currently pending.

---

[9] *See Target*, MDL No. 2522 (Doc. 358-1).

[10] *See Target*, 66 F. Supp. 3d 1154 (D. Minn. 2014).

[11] *Home Depot*, MDL No. 2583 (Doc. 93).

Beyond leadership roles in these important privacy and data breach cases, Stueve Siegel attorneys are active in industry groups relating to privacy and data breach claims. Mr. Siegel co-founded the American Association for Justice's Consumer Privacy and Data Breach Litigation Group and currently serves as the group's Co-Chair, while Mr. Vahle serves as Co-Chair of the Data Breach Subcommittee for the ABA Litigation Section. Siegel Dec. ¶ 4. The firm's attorneys are nationally published authors on emerging issues impacting data breach cases,[12] regularly speak on issues arising in data breach litigation,[13] and closely follow legal trends in the data breach field.[14] *Id.*

> **D.** **Stueve Siegel Hanson Will Commit the Resources and Effort Necessary to Advance This Litigation in a Fair and Timely Manner.**

Stueve Siegel Hanson is an AV® rated law firm with 35 lawyers and approximately 20 support staff in its offices in Kansas City, San Diego, and New York. The firm has been designated as a "Tier 1" firm in Commercial Litigation and Class Actions by U.S. News and is made up almost entirely of lawyers who formerly practiced at large law firms and as former government lawyers and state and federal law clerks. Siegel Dec. ¶ 3. In addition to the firm's well-credentialed trial attorneys, Stueve Siegel employs two full-time information-technology specialists (between them with over 55 years of experience) and a dedicated e-discovery attorney. Stueve Siegel has a sophisticated, onsite, enterprise-level document management and e-

---

[12] *See Securing Data Breach Claims*, Trial Magazine, April 2014 (available at http://goo.gl/sQ2Oe5).

[13] *See, e.g.,* recorded interview available on the Lexology blog at http://goo.gl/rLxcHR; AAJ CLE, Highlights and Strategies in Data Breach Litigation, Oct. 2015, available at http://www.playbackaaj.com/2015-aaj-webinars/435-31.

[14] Stueve Siegel readily acknowledges that other applicants, similar to Mr. Zavareei, are likely to have important experience litigating claims under the Privacy Act and the Administrative Procedures Act. Those lawyers should be given due consideration as liaison counsel or as members of an executive committee.

discovery system, and has invested in technology and software comparable to or more advanced than that of most large national law firms. Siegel Dec. ¶ 9. The firm regularly handles cases where millions of documents are exchanged and the firm has advanced millions of dollars in litigation costs in the prosecution of large class or multi-party cases, on a pure contingency basis. The firm has never sought funding or financing from a litigation funding company. *Id.*

Stueve Siegel is also accustomed to cases that require multi-year investments and significant labor and is willing to commit the time and resources necessary to advance the interests of all plaintiffs against OPM and the other defendants. Although the firm is committed to efficient resolution of all disputes, it is not unusual for the firm to invest thousands of hours in its cases in pursuit of a positive result for its clients.[15] Siegel Dec. ¶ 7. Accordingly, Stueve Siegel has a proven track record and possesses the qualifications, resources, and ability to fulfill an important role as lead counsel in these MDL proceedings to bring this litigation to a successful conclusion.

Mr. Siegel will personally act as the lead attorney for Stueve Siegel in this case. Mr. Siegel was born in Baltimore, Maryland and holds an undergraduate degree from Tufts University and his J.D. from Washington University in St. Louis where he was Articles Editor of the *Journal of Urban and Contemporary Law*. Siegel Dec. ¶ 2. After law school, Mr. Siegel worked as a Missouri Assistant Attorney General before entering private practice at Sonnenschein, Nath & Rosenthal (now Dentons) where he was named partner in 1999. *Id.* In 2001, Mr. Siegel left Sonnenschein to form Stueve Siegel Hanson. Mr. Siegel has acted as first

---

[15] In one recent example of a resource-intensive MDL, the court observed that "the [15,000] hours spent on the litigation by plaintiffs' counsel—all of whom are highly skilled and experienced in the subject area—verifies the significant time and labor required by this MDL." *See In re: Bank of America Wage And Hour Employment Practices Litig.*, No. 10-MD-2138, Dkt. No. 653, at 7 (D. Kan. Dec. 13, 2013).

chair trial counsel in numerous cases and has secured several jury verdicts in excess of $1 million.  Mr. Siegel has been named to The Best Lawyers in America®, has been elected a Missouri *Super Lawyer*, and has been named "Best of the Bar" by the Kansas City Business Journal. Mr. Siegel was also named to *Lawdragon* Magazine's 500 Leading Plaintiffs' Lawyers in America, and named a "Local Litigation Star" by *Benchmark Plaintiffs*.[16] *Id*.

