**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **IN RE: U.S. OFFICE OF PERSONNEL MANAGEMENT DATA SECURITY BREACH LITIGATION** | **MDL No. 2664**<br><br>**Case No. 1:15-mc-01394-ABJ**<br><br>**Hon. Amy Berman Jackson**<br><br>**Electronically Filed** |

**APPLICATION FOR APPOINTMENT OF JOHN YANCHUNIS AS INTERIM LEAD
CLASS COUNSEL OR CO-LEAD CLASS COUNSEL AND INCORPORATED
MEMORANDUM OF LAW**

John A. Yanchunis, of the law firm of Morgan & Morgan Complex Litigation Group,
files this Motion for Appointment as Lead Class Counsel or Co-Lead Class Counsel.  As shown
below, Mr. Yanchunis has extensive experience litigating complex class actions on behalf of
consumers, including data-breach actions like this one, and is committed to advancing this
litigation through to resolution on behalf of the proposed class.  Likewise, Morgan & Morgan
has the experience litigating against the government—including obtaining nearly $1.3 billion
dollars for African American farmers who had been discriminated against in the delivery of
government agricultural programs—and the resources necessary to successfully prosecute this
matter.

### I.      Standard

Mr. Yanchunis seeks appointment as interim lead class counsel pursuant to Rule 23(g)(3),
which allows the Court to "designate interim counsel to act on behalf of a putative class before
determining whether to certify the action as a class action."  FED. R. CIV. P. 23(g)(1).  As the
Committee Notes to the 2003 Amendments to Rule 23 emphasize, designation of interim class
counsel prior to certification is appropriate because:

> [The designation] . . . will usually be important for an attorney to take action to prepare for the certification decision. The amendment to Rule 23(c)(1) recognizes that some discovery is often necessary for that determination. It may also be important to make or respond to motions before certification. Settlement may be discussed before certification.

FED. R. CIV. P. 23 Advisory Committee Notes (2003).

In cases like this, the appointment of interim class counsel clarifies the attorneys' roles and responsibilities, formally designates them to act in the best interests of the proposed class, and assures defense counsel that they are engaged with the correct representatives of the proposed class. *See generally* MANUAL FOR COMPLEX LITIGATION (Fourth) § 21.11 (2005). Appointment of interim class counsel also eliminates any risk that a defendant will try to pit rival class counsel against one another to the possible detriment of the class. Samuel Issacharoff, *Governance and Legitimacy in the Law of Class Actions*, 1999 SUP. CT. REV. 337, 388 (discussing danger of a "race to the bottom").

Although Rule 23(g)(3) does not expressly provide a legal standard for the appointment of interim class counsel, the Rule "applies equally to the appointment of interim class counsel before certification." *Steele v. United States*, Civil Case No. 14-1523, 2015 U.S. Dist. LEXIS 85018, at *7–8, 116 A.F.T.R.2d (RIA) 5022 (D.D.C. June 30, 2015) (Lamberth, J.). Accordingly,

> Rule 23(g) requires the court to consider: (1) the work counsel has done in identifying or investigating potential claims in the action; (2) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (3) counsel's knowledge of the applicable law; and (4) the resources that counsel will commit to representing the class. The court may also consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class."

*Id.* (citations omitted) (quoting Rule 23(g)(1)(B)).   "Where more than one applicant seeks appointment as class counsel, the court must appoint the applicant 'best able to represent the interests of the class.'" *Id.* (quoting Rule 23(g)(2)).

## II.  Mr. Yanchunis's Background And Qualifications

1.  Mr. Yanchunis is counsel of record for Plaintiff, Hector Perez, in the class action filed against Defendants in the United States District Court for the Eastern District of Virginia; the case was aggregated by the JPML and transferred to this Court.

