**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| IN RE: U.S. OFFICE OF PERSONNEL MANAGEMENT DATA SECURITY BREACH LITIGATION | ) | |
| | ) | Misc. Action No. 15-1394 (ABJ) |
| This Document Relates to: ALL CASES | ) | MDL Docket No. 2664 |

**PLAINTIFF GARY COX'S APPLICATION FOR APPOINTMENT OF FEDERMAN & SHERWOOD TO PLAINTIFFS' STEERING COMMITTEE AND BRIEF IN SUPPORT**

COMES NOW Plaintiff Gary Cox, *Cox v. United States Office of Personnel Management, et al*, Case No. 15-1930, and pursuant to Fed. R. Civ. P. 23(g) and *Order*, filed 12/15/2015, Dkt. No. 19, moves the Court for an order appointing FEDERMAN & SHERWOOD, (William B. Federman and Carin L. Marcussen), (hereinafter, "Movant"), counsel for him and others, to the Plaintiffs' Steering Committee.

## BRIEF IN SUPPORT

### I. INTRODUCTION

The United States Office of Personnel Management ("OPM") is an independent government agency responsible for the collection, storage and management of a wide variety of sensitive federal employee personnel information, including job applications, background checks and security clearance. The information is stored and managed by OPM using a variety of software and database systems. In April 2015, OPM detected a cybersecurity incident affecting the personal information of approximately 4 million current and former federal applicants and employees. OPM began notifying persons affected by the breach in June 2015. Information compromised included names, Social Security numbers, dates and places of birth and current and former addresses. Additionally, testimony given at the June 2015 Hearing Before the House

Committee on Oversight and Gov't. Reform, 114th Congress, revealed that a "background investigations incident" had also occurred, affecting an unknown number of completed Standard Form 86's (Questionnaire for National Security Positions) as well as clearance adjudication information.

Under the Federal Information Security Management Act (FISMA), 44 U.S.C. § 3541 et. seq., OPM is responsible for developing, implementing and maintaining adequate information security protections as well as ensuring that agency officials take steps to reduce the risk of unauthorized use of information in the agency's protection. In this regard the OPM has failed. Due to a lack of multifactor authentication requirements on the software systems, hackers were able use a malware "phishing" scheme to obtain valid OPM user credentials, such as names and passwords. This information was then used to access software systems from within and potentially even from outside the network.

Because of the inadequate security measures implemented by OPM, millions of current, former and prospective federal employees and government contractors, as well as their relatives, friends and associates, have had their personal information compromised. The federal employees and applicants submitted this sensitive information based on assurances from the government that it would be safeguarded from unauthorized disclosure. Plaintiff Cox and numerous others brought suit against OPM, asserting various claims arising from the data security breach. Those cases have been consolidated and transferred to this Court by the Judicial Panel on Multi-District Litigation.

## II. ARGUMENT AND AUTHORITIES

Federal Rule of Civil Procedure 23(g) authorizes courts to "designate interim counsel to act on behalf of a putative class before determining whether to certify the actions as a class

action." FED. R. CIV. P. 23(g)(3). The designation of interim counsel "clarifies responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement." *Manual for Complex Litig.* § 21.11 (4th ed. 2004). Courts appointing interim class counsel consider the following factors: (1) the work counsel has done in identifying or investigating potential claims in the action; (2) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (3) counsel's knowledge of the applicable law; and (4) the resources counsel will commit to representing the class. FED. R. CIV. P. 23(g)(1)(A). Courts may also consider "any other matter pertinent to counsels' ability to fairly and adequately represent the interests of the class." FED. R. CIV. P. 23(g)(1)(B). During the Initial Scheduling and Case Management Conference on December 15, 2015, this Court requested that those attorneys seeking leadership positions in the case submit a brief summary of their experience handling class action and multi-district litigation ("MDL"), data breach cases, and cases against the government, including any experience with the Privacy Act and/or Administrative Procedures Act ("APA").

**A. The Work that Movant Has Done in Identifying, Investigating, or Prosecuting Potential Claims in the Action**

Before filing suit, Movant investigated the underlying conduct and researched the potential legal claims. Using this information and drawing upon its extensive background in technology based litigation, including data breach litigation, Movant filed suit on behalf of Plaintiff Cox, who is ready, willing and able to serve as a named plaintiff/class representative in this action and supports Movant's appointment to Plaintiffs' Steering Committee.[1] Movant, however, has continued gathering information from other current and former government

[1] An affidavit from Mr. Cox is attached hereto as Exhibit "1."

employees and contractors who were affected by the data security breach so that they are prepared to include additional named plaintiffs/class representatives in the consolidated/amended complaint, when one is filed, if it is determined that the inclusion of multiple plaintiffs would be in the best interest of the proposed class.

