UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

IN RE: U.S. OFFICE OF PERSONNEL
MANAGEMENT DATA SECURITY
BREACH LITIGATION

This Document Relates To:

ALL CASES

Misc. Action No. 15-1394 (ABJ)
MDL Docket No. 2664

**APPLICATION FOR APPOINTMENT OF GIRARD GIBBS LLP
AS INTERIM LEAD CLASS COUNSEL**

**TABLE OF CONTENTS**

I.   INTRODUCTION ............................................................................................................. 1

II.  LEGAL STANDARD ...................................................................................................... 3

III. ARGUMENT ................................................................................................................... 4

    A.   Girard Gibbs Has Excelled in a Range of Legal Settings. ..................................... 4

    B.   Girard Gibbs Possesses and Will Apply the Resources Necessary to
        Effectively Prosecute These Claims. ..................................................................... 11

    C.   Girard Gibbs Led the Investigation and Filing of These Claims. ......................... 13

    D.   Girard Gibbs Will Efficiently Manage the Progress of this MDL. ....................... 14

IV.  CONCLUSION ............................................................................................................... 15

Pursuant to the Court's Order [Dkt. # 19] and Federal Rule of Civil Procedure 23(g), Girard Gibbs LLP respectfully submits this application for appointment as interim lead class counsel ("lead counsel"). As described below, Girard Gibbs has the resources, experience and relationship skills—with clients and other counsel—that qualify it to best serve as lead counsel.

**I.   INTRODUCTION**

Starting in June 2015, the U.S. Office of Personnel Management ("OPM") began a series of announcements that culminated in OPM conceding that a data breach had compromised the personnel files of at least 21.5 million individuals, including at least 19.7 million current, former, and prospective federal employees and contractors, as well as the fingerprint data of up to 5.6 million individuals. Sixteen lawsuits were filed, all but one of which were proposed class actions. They were assigned to this Court for coordinated pretrial proceedings under 28 U.S.C. § 1407. In its December 15, 2015 order [Dkt. # 19], this Court directed applicants for the position of plaintiffs' liaison or lead counsel to move for appointment. Pursuant to that order, Plaintiffs American Federation of Government Employees, AFL-CIO ("AFGE"), Adam Dale, and Robert Crawford move for appointment of Girard Gibbs LLP as lead counsel.

On June 29, 2015, Girard Gibbs filed a class action complaint on behalf of AFGE, the country's largest federal employee union, one former federal worker, Adam Dale, and one current federal worker, Robert Crawford.[1] The complaint asserted claims against OPM, two OPM officials, and a private company, Keypoint Government Solutions, Inc., for violations of the Privacy Act of 1974, violations of the Administrative Procedure Act, and negligence

---

[1] Mr. Dale and Mr. Crawford have been informed that their personal information was compromised, and Mr. Dale has already sustained resulting monetary harm: he paid for identity theft protection services after learning of the breach.

based upon their failure to properly safeguard sensitive personal information as required by law.  After the AFGE lawsuit was assigned to this Court, other plaintiffs affected by the OPM breach filed additional complaints, across nine federal jurisdictions, largely adopting the legal claims brought in the AFGE complaint.

On July 29, 2015, OPM filed a motion with the Judicial Panel on Multidistrict Litigation to centralize and transfer the related cases to this Court for pretrial proceedings.  Plaintiffs Dale, Crawford, and AFGE filed a memorandum with the Panel supporting centralization and transfer to this Court, and Daniel Girard appeared before the Panel to advocate the same.  On October 9, 2015, the Panel approved the centralization and transfer to this Court of the cases arising out of the OPM breach.  [Dkt. # 1, 5.]

Girard Gibbs is well situated and qualified to act as lead counsel in these proceedings. Girard Gibbs developed the legal theories that were adopted by later-filed class cases.  Girard Gibbs has been in communication with hundreds of government employees who have sought information and advice in the wake of the breach.  In addition to taking the lead in briefing and arguing in support of centralization in this Court, Girard Gibbs actively coordinated among counsel to develop common positions in advance of the December 15, 2015 initial conference. [Dkt. # 15].  Girard Gibbs prepared the first draft of the joint statement in advance of the conference.  Girard Gibbs is committed to applying its full resources to the litigation.