Other Stueve Siegel Hanson lawyers and staff participating in this case, including attorneys Barrett Vahle and Austin Moore, have worked extensively in the data breach field including on the *Target*, *Home Depot*, and *Anthem* matters. Siegel Dec. ¶ 12. Stueve Siegel is also dedicated to working cooperatively with all counsel involved in this litigation with an eye towards efficient resolution. Stueve Siegel has regularly been in charge of reviewing and approving time entries in MDL proceedings and if appointed, will implement clear billing guidelines and require regular time submissions in order to ensure efforts are not being duplicated. Additionally, Stueve Siegel has a proven record of working cooperatively and efficiently with other firms involved in this litigation including with attorneys from Girard Gibbs, Morgan & Morgan, Ahdoot Wolfson, and Tycko & Zavareei, among others, including as class counsel in data breach cases, and has a proven track record of achieving successful results.

  **E.**   **Other Considerations.**

Motions for appointment of lead counsel under Rule 23(g) present an awkward task for plaintiffs' counsel. Applicants must establish their credentials without gratuitous self-promotion. But their core, applications under Rule 23(g) are akin to job applications seeking the privilege to lead litigation on behalf of a prospective class; here one made up of millions of current and former public servants who serve (or served) important government functions all across the

---

[16]  Additional biographical information is available in the attached firm resume, and at www.stuevesiegel.com.

country. In that regard, and pursuant to Rule 23(g)(1)(B), Mr. Siegel and Stueve Siegel respectfully offer the following references – federal judges who have overseen multi-district litigation in which Mr. Siegel and Stueve Siegel Hanson have served as lead counsel:

- The Honorable Fernando Gaitan, Western District of Missouri

- The Honorable Gary Fenner, Western District of Missouri

- The Honorable John Lungstrum, District of Kansas

Stueve Siegel values its reputation as a zealous advocate that has fairly, efficiently and successfully prosecuted multi-district litigation throughout the United States, and would welcome the opportunity to serve in that role on behalf of the putative class here.

## F. Hassan A. Zavareei of Tycko & Zavareei is Well-Suited to Serve as Liaison Counsel.

Hassan Zavareei is a Washington, D.C. attorney with extensive experience litigating in this Court. In addition, Mr. Zavareei is a seasoned class action attorney, with experience litigating cases under the APA and the Privacy Act. Mr. Zavareei received his Bachelor of Arts degree from Duke University in 1990, *cum laude*. He graduated as a member of the Order of Coif from the University Of California Berkeley School Of Law in 1995. After law school, Mr. Zavareei worked in the litigation department of Gibson, Dunn & Crutcher LLP in Washington, D.C. In 2002, Mr. Zavareei formed Tycko & Zavareei LLP with Jonathan K. Tycko, a colleague at Gibson, Dunn & Crutcher. Today, Tycko & Zavareei LLP is a well-known plaintiffs' class action law firm with offices in Washington, D.C. and Oakland, California. National Law Journal named Tycko & Zavareei LLP one of 50 Elite Trial Law Firms in 2014. Mr. Zavareei is uniquely qualified to serve as Liaison Counsel in this case.

Mr. Zavareei was admitted to practice in this Court in 1998 and has litigated numerous cases in this Court. Among other things, Mr. Zavareei won a jury verdict as co-lead counsel in a