2.  Mr. Yanchunis leads the National Consumer Class Action and False Claims Act sections of Morgan & Morgan's Complex Litigation Group.  Morgan & Morgan is among the largest, if not the largest, exclusively plaintiffs law firms in the United States, employing approximately 300 lawyers and 1,500 support staff who serve consumers in 25 offices in Georgia, Florida, Mississippi, Kentucky, Tennessee, New Jersey and New York.  Morgan & Morgan is comprised of outstanding trial lawyers who have recovered groundbreaking multi-million dollar verdicts, as well as attorneys who have held significant roles in government and public service, including the former Governor of Florida, former members of Congress, and a member of President William J. Clinton's Cabinet.  Morgan and Morgan lawyers have played pivotal roles in shaping class-action jurisprudence across the country.   While Morgan & Morgan's Complex Litigation Group draws its expertise from fifteen attorneys supported by skilled paralegals, retired FBI agents who work in the department as investigators, and state-of-the-art technology, the Group benefits from the vast experience, commitment, and resources of the entire firm.  In particular, one of the Group's four former FBI agents—who was the agent in charge of the FBI's investigation of ENRON and who retired from senior management with the Bureau—leads the investigation team of the Group.  These investigators, who have investigated

cyber-crime during their respective careers in the FBI, are unique assets available to the prosecution efforts of the firm and will play an important role in the factual investigation of this case.

3.      The firm has a vast array of accomplishments in litigation against the federal government, including the recent successful prosecution of a class case in this District against the United States Department of Agriculture, which resulted in a settlement that distributed nearly $1.3 billion dollars to African American farmers who had been subject to discrimination in the delivery of government agricultural programs.  *See In re Black Farmers Discrimination Litigation,* Misc. no. 08-mc-0511(PLF), at Doc. 232 (D.D.C. Oct. 27, 2011).  One of the firm's members served as co-lead counsel in that case.

4.      Mr. Yanchunis's practice—which began after completing a two-year clerkship with United States District Judge Carl O. Bue, Jr., Southern District of Texas—has concentrated on complex litigation and spans over 33 years, including consumer class actions for almost two-thirds of that time.  Mr. Yanchunis has represented consumers in numerous privacy rights and data-breach cases, beginning with *In re DoubleClick Inc. Privacy Litigation*, No. 00-cv-0641-NRB (S.D.N.Y.), a seminal and formative privacy class action that settled in 2002 and involved DoubleClick's use of cookies to track the private activities of internet users.  Mr. Yanchunis also served as co-lead counsel in the successful prosecution and settlement of two of the largest class action cases in the United States:  *Fresco v. Automotive Directions, Inc.*, No. 03-61063-JEM (S.D. Fla.), and *Fresco v. R.L. Polk*, No. 07-cv-60695-JEM (S.D. Fla.).  These cases involved the advocacy for and protection of the important privacy rights of a class comprising over 225 million individuals throughout the United States and its territories.  Mr. Yanchunis's role as co-lead counsel in these cases is particularly noteworthy because they targeted the world's largest

data and information brokers, including Experian, R.L. Polk, Acxiom, and Reed Elsevier (which owns Lexis/Nexis), which were defended by the largest law firms in the country.  These cases successfully protected the privacy rights of consumers.

5.     Mr. Yanchunis also served as co-lead counsel in the successful resolution of the following privacy, non-data-breach class actions:  *Davis v. Bank of America*, No. 05-cv-80806 (S.D. Fla.) ($10 million common fund), *Kehoe v. Fidelity Federal Bank and Trust*, No. 03-cv-80593 (S.D. Fla.) ($50 million common fund), and *Pino v. Warranty Acceptance Corporation*, No. 05-cv-61576 (S.D. Fla.).

6.     In addition, Mr. Yanchunis served as lead counsel in the following data-breach class cases: *Burrows v. Purchasing Power, LLC*, No. 1:12-cv-22800 (S.D. Fla.), *Elyzabeth Ramirez v. ChenMed, LLC*, No. 14-12319-CA-04 (Fla. 11th Cir. Ct.), and *Carsten v. University of Miami*, No. 1:14-cv-20497-KMW (S.D. Fla.), all of which were settled and provided substantial monetary and injunctive relief to class members.

7.     Currently, he serves as co-lead counsel in the MDL case: *In re The Home Depot, Inc. Customer Data Security Data Breach Litigation*, No. 1:14-md-02583-TWT (N.D. Ga.) (consumer class cases), and lead counsel in the following pending privacy and data-breach class litigation involving the loss of medical and financial information: *John Doe v. Tampa General Hospital*, No. 14-CA-012657 (Fla. 13th Cir. Ct.); *Bishop v. Shorter University*, No. ca-4:15-cv-0033-HLM (N.D. Ga.); and *Peralta v. Adventist Health Systems, Sunbelt Healthcare Corp.*, No. 2015-ca-2916 (Fla. 9th Cir. Ct.).