### B. Knowledge and Experience Prosecuting Complex Litigation, Including MDLs and Class Actions

Movant has extensive experience in litigating complex consumer protection and privacy cases, has achieved significant relief for class members through settlement and trial, and has served in leadership positions in many consumer protection and privacy class actions throughout the country.[2] Movant has offices centrally located in Oklahoma City, Oklahoma and Dallas, Texas. Movant has a national practice that handles consumer class actions, securities, business, product liability actions and other complex litigation. Movant has had leadership roles in MDL cases and has been appointed lead counsel or co-lead counsel in over 60 class actions (consumer and financial matters) and shareholder derivative actions, working with a multitude of law firms from all over the country in nearly every case.[3] Movant has extensive experience in the developing area of data breach cases, and in fact is a member of the Plaintiffs' Steering Committee in a data breach case against The Home Depot, Inc. ("Home Depot"), currently pending in the Northern District of Georgia, which requires it to be actively involved in all aspects of that litigation. Movant also has experience with litigating cases involving the government, *Oklahoma v. Tyson Foods, Inc.*, 262 F.R.D. 617 (N.D. Okla. 2009), and numerous *qui tam* actions. Movant has experience trying complex cases, including class actions. Additionally, among its other accomplishments, in the past year, Movant, acting as lead counsel

---

[2] A firm resume is attached hereto as Exhibit "2."

[3] A select list of cases where Movant has served or is serving as lead or co-lead counsel is attached hereto as Exhibit "3."

for the plaintiff classes, briefed, argued and won major victories before the Fifth and Tenth Circuit Courts of Appeal. *See Spitzberg v. Houston American Energy Corp.*, 758 F.3d 676 (5th Cir. 2014); *Nakkhumpun v. Taylor*, 782 F.3d 1142 (10th Cir. 2015).

William B. Federman has practiced law for over 33 years and has extensive experience litigating and trying complex cases and class actions.[4] Prior to founding FEDERMAN & SHERWOOD, Mr. Federman was a co-founder and managing director of DAY, EDWARDS, FEDERMAN, PROPESTER & CHRISTENSEN, PC, an Oklahoma City firm that merged three law firms together to create a 28-lawyer law firm that focused on serving the financial community and insurance companies and that received a top rating by A.M. Best. Mr. Federman has received the *Martindale-Hubbell* peer review rating of AV Preeminent for both ethical standards and legal ability. He has served on the Oklahoma County Bar Ethics Committee and has been honored as a featured speaker at many bar events, including the American Bar Association, the Houston Bar Association, and the Oklahoma Bar Association. Mr. Federman has served as Lead or Co-Lead for Plaintiffs and/or on the Plaintiffs' Steering/Executive Committee for many consumer class actions, which most recently includes, among others:

- *In re Farmers Insurance*, a MDL transferred to the Western District of Oklahoma, challenging Farmers' use of credit scores for setting premiums, that eventually settled for over $20 million for the class;
- *Home Depot*, a MDL pending in the Northern District of Georgia, involving a data breach case causing the loss of consumers' private information in a data breach;
- *Dakota Growers*, a class action in the District Court of Minnesota that was litigated in coordination with a later-filed, similar action in New Jersey, alleging the defendant

[4] Mr. Federman's certificate of good standing is attached hereto as Exhibit "4."

mislabeled its products, which resulted in settlement and payments to a class consisting of approximately 144,000 members; and

- *In re General Motors Piston Slap Products Liability Litigation*, a MDL transferred to the Western District of Oklahoma.

Carin L. Marcussen will be working closely with Mr. Federman in litigating this case.[5] Ms. Marcussen has more than 12 years of experience in civil litigation on behalf of individuals as well as plaintiff classes. Ms. Marcussen has worked on behalf of the plaintiff class in such notable cases as *Sikes v. Farmers*, a class action in Oklahoma state court challenging Farmers' use of a computer software program, Colossus, to adjust first-party injury claims[6], *Hensley v. Computer Sciences Corporation*, a class action in Arkansas state court against software companies and insurers alleging a conspiracy to deprive first-party insureds of policy benefits[7], and *Burgess v. Farmers*, a class action in Oklahoma state court asserting that the insurer was systematically under-paying homeowners' claims[8]. Ms. Marcussen has been recognized by her peers and the judiciary for professional excellence. She has been consistently honored as a "Rising Star" by *Oklahoma Super Lawyers* magazine, and serves on the Oklahoma Bar Association's Civil Procedure and Evidence Code Committee, and its Disaster Relief Committee.