Daniel Girard, the lead attorney for the AFGE plaintiffs, has over 25 years of experience in class action litigation. He has served as the lead attorney in class actions arising under a wide range of substantive laws.  He is experienced in litigating against governmental defendants.  In the past few years, his firm has served as lead counsel or as a member of the leadership team in a number of important privacy cases, including several of the most prominent data breach actions.

Mr. Girard has previously worked successfully with many of the attorneys in the later-filed cases and he and his team worked collegially with counsel in preparing for the initial conference. He has assembled a team of attorneys in this case who are well qualified to perform the tasks that will need to be carried out to move this litigation forward.

## II.     LEGAL STANDARD

The Federal Rules authorize the Court to "designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3). The framework for appointing class counsel under Rule 23(g)(1) and (2) applies to the appointment of interim class counsel under Rule 23(g)(3), the subject of this application. *See, e.g.*, *Steele v. United States*, No. 14-1523, 2015 WL 4121607, at *3 (D.D.C. June 30, 2015) (stating that "Rule 23(g), which outlines the factors a court must consider when appointing class counsel, applies equally to the appointment of interim class counsel before certification."); *see also In re Air Cargo Shipping Servs. Antitrust Litig.*, 240 F.R.D. 56, 57 (E.D.N.Y. 2006). Therefore, in deciding whom to appoint as interim lead class counsel here, the Court should consider the following factors:

1. the work counsel has done in identifying or investigating potential claims in the action;

2. counsel's experience in handling class actions, other complex litigation, and the type of claims asserted in the action;

3. counsel's knowledge of the applicable law; and

4. the resources that counsel will commit to representing the class.

Fed. R. Civ. P. 23(g)(1)(A). The Court may also "consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B).

3

**III.   ARGUMENT**

While important to the affected individuals, this is a one-off case. It depends on a relatively novel application of the Privacy Act and the Administrative Procedures Act to an unprecedented intrusion by unknown third parties into computer systems maintained by an agency of the United States government. Not only are the actors who perpetrated the breach unknown, their motives and the uses to which they have or will put the stolen information also remain unknown and may never be known. The information acquired by the hackers is extremely sensitive, but even if plaintiffs win the case there are limits to the relief the Court can order. This Court urged the parties, in its Initial Practice and Procedure Order and again at the initial status conference, to consider creative approaches to this litigation, including potentially early mediation.

Girard Gibbs has a track record of finding creative solutions in complex and challenging cases. As shown below, the firm has secured favorable results in a variety of cases, involving almost every conceivable underlying substantive law. The firm's lead attorney in this case has first-hand experience in leading class actions in such diverse areas as investment fraud, school desegregation, consumer protection, predatory lending, vehicle defects, and telecommunications. He is also experienced in litigation against governmental defendants. Girard Gibbs' experience, actions to date, and working relationships with counsel qualify the firm to lead this litigation.

**A.   Girard Gibbs Has Excelled in a Range of Legal Settings.**

Founded in 1995, Girard Gibbs is distinguished as a Tier 1 law firm for class action litigation in the 2013-2015 "Best Law Firms" lists, an annual survey published in *U.S. News & World Report*. The *National Law Journal* named Girard Gibbs to its "Plaintiffs' Hot List," a selection of top plaintiffs' firms recognized for high-profile victories. Many of Girard Gibbs'

4

attorneys, including founder and managing partner Daniel Girard, have been honored as "Super Lawyers" and "Rising Stars." The firm has repeatedly been appointed to leadership positions by federal and state courts in a variety of substantive legal contexts.

Girard Gibbs' firm resume, attached as Exhibit A to Daniel Girard's declaration, describes many of the firm's successes. The summaries below are representative examples of the types of cases in which the firm has served, or currently serves, in a leadership position.

- *In re Lehman Brothers Holdings Securities & ERISA Litigation*, No. 09-MD-2017 (S.D.N.Y.). Mr. Girard was appointed as a member of the executive committee charged with managing MDL proceedings arising out of the collapse of Lehman Brothers Holdings, Inc., the largest bankruptcy in American history. Girard Gibbs also served as class counsel for a certified class of retail investors in Lehman-issued principal protection notes sold by UBS Financial Services, Inc. The *Lehman* litigation yielded recoveries of $735 million.