housing discrimination case against the District of Columbia. *See 2922 Sherman Ave. Tenants' Ass'n v. D.C.*, 444 F.3d 673, 678 (D.C. Cir. 2006). In June 2004, the Washington Lawyers' Committee for Civil Rights and Urban Affairs awarded Tycko & Zavareei LLP their Outstanding Achievement Award for their work on that case. He was also lead counsel in two consumer class actions in this Court resulting in settlements totaling over $20 million. *See Trombley v. Nat'l City Bank,* 826 F. Supp. 2d 179, 193 (D.D.C. 2011) *case dismissed*, No. 12-7001, 2012 WL 556319 (D.C. Cir. Feb. 13, 2012) (granting final approval of class settlement with common fund of $12 million); *In re APA Assessment Fee Litig.*, No. 10-1780 (JDB), 2015 WL 5996354, at *4 (D.D.C. Oct. 14, 2015) (approving class settlement with common fund of $9.02 million). Mr. Zavareei has, on two occasions, successfully appealed decisions by this Court that would have ended two cases—but instead resolved favorably for his clients. *See Beck v. Test Masters Educ. Servs., Inc.*, 407 F. App'x 491 (D.C. Cir. 2011) (reversing summary judgment of D.C. Consumer Procedures Protection Act claims); *In re APA Assessment Fee Litig.*, 766 F.3d 39, 44 (D.C. Cir. 2014) ("we therefore reverse in part the dismissal of plaintiffs' claims").

Mr. Zavareei's class action practice extends well beyond this Court. He has been appointed lead counsel in two multi-district litigation proceedings. *See In Re: Higher One OneAccount Marketing and Sales Practices Litigation*, No. 3:12-md-02407 (D. Conn.) (lead counsel); *Klopfenstein, et al. v. Fifth Third Bank*, No. 1:12-cv-00851 (S.D. Ohio) (co-lead counsel). He is also currently lead counsel or co-lead counsel in numerous ongoing class action and putative class action lawsuits.[17] Mr. Zavareei has also been named Settlement Class Counsel

---

[17] *See Timothy Hennigan, et al., v. General Electric Company*, No. 2:09-cv-11912 (E.D. Mich.); *Sylvia Hawkins, et al. v. First Tennessee Bank, N.A.*, No. CT-004085-11 (Cir. Ct. of Shelby Cty., Tenn.); *Alfonse Forgione, et al. v. Webster Bank, N.A.*, No. UWY-CV12-6015956-S (Super. Ct. Judicial Dist. of Waterbury, Conn.); *Bodnar v. Bank of America, N.A.*, 5:14-cv-03224 (E.D. Pa.); *Small v. BOKF N.A.*, 1:13-cv-01125 (D. Colo.); *Jacobs, et al. v. FirstMerit Corporation, et al.*,

in numerous class actions that have fully concluded after providing substantial settlements for the class members.[18] Mr. Zavareei also has experience litigating cases under the APA. While at Gibson, Dunn & Crutcher, LLP, Mr. Zavareei represented sugar cane growers challenging the United States Department of Agriculture's compliance with the Food Security Act of 1985. *See Sugar Cane Growers Co-op. of Florida v. Veneman*, 289 F.3d 89, 97 (D.C. Cir. 2002) (reversing trial court ruling and finding that Plaintiffs had standing and defendant violated APA). Mr. Zavareei also represented a coalition of stakeholders challenging the implementation of the Roadless Rule under the APA and the National Environmental Policy Act, 42 U.S.C. §§ 4321 *et seq. See Kootenai Tribe of Idaho v. Veneman*, 313 F.3d 1094, 1104 (9th Cir. 2002) *abrogated by Wilderness Soc. v. U.S. Forest Serv.*, 630 F.3d 1173 (9th Cir. 2011).

---

11-cv-00090 (Ct. of Common Pleas, Lake Cty. Ohio); *Kumar v. Safeway, Inc. et al.*, RG14726707 (Super. Ct. of Cal. Cty. of Alameda); *Kumar v. Salov North America Corp., et al.*, 4:14-cv-02411 (N.D. Cal.); *Gattinella v. Michael Kors (USA), Inc., et al.*, 1:14-cv-05731 (S.D.N.Y.); *Branca v. Nordstrom, Inc.*, 3:14-cv-02062 (S.D. Cal.); *Farwell v. Levi Strauss & Co.*, CGC-14-541316 (Super. Ct. of Cal. Cty. S.F.); *Lucas et al. v. Jos. A. Bank Clothiers, Inc.*, 14-cv-1631 (S.D. Cal.); *Stathakos et al. v. Columbia Sportswear Company*, 3:15-cv-04543 (N.D. Cal.); and *Soule v. Hilton Worldwide Inc. et al.*, 13-cv-00652 (D. Haw.).