8.     Mr. Yanchunis is a member of the Executive Committee in the data-breach case of *Ortiz v. UCLA Health System*, No. BC589327 (Cal. Sup. Ct. Los Angeles Cnty.), and he is class counsel in *Diaz v. Intuit, Inc.*, No. 5:15-cv-1778-EJD (C.D. Cal.), and *McDowell v. CGI*

*Group, Inc.*, No. 1:15-cv-01157-GK (D.D.C.).  He is also class counsel in data-breach cases against retailers—including *Mary Jane Whalen v. Michael Stores Inc.*, No. 14-cv-07006 (S.D.N.Y.), and *Remijas v. Neiman Marcus Group, LLC*, No. 14-cv-01735 (N.D. Ill.)—and against the federal government in *Welborn et al. v. Internal Revenue Service et al.*, Case No. 15-cv-1352 (D.D.C.), which asserts a claim under the Privacy Act.  In addition, Mr. Yanchunis currently serves on the Executive Committee overseeing the consumer class, the financial institution class, and the shareholder derivative litigation pending against Target Corporation— one of the largest data-breach cases to date—in *In re Target Corporation Customer Data Security Breach Litigation*, MDL No. 2522 (D. Minn.), pending before United States District Judge Paul A. Magnuson.  As a member of the Overall Executive Committee, he also worked on the Executive Committee of the consumer class case and assisted in its prosecution and negotiation of a class settlement.  This settlement, which recently received final court approval, provides a $10 million non-reversionary fund for distribution to consumers and important equitable relief to protect consumers' privacy rights.

9.      As a result of Mr. Yanchunis's extensive experience in privacy and data-breach litigation, he has lectured at seminars regarding privacy litigation over the years.  Last year, for example, he spoke at the American Conference Institute's 9th Cyber & Data Risk Insurance Conference (New York, NY).  This year he spoke at the following seminars on privacy issues: Harris Martin's Data Breach Litigation Conference: The Coming of Age (March 25, 2015, San Diego, CA); Practicing Law Institute's 20th Annual Consumer Financial Services Institute (April 6–7, 2015, New York, NY; and again on April 27–28, 2015, Chicago, IL); and the NetDiligence Cyber Risk & Privacy Liability Forum: State of Privacy Litigation (October 6, 2015, Santa Monica, CA).

10.     For 2016, Mr. Yanchunis is thus far scheduled to lecture on data security and privacy at the following seminars:  Data Breach & Privacy Litigation Conference (Feb. 11, 2016, San Francisco, CA); Consumer Class Actions: Emerging Areas of Litigation, Practical Insights and Recent Developments (May 5, 2016, San Juan, PR); and NetDiligence Cyber Risk & Privacy Liability (June 7, 2016, Philadelphia, PA).

11.     In addition, Mr. Yanchunis has presented or spoken at numerous seminars on class action topics over the years.

12.     Alongside his experience in the area of privacy, Mr. Yanchunis has also served as lead, co-lead, and class counsel in numerous national class actions, including multi-district litigation, involving a wide range of subjects affecting consumers, including antitrust, defective products, life insurance, annuities, and deceptive and unfair acts and practices.

13.     As a result of his experience in insurance and complex litigation, beginning in 2005, Mr. Yanchunis was selected by Tom Gallagher, the Chief Financial Officer for the state of Florida and a member of the Florida Cabinet, to serve as lead counsel for the Florida Department of Financial Services and the Florida Department of Insurance Regulation (the insurance regulators of Florida) in their investigation of the insurance industry on issues concerning possible antitrust activity and other possible unlawful activities regarding the payment of undisclosed compensation to insurance brokers.  Mr. Yanchunis served as lead regulator counsel and worked with a core group of state Attorneys General from the National Association of Attorneys General, which were selected to conduct the investigations.  The insurance regulator for Florida was the only insurance regulator in the group.  The litigation that was filed based on this and related investigations netted millions of dollars in restitution for Florida consumers and

resulted in significant changes in the way commercial insurance is sold in Florida and across the country.