---

[5] Ms. Marcussen's certificate of good standing is attached hereto as Exhibit "5."

[6] This case resulted in a settlement that included injunctive relief and supplemental payments to class members of over $20 million.

[7] This case resulted in a settlement for injunctions against the defendants, and supplemental payments to class members of over $300 million.

[8] This case resulted in a $130 million jury verdict against the defendants.

Mr. Federman and Ms. Marcussen will be supported by additional attorneys and staff at FEDERMAN & SHERWOOD, all of whom have experience and training in complex and class action litigation.[9]

**C. Willingness to Commit the Necessary Time and Resources to Prosecute the Litigation in a Timely Manner and Commitment to Limit Fees**

Movant routinely advances the costs of litigation and has demonstrated an ability and willingness to dedicate substantial resources to vigorously prosecute the claims of proposed class members. Movant is prepared to commit the resources necessary to prosecute this case to a successful conclusion. If appointed, Movant will commit to limiting attorney fees to twenty percent (20%) of the common fund, which is on the lower end of the twenty to thirty percent benchmark common in this Circuit. *See e.g. Trombley v. Nat'l City Bank,* 826 F. Supp. 2d 179 (D.D.C. 2011). Alternatively, if the Court prefers a lodestar approach, Movant will commit to the following rates:

Attorney, 20 plus years - $600 per hour

Attorney, 10-20 years, $450 per hour

Attorney, 5-10 years, $400 per hour

Attorney 0-5 years, $350 per hour

Paralegal, $150 per hour

These rates are less than Movant's usual and customary rates for this type of litigation.

**D. Willingness and Ability to Work Cooperatively with Others**

In nearly every class case in which the Movant has been involved, it has had to and did work successfully with other plaintiff firms. This is important because considering the size and nature of this case, multiple plaintiffs firms will need to be involved. Whether the Court chooses

[9] *See* Exhibit "2."

to appoint one or multiple firms as Interim Liaison Counsel, Lead Counsel and/or a Steering Committee, Movant will work cooperatively with other plaintiffs' counsel to efficiently and effectively prosecute this case to achieve a favorable result for the Class. Movant has also demonstrated an ability to work professionally and civilly with opposing counsel. Movant can and will work as zealous advocates for the Class while remaining civil and professional.

**E. Who We Represent**

This case should be driven by the plaintiffs – not lawyers. Early identification of a lead or named plaintiffs to oversee the case will assist in efficient administration of the case. Plaintiff Cox is an ideal lead/named plaintiff. He was employed by the federal government between 1993 and 1999 when he worked a Chief of Staff for a U.S. Representative.[10] He has received a letter from OPM, notifying him that he was affected by the security breach.[11] He is not and was not a member of a union.[12] Plaintiff Cox is willing and able to pursue this action against OPM on behalf of himself and the Class.[13] He has stayed abreast of developments in the litigation, is educated and is willing to supervise the litigation and the attorneys.[14] Plaintiff Cox can and will travel to Washington, D.C. as necessary, for Court appearances.[15] Movant also represent other persons affected by the data breach, including current and former federal employees and contractors, who are willing and able to serve as class representatives, if needed.

---

[10] Exhibit "1," ¶3.

[11] *Id.* at ¶5.

[12] *Id.* at ¶ 3.

[13] *Id.*at ¶8.

[14] *Id.* at ¶7.

[15] *Id.* at ¶8.

## III. CONCLUSION

WHEREFORE, for the reasons set forth herein, Plaintiff Cox requests an order of the court appointing FEDERMAN & SHERWOOD to Plaintiffs' Steering Committee.

DATED: December 22, 2015

Respectfully submitted,

FEDERMAN & SHERWOOD

*/s/ William B. Federman*

William B. Federman, Esq.
wbf@federmanlaw.com
Carin L. Marcussen, Esq.
clm@federmanlaw.com
10205 N. Pennsylvania Ave.
Oklahoma City, OK 73120
Telephone: (405) 235-1560
Facsimile: (405) 239-2112
-and-
2926 Maple Ave., Ste. 200
Dallas, TX 75201
Telephone: (214) 696-1100
Facsimile: (214) 740-0112

*Attorney for Plaintiff Cox, et al*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 22, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will automatically transmit a copy to registered CM/ECF users listed on the Notice of Electronic Filing.

*/s/ William B. Federman*