- *Billitteri v. Securities America, Inc.*, No. 3:09-cv-01568-F (N.D. Tex.). Girard Gibbs, acting as lead counsel for a class of investors, coordinated settlement talks among defendants and hundreds of private arbitration claimants, resulting in a recovery of $150 million that returned approximately 40% of the net losses suffered by class members. In approving this settlement, U.S. District Judge Royal Furgeson said, "Class counsel in this case possess great competence and experience, and the result reached in this case perfectly exemplifies their abilities. The Court has been extremely impressed with the conduct, skill, and accomplishment of class counsel throughout this litigation." No. 3:09-CV-01568-F, 2011 WL 3585983, at *8 (N.D. Tex. Aug. 4, 2011).

- *In re Adobe Systems, Inc. Privacy Litigation*, No. 5:13-cv-05226-LHK (N.D. Cal.). Girard Gibbs led the prosecution of this consolidated litigation on behalf of consumers harmed by a 2013 data breach at Adobe Systems. U.S. District Judge Lucy H. Koh denied Adobe's motion to dismiss for lack of Article III standing. 66 F. Supp. 3d 1197 (N.D. Cal. 2014). Before this decision, many data breach defendants had won dismissals on standing grounds under *Clapper v. Amnesty International USA*, 133 S. Ct. 1138 (2013), an argument Defendants have said they intend to make in this case. [Dkt. # 15 at 6-7, 11.] Judge Koh ruled that *Clapper* did not change existing standing jurisprudence and that data breach victims who have yet to suffer identity theft remain at sufficient risk of harm to make their claims justiciable. The Seventh Circuit, in *Remijas v. Neiman Marcus Group, LLC*, 794 F.3d 688, 693-94 (7th Cir. 2015), and multiple district courts have followed the *Adobe* ruling. Following discovery in *Adobe*, Girard Gibbs negotiated an individual settlement that required Adobe to make significant changes to its security measures without the need for class certification procedures or class member releases.

- *Corona v. Sony Pictures Entertainment, Inc.*, No. 2:14-cv-09600-RGK (C.D. Cal.). Girard Gibbs serves as co-lead counsel for current and former Sony Pictures Entertainment employees whose sensitive personal and financial information was compromised and publicly disclosed as a result of a hacking incident reportedly perpetrated by North Korea. In June 2015, the court largely denied Sony's motion to dismiss, relying in part on *Adobe* to hold that the plaintiffs had standing to sue. 2015 WL 3916744, at *2 (C.D. Cal. June 15, 2015). Girard Gibbs played a leadership role in negotiating a class settlement that recently won preliminary approval and provides

a non-reversionary settlement fund and other substantial benefits like extended identity theft protection services.

- *Paeste v. Government of Guam*, No. 1:11-cv-00008 (D. Guam).  As co-lead counsel with a Guam-based firm, Girard Gibbs obtained a permanent injunction against the Government of Guam requiring the timely payment of income tax refunds.  The Ninth Circuit recently affirmed, rejecting Guam's sovereign immunity and subject matter jurisdiction arguments.  *Paeste v. Government of Guam*, 798 F.3d 1228, 1234 (9th Cir. 2015).

- *In re H&R Block Express IRA Litigation*, MDL No. 1786 (W.D. Mo.).  Girard Gibbs served as co-lead counsel with Stueve Siegel Hanson LLP in this MDL involving H&R Block's marketing and sale of its "Express IRA" investment products.  The firms negotiated a coordinated settlement with the New York Attorney General that provided class members with more than $19 million in cash (resulting in a full recovery for consumers) and non-cash benefits entitling Express IRA holders to convert their investments to alternative IRAs with lower fees.

- *In re Peregrine Financial Group Customer Litigation*, No. 1:12-cv-5546 (N.D. Ill.).  Mr. Girard served as co-lead counsel for futures and commodities investors who lost millions of dollars in the collapse of Peregrine.  The litigation generated recoveries of more than $75 million from U.S. Bank and JPMorgan Chase.

- *In re TFT-LCD (Flat Panel) Antitrust Litigation*, No. M07-1827 SI (N.D. Cal.).  Girard Gibbs represented purchasers of LCD screens as liaison counsel in an antitrust class action against a sprawling East Asian price-fixing cartel.  Total settlements achieved for direct purchasers exceeded $470 million.