[18] *See Shannon Schulte, et al. v. Fifth Third Bank.*, No. 1:09-cv-06655 (N.D. Ill.); *Amber Hawthorne, et al. v. Umpqua Bank*, No. 4:11-cv-06700 (N.D. Cal.); *Kelly Mathena v. Webster Bank*, No. 3:10-cv-01448 (D. Conn.); *Nick Allen, et al. v. UMB Bank, N.A., et al.*, No. 1016 Civ. 34791 (Cir. Ct. Jackson Cty., Mo.)*; Thomas Casto, et al. v. City National Bank, N.A.*, 10 Civ. 01089 (Cir. Ct. Kanawha Cty., W. Va.); *Eaton v. Bank of Oklahoma, N.A., and BOK Financial Corporation, d/b/a Bank of Oklahoma, N.A.*, No. CJ-2010-5209 (Dist. Ct. for Tulsa County, Okla.); *Lodley and Tehani Taulva, et al., v. Bank of Hawaii and Doe Defendants 1-50*, No. 11-1-0337-02 (Cir. Ct. of 1st Cir., Haw.)*; Jessica Duval, et al. v. Citizens Financial Group, Inc., et al*, No. 1:10-cv-21080 (S.D. Fla.); *Mascaro, et al. v. TD Bank, Inc.*, No. 10-cv-21117 (S.D. Fla.); *Theresa Molina, et al., v. Intrust Bank, N.A.*, No. 10-cv-3686 (18th Judicial Dist., Dist. Ct. Sedgwick County, Kan.); *Trombley v. National City Bank*, 1:10-cv-00232-JDB (D.D.C.); *Jonathan Jones, et al. v. United Bank and United Bankshares, Inc.*, No. 11-C-50 (Cir. Ct. of Jackson Cty., W. Va.); and *Jane Simpson, et al. v. Citizens Bank, et al.*, No. 2:12-cv-10267 (E.D. Mich.).

Mr. Zavareei also has experience litigating claims under the Privacy Act. Namely, Mr. Zavareei was counsel for Dr. Steven Hatfill, a medical doctor wrongly accused of perpetrating the post-9/11 Anthrax attacks. Mr. Zavareei primarily represented Mr. Hatfill in his defamation case against *Vanity Fair* and *Reader's Digest*. *See* Josh Gerstein, *Hatfill Settles $10M Libel Lawsuit,* N.Y. Sun, February 27, 2007 <http://www.nysun.com/national/hatfill-settles-10m-libel-lawsuit/49333/> ("A statement issued today by a lawyer for Dr. Hatfill, Hassan Zavareei, said the case "has now been resolved to the mutual satisfaction of all the parties."). In connection with his representation of Dr. Hatfill in his defamation case, Mr. Zavareei also assisted counsel of record in the prosecution of Dr. Hatfill's claims against the Department of Justice, the Attorney General, and the FBI. David Willman, *Anthrax subject receives payout*, Los Angeles Times, June 28, 2008 <http://articles.latimes.com/2008/jun/28/nation/na-anthrax28> ("The former Army scientist who was the prime suspect in the deadly 2001 anthrax mailings agreed Friday to take $5.82 million from the government to settle his claim that the Justice Department and the FBI invaded his privacy and ruined his career."). Because of his prior work before this Court, together with his class action and APA experience, Mr. Zavareei is well-suited to serve as Liaison Counsel in this matter.

## **CONCLUSION**

Mr. Siegel and Stueve Siegel Hanson have a proven track record and possess the qualifications, resources, and ability to fulfill an important role as Lead Counsel in these MDL proceedings to bring this litigation to a successful conclusion. Mr. Zavareei likewise is well qualified to serve as Liaison Counsel in this case. For the foregoing reasons, the undersigned counsel respectfully request that this Court approve the designation of Mr. Siegel as Lead Counsel and Mr. Zavareei as Liaison Counsel.

Dated: December 22, 2015                    By: /s/ Norman E. Siegel
                                            Norman E. Siegel (admitted *pro hac vice*)
                                            Barrett J. Vahle
                                            J. Austin Moore
                                            STUEVE SIEGEL HANSON LLP
                                            460 Nichols Road, Suite 200
                                            Kansas City, Missouri 64112
                                            Tel.: 816-714-7100
                                            Fax: 816-714-7101
                                            siegel@stuevesiegel.com
                                            vahle@stuevesiegel.com
                                            moore@stuevesiegel.com

                                            *Counsel for Plaintiff Mary C. Woo*