14.     During his career, Mr. Yanchunis has tried numerous cases in state and federal courts, including one of the largest and longest insurance coverage cases in U.S. history, which was filed in 1991 by the Celotex Corporation and its subsidiary, Carey Canada, Inc.  During the seventeen years the case pended, Mr. Yanchunis served as lead counsel for several insurance companies, regarding coverage for asbestos and environmental claims.  The case was tried in three phases over several years beginning in 1992.  Mr. Yanchunis was also lead counsel for these parties in the subsequent appeals which followed a judgment in favor of his clients.

15.     Through his experience in numerous leadership positons in class cases, Mr. Yanchunis has exhibited the ability to work cooperatively with others, including both co-counsel and opposing counsel.  As the Court can see from his resume, which is attached, Mr. Yanchunis is well regarded in the state of Florida as a lawyer, as reflected by his election to and service on the Florida Board of Governors (the governing body of the Florida Bar), a member of the Florida Bar Foundation, and by his appointment by the Supreme Court of Florida to serve as a member of the Board of Directors of the Florida Board of Bar Examiners.  Although he completed his five-year appointment on the Board of Bar Examiners, he continues to serve as an Emeritus Member on character and fitness panels and as an arbiter in final hearings.  Mr. Yanchunis has also served on many committees of the Florida Bar, including leadership positons.  Most recently, he completed a term as the Chair of the Consumer Protection Committee of the Florida Bar.  Mr. Yanchunis has also represented the Florida Bar in a number of matters.  As result of his experience in the area of class litigation and ethics, he has served as an expert for the Florida Bar on ethical issues arising in class action litigation.

16.     Mr. Yanchunis is currently a member in good standing of the Florida Bar, and of all the bars to which he has been admitted, including the United States Supreme Court, the United States Court of Appeals for the Fifth, Sixth, Seventh, Ninth, and Eleventh Circuits, and the United States District Courts of the Southern District of Texas, Northern District of Texas, Eastern District of Wisconsin, Western District of Wisconsin, Western District of Tennessee, Middle District of Florida, Southern District of Florida, Eastern District of Michigan, and Northern District of Illinois.

17.     Mr. Yanchunis and his law firm are fully and unequivocally committed to this action.  Morgan & Morgan has the necessary financial resources and legal experience to equalize the playing field in pursuit of justice for its clients, and to prosecute this action to a successful conclusion.  The firm and Mr. Yanchunis intend to dedicate substantial resources to this action. The attorneys of Morgan & Morgan's Complex Litigation Group have extensive experience in national class action, mass tort, and False Claims Act litigation, and have played an integral role in litigating data-breach class actions nationwide.   This cumulative knowledge, skill, and experience are necessary to effectively and efficiently litigate this matter.   The formidable resources of Morgan & Morgan, combined with Mr. Yanchunis's pledge of time and energy, his proven track record for working professionally and collaboratively with his peers, and his substantial privacy and data-breach litigation experience, will allow him to ably serve, personally and actively, as Lead Class Counsel or Co-Lead Class Counsel in this action.

18.     Moreover, based on Gary Mason's vast experience in litigating complex cases and, specifically, data-breach cases and litigation under the Privacy Act, along with the substantial and exemplary work he has already done in this matter, Mr. Yanchunis requests the Court maintain Mr. Mason in the role of Liaison Counsel.

WHEREFORE, based on the above, Mr. Yanchunis respectfully requests that this Court approve the undersigned as Interim Lead Class Counsel or as Co-Lead Class Counsel.  Should Mr. Yanchunis not be chosen as Lead or Co-Lead counsel, he respectfully requests to be considered for appointment to the Steering Committee, on which he would gladly and diligently serve.

Dated: December 22, 2015.

Respectfully submitted,

*/s/ John A. Yanchunis*
JOHN A. YANCHUNIS, ESQ.
Florida Bar No. 324681
jyanchunis@forthepeople.com
MARCIO W. VALLADARES
Florida Bar No. 0986917
mvalladares@forthepeople.com
PATRICK A. BARTHLE II
Florida Bar No. 0099286
pbarthle@forthepeople.com
**MORGAN & MORGAN**
**COMPLEX LITIGATION GROUP**
201 N. Franklin Street, 7th Floor
Tampa, Florida 33602
Telephone: (813) 223-5505
Facsimile: (813) 223-5402

## **CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing was filed using this Court's CM/ECF service, which will send notification of such filing to all counsel of record on December 22, 2015.


/s/ *John A. Yanchunis*
John A. Yanchunis