- *Mitchell v. American Fair Credit Association*, No. 785811-2 (Cal. Super. Ct., Alameda Cty.); *Mitchell v. Bankfirst, N.A.*, No. C-97-1421-MMC (N.D. Cal.). Girard Gibbs served as class counsel in cases brought on behalf of California residents who became members of the American Fair Credit Association (AFCA) and alleged that AFCA operated an illegal credit repair scheme. The firm obtained settlements valued at over $40 million and injunctive relief that included the deletion of adverse credit notations. Approximately 160 class members sent unsolicited letters to the court supporting the settlement.

- *In re Chase Bank USA, N.A. "Check Loan" Contract Litigation*, No. 3:09-md-2032 (N.D. Cal.). Girard Gibbs served as a member of the leadership team in this MDL. Following certification of a nationwide class of one million cardholders whose loan terms were changed by Chase Bank, the firm helped to negotiate a $100 million settlement eight weeks before trial.

- *Ho v. San Francisco Unified School District*, No. 3:94-cv-02418 (N.D. Cal.). Girard Gibbs represented a certified class of San Francisco public school students of Chinese descent in a civil rights action to terminate ethnic and racial quotas imposed under a desegregation consent decree. On the first day of trial, the parties announced a settlement under which the San Francisco Unified School District agreed to abandon its quota system and mandatory ethnic self-identification in public school registration. The settlement allowed the district to retain desegregation funding for several more years.

Girard Gibbs has also been at the forefront of civil litigation on behalf of consumers whose privacy rights were invaded. In addition to the *Adobe* and *Sony Pictures Entertainment*

cases noted above, Girard Gibbs currently leads several data privacy cases and has brought others to a favorable resolution.

- *In re Yahoo! Mail Litigation*, No. 5:13-cv-4980-LHK (N.D. Cal.). Girard Gibbs serves as co-lead counsel for a class of non-Yahoo Mail subscribers who allege that Yahoo illegally intercepts their e-mails to Yahoo Mail subscribers, extracting and using the content in violation of state and federal data privacy laws. The court granted the plaintiffs' motion for class certification, 308 F.R.D. 577 (N.D. Cal. 2015), and following cross-motions for summary judgment the parties announced a settlement to be submitted to the Court in early 2016.

- *In re Target Corp. Customer Data Security Breach Litigation*, No. 0:14-md-02522-PAM (D. Minn.). Girard Gibbs serves on a plaintiffs' MDL steering committee representing consumers whose personal and financial information was compromised in a breach of Target's point-of-sale systems in late 2013. After the plaintiffs defeated Target's motion to dismiss, *see* 66 F. Supp. 3d 1154 (D. Minn. 2014), the parties agreed to a class settlement that has been approved by the MDL court. The settlement requires changes to Target's information security practices and will provide class members with cash recoveries under a simplified claim procedure. Girard Gibbs participated in various aspects of the case, including settlement negotiations.

- *In re Anthem, Inc. Customer Data Security Breach Litigation*, No. 15-md-02617-LHK (N.D. Cal.). Girard Gibbs is one of two law firms appointed by U.S. District Court Judge Lucy H. Koh in September 2015 to a plaintiffs' steering committee in this MDL arising out of a major breach of Anthem's database of insured individuals.

- *In re Lenovo Adware Litigation*, No. 15-md-02624 (N.D. Cal.). In the *Lenovo* MDL, Girard Gibbs serves as interim co-lead counsel representing computer purchasers whose online activities were surreptitiously monitored by pre-installed software.

- *In re The Home Depot, Inc. Customer Data Security Breach Litigation*, No. 1:14-md-02583-TWT (N.D. Ga.). U.S. District Judge Thomas W. Thrash, Jr., appointed Girard Gibbs to the plaintiffs' executive committee in this MDL involving a breach of Home Depot customers' credit and debit card information.

- *In re Sony BMG CD Technologies Litigation*, No. 1:05-cv-09575-NRB (S.D.N.Y.): Girard Gibbs served as co-lead counsel for a class of consumers who alleged that Sony BMG incorporated "Digital Rights Management" software into its music CDs rendering the consumers' computers vulnerable to viruses and spyware. The firm negotiated a settlement requiring Sony BMG to promptly recall all affected CDs and provide "clean" CDs in exchange.

- *Whitaker v. Health Net of California, Inc.*, No. 2:11-cv-00910-KJM-DAD (E.D. Cal.), and *Shurtleff v. Health Net of California, Inc.*, No. 34-2012-00121600-CU-CL (Cal. Super. Ct., Sacramento Cty.). Girard Gibbs served as co-lead counsel in this patient privacy case alleging that Health Net negligently lost personal medical information of 2.2 million individuals in a 2011 data breach. The court approved a settlement providing class members with credit monitoring, establishing a $2 million fund to reimburse the affected patients, and requiring material upgrades to and monitoring of Health Net's data security protocols.

- *Smith v. Regents of the University of California, San Francisco*, No. RG-08-410004 (Cal. Super. Ct., Alameda Cty.). Girard Gibbs represented a patient who alleged that

UCSF's disclosure of its patients' medical data to outside vendors violated California medical privacy law. The firm negotiated improvements to UCSF's privacy procedures on behalf of a certified class. In approving a stipulated permanent injunction that prohibited UCSF from engaging in the challenged conduct and required UCSF to institute updated privacy procedures and training, the court found that the case "achieved a substantial benefit to the entire class and the public at large."

- *In re Countrywide Financial Corp. Customer Data Security Breach Litigation*, No. 3:08-MD-01988 (W.D. Ky.). Girard Gibbs served on the executive committee on behalf of a class of millions of actual and potential customers of Countrywide whose personal information was stolen by a former employee and then sold to other mortgage lenders. The class settlement approved by the court provided up to three years of free credit monitoring, reimbursement of out-of-pocket expenses incurred by class members as a consequence of the theft, and up to $50,000 per class member.

B.  **Girard Gibbs Possesses and Will Apply the Resources Necessary to Effectively Prosecute These Claims.**

The best predictor of the time and resources an attorney or law firm will devote to a case is what they have delivered in the past. Girard Gibbs LLP has 26 attorneys, all of whom represent plaintiffs in complex litigation, as well as a full team of non-lawyer professionals. In each case handled by the firm, including those discussed above, our attorneys have always matched the resource commitment and focus of the opposition, no matter how intense and long-lasting the litigation. *See, e.g.*, *Sugarman v. Ducati N. Am., Inc.*, No. 5:10-cv-05246, 2012 WL 113361, at *6 (N.D. Cal. Jan. 12, 2012) ("The Court recognizes that class counsel assumed substantial risks and burdens in this litigation."); *In re Mercedes-Benz Tele Aid Contract Litig.*, MDL No. 1914, 2011 WL 4020862, at *4 (D.N.J. Sept. 9, 2011) (recognizing that the case

"involved years of difficult and hard-fought litigation by able counsel on both sides"); *Skold v. Intel Corp.*, No. 1-05-cv-039231 (Cal. Super. Ct., Santa Clara Cty.) ("It is abundantly clear that Class Counsel invested an incredible amount of time and costs in a case which lasted approximately 10 years with no guarantee that they would prevail. . . . Simply put, Class Counsel earned their fees in this case."). As set forth above, Girard Gibbs has achieved many successful outcomes in class actions and other complex cases and possesses the resources to serve as lead counsel in this case.

Girard Gibbs will dedicate all necessary resources to pursue the best interests of the plaintiffs and the proposed class. The team of attorneys will be led by Daniel Girard. Mr. Girard has a proven record of high-level advocacy and service to federal courts. Mr. Girard was named in *The Best Lawyers in America* (2012-2015) for his work in class action litigation, has been consistently honored as a *Northern California Super Lawyer* (2007-2015), and has earned the further distinction of being included among the "Top 100 Super Lawyers" in Northern California. Mr. Girard receives Martindale Hubbell's highest rating ("AV-Preeminent").

Chief Justice Roberts appointed Mr. Girard to the Standing Committee on Rules of Practice and Procedure, effective October 1, 2015. Mr. Girard served on the United States Judicial Conference Advisory Committee on Civil Rules from 2004 to 2010. He has served since 2008 on the advisory board of the Institute for the Advancement of the American Legal System.

Mr. Girard is a member of the American Law Institute and participates in the Members Consultative Group for the Principles of the Law, Data Privacy project. The project aims to create a set of Fair Information Practice Principles that will bring greater order and consistency to privacy law while providing helpful guidance to courts and legislatures.

Jordan Elias, senior counsel at Girard Gibbs, is a graduate of Yale College and Stanford Law School and a former law clerk to the late Judge Cynthia Holcomb Hall of the Ninth Circuit. Mr. Elias has represented class plaintiffs in a broad range of practice areas for many years. For example, in the wake of the 2008 financial crisis, he worked to hold accountable the nation's largest banks for their deceptive practices to reap billions of dollars in overdraft fees from the poorest segment of their customer base, helping to persuade the MDL court to reject the banks' federal preemption defense. *See In re Checking Account Overdraft Litig.*, 694 F. Supp. 2d 1302 (S.D. Fla. 2010). Mr. Elias has had notable successes with appeals on behalf of consumers, including in *Pavoni v. Chrysler Grp,. LLC*, 789 F.3d 1095 (9th Cir. 2015), *In re Cipro Cases I & II*, 61 Cal. 4th 116 (2015), and *Sullivan v. DB Invs., Inc.*, 667 F.3d 273 (3d Cir. 2011). A former chief arbitrator for attorney-client fee disputes for the San Francisco Bar Association, Mr. Elias was honored as a *Northern California Super Lawyer* in 2014 and 2015.

Associate Linh Vuong is experienced in prosecuting class actions involving privacy, employment, and consumer fraud claims. She has worked on several major data breach cases, such as *Corona v. Sony Pictures Entertainment, Inc.*, No. 2:14-cv-09600-RGK (C.D. Cal.), *In re Target Corp. Customer Data Security Breach Litigation*, No. 0:14-md-02522-PAM (D. Minn.), and *In re The Home Depot, Inc. Customer Data Security Breach Litigation*, No. 1:14-md-02583-TWT (N.D. Ga.).

    **C.**    **Girard Gibbs Led the Investigation and Filing of These Claims.**

Girard Gibbs filed suit on behalf of the AFGE, Adam Dale, and Robert Crawford on June 29, 2015.[2] Over the past six months, professionals at Girard Gibbs interviewed and corresponded with over 450 federal employees and job applicants who contacted the firm

---

[2] The Court's comments at the initial conference concerning application of Rule 8 to the consolidated complaint have been noted and will be implemented.

concerning the breach and their legal rights. The firm surveyed a sampling of AFGE members to determine how they have been affected by the breach. Girard Gibbs has also monitored actions taken by Defendants to mitigate the impact of the breach. And Girard Gibbs kept interested members of the Class informed about the OPM breach and the ensuing lawsuits. In addition to regular communications with representatives of AFGE and with Messrs. Dale and Crawford, Girard Gibbs attorneys accepted an invitation to participate in a meeting with the National Association of Active and Retired Federal Employees to report on this litigation. The firm's attorneys have also coordinated with attorneys for other groups of concerned federal employees.

### D. Girard Gibbs Will Efficiently Manage the Progress of this MDL.

Appointment of multiple counsel to leadership positions in this case could discourage creativity. As discussed at the December 15 initial status conference, appointing one firm to serve as lead counsel will ensure decisive, efficient leadership of this matter. At the same time, Girard Gibbs has a history of working closely with many of the other plaintiffs' firms involved in this case, often in a co-leadership position, and is fully prepared do so again here.[3]

Mr. Girard has managed numerous MDL and class action cases and is committed to working productively and efficiently with other plaintiffs' counsel in this litigation, as well as with defense counsel. Girard Gibbs has already worked hand-in-hand with several law firms in this proceeding and has demonstrated that it will collaborate with all counsel to further the interests of the proposed Class.

---

[3] At the December 15 hearing, the Court indicated that it would deliberate on the appointment of a single lead class counsel because this case involves unique issues relating to governmental immunity and the Administrative Procedure Act, issues that are not typical in large data-breach cases. Girard Gibbs has experience with these areas of the law as well as with class action and data privacy issues. Should this Court select Girard Gibbs as lead counsel, Girard Gibbs will work with other attorneys to ensure that these issues—as well as the myriad other matters that will arise—are best addressed using all available resources.

## IV. CONCLUSION

The AFGE plaintiffs respectfully request that the Court appoint Girard Gibbs LLP to serve as interim lead class counsel.

DATED: December 22, 2015

Respectfully submitted,

**GIRARD GIBBS LLP**

By: /s/ *Daniel C. Girard*

Daniel C. Girard
Jordan Elias
Linh G. Vuong
601 California Street, 14th Floor
San Francisco, California 94108
Telephone: (415) 981-4800
Facsimile:  (415) 981-4846
E-mails: dcg@girardgibbs.com
         je@girardgibbs.com
         lgv@girardgibbs.com

*Attorneys for Plaintiffs American Federal of Government Employees, AFL-CIO, Adam Dale, and Robert Crawford*