**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| IN RE: U.S. OFFICE OF PERSONNEL MANAGEMENT DATA SECURITY BREACH LITIGATION | ) ) ) ) ) ) | Misc. Action No. 15-1394 (ABJ) MDL Docket No. 2664 |
| This Document Related To: ALL CASES | ) ) ) ) ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES OF PLAINTIFF**
**RYAN BONNER IN SUPPORT OF APPLICATION FOR APPOINTMENT OF**
**INTERIM CO-LEAD CLASS COUNSEL AND INTERIM LIAISON CLASS COUNSEL**

Edward W. Ciolko*
eciolko@ktmc.com
KESSLER TOPAZ
 MELTZER & CHECK LLP
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 822-0242
Facsimile: (610) 667-7056

David H. Thompson (Bar No. 450503)
dthompson@cooperkirk.com
COOPER & KIRK, PLLC
1523 New Hampshire Avenue, N.W.
Washington, D.C. 20036
Telephone: (202) 220-9600
Facsimile: (202) 220-9601

*Admission Pending

# **<u>TABLE OF CONTENTS</u>**

I.     INTRODUCTION ........................................................................................................1

II.    FACTUAL BACKGROUND ......................................................................................3

III.   ARGUMENT .............................................................................................................5

      A.    The Appointment Of Interim Co-Lead Class Counsel Is Appropriate. ...............5

      B.    Given Their Collective Experience, Cooper & Kirk And Kessler Topaz
            Are Best Suited for the Roles of Interim Co-Lead Class Counsel......................5

            1.    Cooper & Kirk and Kessler Topaz have demonstrated a
                  commitment to investigating and advancing the class's claims. .............6

            2.    Cooper & Kirk and Kessler Topaz have extensive experience
                  litigating complex class actions, including data breach cases and
                  matters against the federal government, and have unparalleled
                  knowledge of the applicable law................................................................8

            3.    Cooper & Kirk and Kessler Topaz Are Fully Prepared to Commit
                  Significant Resources to This Lawsuit. ...................................................19

            4.    Cooper & Kirk and Kessler Topaz Will Fairly and Adequately
                  Represent the Interests of the Class Plaintiffs.........................................21

      C.    The Court Should Appoint David H. Thompson As Interim Liaison Class
            Counsel. ............................................................................................................21

IV.   CONCLUSION.........................................................................................................22

Plaintiff Ryan Bonner, individually and on behalf of all others similarly situated, respectfully submits this memorandum of points and authorities in support of his application for the appointment of Cooper & Kirk, PLLC ("Cooper & Kirk") and Kessler Topaz Meltzer & Check, LLP ("Kessler Topaz"), as Interim Co-Lead Class Counsel and David H. Thompson, of Cooper & Kirk, as Interim Liaison Class Counsel in the above-captioned consolidated action, pursuant to Federal Rule of Civil Procedure 23(g)(3) (the "Application").  Plaintiff submits this Application pursuant to the Court's December 15, 2015 Order directing all applications for interim leadership be filed by December 22, 2015.  *See* Order (Dec. 15, 2015), ECF No. 19.

## I.      INTRODUCTION

Given the unique nature of this lawsuit – a data breach of the federal government, which exposed personal and sensitive information of millions of individuals, including the fingerprints of 5.6 million and the social security numbers, residency information and health, criminal and financial history of 21.5 million – the firms charged with representing the class must be knowledgeable in several areas of law.  *See* FED. R. CIV. P. 23(g).

Initially, as this is a lawsuit against a governmental agency, lead counsel must be able to address threshold matters that typically arise in suits against the federal government, such as questions of subject matter jurisdiction.  Likewise, lead counsel must possess relevant expertise under the Administrative Procedure Act ("APA") and be well-versed in the application of the distinct standards of review applicable to final agency action.  Lead counsel should also be familiar with the Privacy Act and be prepared to respond to any assertions of governmental privileges that are made during the discovery phase of this litigation.  Lastly, lead counsel must be experienced in data breach law and must be prepared and well equipped to manage this complex, multidistrict litigation.  *See* Status Conference Hr'g Tr. 32, Dec. 15, 2015 ("Hr'g Tr.") (noting the importance of "MDL and data breach" and "Privacy Act and APA experience").

Plaintiff's Application proposes counsel with the exact experience required to aggressively represent the class and highlighted by the Court during the December 15, 2015 Conference.  In particular, Cooper & Kirk has extensive experience litigating against the federal government and under the APA.  This experience includes *Fairholme Funds, Inc. v. FHFA*, No. 14-cv-5254 (D.C. Cir.), an action brought under the APA with tens of billions of dollars at stake, where Cooper & Kirk has litigated questions of standing and the plaintiffs' ability to sue the federal government, among other things – many of the very same issues that will be central to this case. Cooper & Kirk also litigated *Community Fin. Servs. Ass'n v. FDIC*, No. 14-cv-935 (D.D.C.), which asserts APA claims and has involved litigating threshold jurisdictional issues such as standing.

Meanwhile, Kessler Topaz – one of the largest class action law firms in the United States with nearly 100 attorneys – exclusively handles class actions and other complex litigation and has recovered billions of dollars on behalf of plaintiffs.  Particularly relevant here, Kessler Topaz has substantial knowledge regarding data breach litigation, having successfully served on the national executive committee representing financial institutions in the historic 2013 data breach of Target Corp. ("Target"), which involved the disclosure of approximately 70 million customers' data and 40 million credit or debit cards.  At that time, the Target data breach was characterized as the largest retail data breach in the history of the United States.[1]  Notably, Kessler Topaz was integral to defeating Target's motion to dismiss, which permitted plaintiffs to proceed with claims for negligence and violations of the Minnesota data breach statute.  *See In re Target Corp. Customer Data Sec. Breach Litig*., 64 F. Supp. 3d 1304, 1314 (D. Minn. 2014).  The class represented by Kessler Topaz was subsequently certified in what is believed to be the ***first*** class certification order

---

[1] *See Target's Data Breach: The Largest Retail Hack in U.S. History*, Bloomberg Business, available at http://www.bloomberg.com/infographics/2014-05-14/target-data-breach.html  (last visited December 22, 2015).

of its kind.  *See In re Target Corp. Customer Data Sec. Breach Litig.*, 309 F.R.D. 482, 490 (D. Minn. 2015) (certifying class and appointing Kessler Topaz, *et al.*, as class counsel).  Target recently settled the class's claims for $39 million, which is believed to be the largest data breach class action settlement ever achieved for a class of financial institutions.  *See In re Target Corp. Customer Data Sec. Breach Litig.*, No. 14-md-02522 (D. Minn.), ECF No. 656 (preliminarily approving $39 million settlement).  Given this pertinent experience – litigating against the government and under the APA and litigating complex, multidistrict actions, including landmark data breach cases – Cooper & Kirk and Kessler Topaz are ideally suited for the roles of Interim Co-Lead Class Counsel, as they will provide the class with precisely the type of representation highlighted by the Court and relevant to the analysis under Rule 23(g).

## II.    FACTUAL BACKGROUND

This action arises from "the most devastating cybersecurity attack in [American] history,"[2] comprising two separate cyber-security breaches into the OPM's computer record system and the theft of millions of personnel records, each containing personal identification information and other sensitive personal information of Plaintiff and Class members (the "OPM Breach")— including millions of current, former, and prospective employees and contractors of the federal government and certain of their family members and other close contacts.

Plaintiff Ryan Bonner, on behalf of himself and all others similarly situated, filed a class action lawsuit on October 2, 2015, alleging violations of the Privacy Act, violations of the Administrative Procedure Act, and negligence. Plaintiff seeks, among other things, damages, equitable, injunctive, and declaratory relief and other relief as may be appropriate, including credit

---

[2] *Information Technology Spending and Data Security at the Office of Personnel Management*: *Hearing Before the Subcomm. on Fin. Servs. and Gen. Gov't of the S. Comm. on Appropriations*, 114th Cong. (2015) (statement of Sen. Boozman, Member, S. Comm. on Appropriations).

monitoring and identity theft protection, and an injunction requiring the United States government to re-issue, free of charge, any government-issued identification compromised by the OPM breach, such as Social Security numbers, passports, naturalization numbers, military service numbers, and visas. A number of other plaintiffs brought actions asserting similar claims in different courts, and on October 9, 2015, the Judicial Panel on Multi District Litigation ("JPML") issued an order centralizing the actions before this Court. *See In re: U.S. Office of Personnel Management Data Security Breach Litig.*, MDL No. 2664, 2015 WL 6044952, at *2 (J.P.M.L. Oct. 9, 2015).

The Court held a status conference on December 15, 2015, to discuss, among other things, the appointment of interim lead and liaison class counsel. The Court did not, at that time, indicate a specific and final preference in terms of the number of lead counsel, noting only that it "would probably press for [a] lean model[,]" but also emphasizing the importance of certain, specific experience: "MDL and data breach … but also Privacy Act and APA experience." Hr'g Tr. 32; *see also* Hr'g Tr. 20, 24, 27, 31-32. As set forth below, this Application addresses each of the Court's concerns as well as the relevant analysis under Rule 23(g). Appointing two lead counsel (with one also serving as both co-lead and liaison counsel) is both lean and efficient. Cooper & Kirk and Kessler Topaz, together, have the exact experience identified by the Court – substantial MDL and data breach experience along with expertise litigating against the federal government and under the APA – and an unmatched depth of financial and professional resources available to commit to the full and expeditious prosecution of this action.

## III.    ARGUMENT

### A.    The Appointment Of Interim Co-Lead Class Counsel Is Appropriate.

Rule 23(g)(3) of the Federal Rules of Civil Procedure authorizes the Court to "designate

interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." FED. R. CIV. P. 23(g)(3); *see also Steele v. United States*, No. 14-cv-1523, 2015 WL 4121607, at *3 (D.D.C. June 30, 2015). "The designation of interim class counsel is especially encouraged in cases where," as here, "there are multiple, overlapping class actions that require extensive pretrial coordination." *Deangelis v. Corzine*, 286 F.R.D. 220, 223 (S.D.N.Y. 2012) (ellipsis omitted) (citation omitted).

The "court will be required to create a management structure for the plaintiffs' … side of the case," with '[t]he complexity of that structure [to] turn on the size of the litigation." NEWBERG ON CLASS ACTIONS § 10:9 (5th ed.). Here, given myriad parties and suits involved and given the unique and varied legal issues that will be presented, the Court should appoint experienced lead counsel that are capable of managing this case's complexity. Accordingly, Plaintiff proposes the appointment of two lead firms – Cooper & Kirk and Kessler Topaz, each bringing to bear a distinct set of expertise.

> **B.    Given Their Collective Experience, Cooper & Kirk And Kessler Topaz Are Best Suited for the Roles of Interim Co-Lead Class Counsel.**

"Rule 23(g), which outlines the factors a court must consider when appointing class counsel, applies equally to the appointment of interim class counsel before certification." *Steele*, 2015 WL 4121607, at *3 (citing *In re Shop–Vac Mktg. & Sales Practices Litig.*, No. 12–md–2380, 2013 WL 183855, at *1 (M.D. Pa. Jan. 17, 2013)) (collecting cases). The Rule "requires the court to consider: (1) the work counsel has done in identifying or investigating potential claims in the action; (2) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (3) counsel's knowledge of the applicable law; and (4) the resources that counsel will commit to representing the class." *Id.* (citing FED. R. CIV. P. 23(g)(1)(A)). "The court may also consider 'any other matter pertinent to counsel's ability to fairly

and adequately represent the interests of the class.'" *Id.* (quoting FED. R. CIV. P. 23(g)(1)(B)). Where more applicants seek appointment than are required for the conduct of the action, the court must appoint the applicants "best able to represent the interests of the class.'" *Id.* (quoting FED. R. CIV. P. 23(g)(2)). Cooper & Kirk, which has a wealth of experience litigating complex matters with the federal government, including matters under the APA, and Kessler Topaz, which has extensive experience in complex multidistrict litigation, including landmark data breach litigation, are ideally suited for the roles of Interim Co-Lead Class Counsel.[3]

> **1.     Cooper & Kirk and Kessler Topaz ave demonstrated a commitment to investigating and advancing the class's claims.**

Although this litigation remains in its early stages, Cooper & Kirk and Kessler Topaz have already conducted an extensive amount of work investigating, identifying, and defining the claims available to class members. The 51-page Complaint filed by Plaintiff is the fruit of the considerable efforts of Cooper & Kirk and Kessler Topaz, to collect and analyze information regarding the OPM Breach. Cooper & Kirk and Kessler Topaz are confident that each count asserted in the Complaint sets forth a legally valid and factually supported ground for relief based upon that breach.

Since the filing of their Complaint, Cooper & Kirk and Kessler Topaz have continued to play an active role, working with Interim Liaison Counsel and other plaintiffs' counsel to comply with the Court's Initial Practice and Procedure Order (ECF No. 8) and to negotiate and draft the Joint Status Report (ECF No. 15). Cooper & Kirk and Kessler Topaz, after consultation with Interim Liaison Counsel and other plaintiffs' counsel, have also engaged defense counsel regarding

---

[3] Plaintiff submits that the "lean" structure proposed herein is appropriate, however as the Court recognized, Hr'g Tr. 33, other firms may very likely be asked to contribute, either informally or as part of a steering committee, once the parties begin full discovery, expert work, etc., and Cooper & Kirk and Kessler Topaz would welcome such participation.

communications that have been sent by the Office of Personnel Management to class members offering them "credit monitoring, identity monitoring, identity theft insurance and identity restoration services for the next three years through ID Experts."  In particular, Cooper & Kirk and Kessler Topaz have sought to ensure that Defendants are not attempting to utilize this offer to limit or alter the rights of class members in this litigation or otherwise.  *See* Email correspondence from E. Ciolko to J. Theis, among others, attached hereto as Exhibit 1; *see also* Hr'g Tr. 55-56.[4]  As such, the first Rule 23(g)(1)(A) factor weighs in favor of appointing Cooper & Kirk and Kessler Topaz as an Interim Co-Lead Class Counsel.

> **2.    Cooper & Kirk and Kessler Topaz have extensive experience litigating complex class actions, including data breach cases and matters against the federal government, and have unparalleled knowledge of the applicable law.**

The second and third Rule 23(g)(1)(A) factors—counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action, and counsel's knowledge of the applicable law—further demonstrate that Cooper & Kirk and Kessler Topaz are

---

[4] Cooper & Kirk and Kessler Topaz have previously worked together to negotiate the clarification of similar communications or "offers" from defendants to class members, notably in *In re: Volkswagen "Clean Diesel" Cases*, No. 1:15-cv-1218 (E.D. Va.).  In that case, Defendant Volkswagen Group of America, Inc. was sending offers of a "Goodwill" Program to class members.  Cooper & Kirk and Kessler Topaz (appointed as interim co-lead counsel for the cases consolidated in the E.D. Va., prior to the JPML transfer) obtained, through several rounds of negotiation, written confirmation from Volkswagen that a class member's participation in the "Goodwill" Program would not limit their rights or remedies, including specifically that the "Goodwill" Program would not be used as a "set-off" against any amount received in the litigation by plaintiffs or the class (a clearer statement than that obtained in consolidated Volkswagen actions pending in different districts).

well qualified to serve as interim lead class counsel in this litigation. *See* MOORE'S FEDERAL PRACTICE § 23.120(3)(b)-(c) ("Courts will consider both counsel's experience in other cases [and] knowledge of the applicable law").

### Cooper & Kirk, PLLC

As noted by the Court, experience litigating against the government and, in particular, experience with the APA and the Privacy Act will be highly relevant to this case. *See* Hr'g Tr. 32. Cooper & Kirk brings just this experience to the table and thus is an ideal choice for Interim Co-Lead Counsel. [5]

David H. Thompson, of Cooper & Kirk, is one of the lead attorneys involved in this litigation, and Mr. Thompson's experience strongly supports Cooper & Kirk's appointment. Mr. Thompson has been a leading attorney in an APA suit challenging the Government's taking of private property during its conservatorship of Fannie Mae and Freddie Mac that is now pending before the Court of Federal Claims. *Fairholme Funds, Inc. v. United States*, No. 13-cv-465 (Fed. Cl.). He has also been one of the principal attorneys in the litigation now pending in the D.C. Circuit that challenges actions by the Federal Housing Finance Agency and the Department of Treasury under the APA and on numerous other grounds. *Fairholme Funds, Inc. v. FHFA*, No. 14-cv-5254 (D.C. Cir.). Both cases have raised questions of standing, the plaintiffs' ability to sue the federal government, and the reviewability of agency action by the courts. The litigation in the Court of Federal Claims has also involved the contestation of numerous assertions of the deliberative process privilege, the bank examination privilege, and the presidential communications privilege.

---

[5] A true and correct copy of Cooper & Kirk's firm résumé is attached as Exhibit 2.

Mr. Thompson and Cooper & Kirk also supervise the day-to-day management of *Community Fin. Servs. Ass'n v. FDIC*, No.14-cv-935 (D.D.C), a lawsuit that is now pending in this district that challenges government efforts to coerce banks to close the accounts of customers of whom government regulators do not approve.  Mr. Thompson successfully navigated the plaintiffs' lawsuit through the government's multifarious and varied challenges to the court's subject matter jurisdiction, ranging from Article III injury, causation, redressability, and associational standing, to prudential standing, mootness, and statutory preclusion.  The lawsuit will now proceed through discovery, a process in which plaintiffs must again respond to governmental assertions of privilege and other efforts by the government to limit the scope of discovery.

Also highly relevant to this lawsuit, Cooper & Kirk has an extraordinary record of success in litigation against the federal government.  THE LEGAL TIMES has described the firm as "the top choice for plaintiffs who want to sue the federal government," and the WASHINGTON TIMES has recognized the firm's "acclaimed constitutional practice."  Cooper & Kirk's extensive experience includes litigating disputes involving federal administrative agencies.  The agencies the firm's attorneys have experience with include: Centers for Medicare and Medicaid Services, Customs Bureau, Department of Agriculture, Department of Justice, Department of Transportation, Department of the Treasury, Drug Enforcement Agency, Equal Employment Opportunity Commission, Federal Communications Commission, Federal Deposit Insurance Corporation, Federal Election Commission, Federal Housing Finance Agency, Federal Trade Commission and Department of Energy.

Cooper & Kirk attorneys have a lengthy track record of bringing challenges to government action, with many victories at both the trial and appellate levels, including victories before the United States Supreme Court.  Representative cases include:

- *Winstar Cases* (Ct. Fed. Cl.). Charles J. Cooper, Cooper & Kirk's founding partner, successfully argued *United States v. Winstar Corp.*, 518 U.S. 839 (1996).  *Winstar* held that the federal government was liable for the damages caused by the Congressional decision to change accounting rules that had induced healthy financial institutions to take over failing thrifts in the 1980s.  The case raised several issues unique to litigation against the federal government, and the case and its progeny had far-reaching implications for the government's responsibility to honor its contracts, regardless of subsequent changes in policy or law.  Cooper & Kirk has represented numerous financial institutions in cases flowing from the *Winstar* decision, and the firm's clients have been awarded hundreds of millions of dollars in damages.

- *Clinton v. City of New York*, 524 U.S. 417 (1998). We represented New York City in its challenge to the constitutionality of the Line Item Veto Act. Mr. Cooper argued the case in the Supreme Court, which held that the Act violated the Presentment Clause of the Constitution.  In reaching this holding the Court rejected numerous threshold jurisdictional arguments raised by the federal government.

- *General Dynamics Corp. v. United States*, 563 U.S. 478 (2011). Cooper & Kirk represented Boeing in a dispute with the Department of Defense over the government's default termination of a $4.8 billion contract to build a carrier-based stealth attack plane for the Navy. The firm successfully persuaded the Supreme Court to throw out a ruling sustaining the default termination that could have forced Boeing and General Dynamics to pay nearly $3 billion to the government.  The key issue in the case involved the government's invocation of the state secrets privilege.

- *Fairholme Funds, Inc. v. United States*, No. 13-cv-465 (Fed. Cl.); *Fairholme Funds, Inc. v. FHFA*, No. 14-cv-5254 (D.C. Cir.). The firm is representing Fairholme Funds and a number of insurance companies challenging the validity of the federal government's decision to sweep all of Fannie Mae's and Freddie Mac's profits to the Department of the Treasury. The suits challenge the government's arrogation of 100% of the companies' profits for itself in contravention of FHFA's and Treasury's statutory authority, binding contractual commitments, and the takings clause of the Fifth Amendment.  The lead claims in the case pending before the D.C. Circuit were brought pursuant to the Administrative Procedure Act.

- *Shell Oil Co. v. United States*, 751 F.3d 1282 (Fed. Cir. 2014). Cooper & Kirk is representing Shell Oil Company, Atlantic Richfield Company, Texaco, Inc. and Union Oil Company of California in a major contract dispute with the United States government seeking compensation for environmental remediation costs incurred as a result of performance of World War II contracts for the federal government. The

Federal Circuit held that the United States was liable for breach of contract and remanded to the Court of Federal Claims for further proceedings on the issue of damages.

- *Wedgewood Village Pharmacy v. DEA*, 509 F.3d 541 (D.C. Cir. 2007). The firm successfully represented Wedgewood Village Pharmacy in its petition for appellate review of a DEA order revoking its registration and denying its petition for reconsideration. The court of appeals held that the DEA's revocation of the pharmacy's registration was arbitrary and capricious.

- *United States v. Ford Motor Co.*, 463 F.3d 1267 (Fed. Cir. 2006). The firm represented Ford Motor Company in a dispute with the Customs Bureau over alleged fraud and negligence in the importation of motor vehicle engines and transmissions. The court of appeals barred the Custom Bureau's attempt to impose $5.3 million in additional duties against Ford.

- *Ford Motor Co. v. United States*, 378 F.3d 1314 (Fed. Cir. 2004). Cooper & Kirk successfully represented Ford Motor Company in a breach of contract suit against the United States arising from a World War II contract for B-24 Liberator bombers. Ford sought to recover the environmental cleanup costs incurred as part of the cost-plus-a-fixed-fee contract. The Federal Circuit reversed the trial court and ruled in favor of Ford.

- *Nuclear Energy Institute, Inc. v. EPA*, 373 F.3d 1251 (D.C. Cir. 2004). We represented the State of Nevada, Clark County, Nevada, and the City of Las Vegas in several related lawsuits challenging the constitutional and statutory validity of actions of the federal government that seek to designate Yucca Mountain, Nevada as the site for the Nation's repository for the disposal of spent nuclear fuel and high-level radioactive waste. These lawsuits raised issues concerning the government's compliance with the Constitution's federalism protections and with the Nuclear Waste Policy Act of 1982, as amended, the Energy Policy Act of 1992, the Atomic Energy Act, and related statutes and regulations.

- *Clark v. United States*, 322 F.3d 1358 (Fed. Cir. 2003). The firm represented a putative class of National Guardsmen who were improperly denied compensation for correspondence courses they were required to complete. The Court of Federal Claims dismissed the case, but the Federal Circuit reversed and reinstated the claims.

- *Satellite Broad. & Commc'ns Ass'n v. FCC*, 275 F.3d 337 (4th Cir. 2001). We represented the SBCA and member companies Echostar Communications Corp. and DirectTV, Inc. in a First Amendment challenge to the must-carry provisions of the Satellite Home Viewer Improvement Act of 1999, requiring satellite television carriers to carry all television stations in a local market if they chose to carry one station in that market.

- *Community Fin. Servs. Ass'n v. FDIC*, No. 14-cv-935 (D.D.C.). The firm is representing the CFSA in a suit challenging the legality of Operation Choke Point under the APA and the due process clause. The suit alleges that the banking regulators have adopted a sweeping and amorphous conception of "reputational risk" that is unauthorized by statute and was adopted without notice and comment.  The suit is now proceeding through discovery.

- *Space Exploration Techs. Corp. v. United States*, No. 14-cv-354C (Fed. Cl.).  Cooper & Kirk successfully represented United Launch Alliance in a bid protest that challenged its multi-billion dollar, five-year contract with the Air Force to launch national security satellites.

- *Harbinger Capital Partners, LLC v. United States*, No. 14-cv-597 (Fed. Cl.). The firm represented Harbinger in a multibillion dollar breach of contract case against the United States government. Harbinger invested billions of dollars building out a nationwide cellular network in reliance upon its contract with the government. After this investment was made, Congress passed a law forbidding Harbinger from utilizing its newly constructed network.

- *St. Bernard Parish v. United States*, No. 05-cv-1119 (Fed. Cl.). Cooper & Kirk is representing public and private real property owners in a large proposed class action against the United States alleging that the U.S. Army Corps of Engineers' construction, operation, maintenance, and dredging of the 76-mile long navigational channel connecting the Gulf of Mexico and the Port of New Orleans caused severe flooding on their properties during Hurricanes Katrina and Rita for which the Fifth Amendment requires just compensation.

- *Matter of the Boeing Company* (GAO 2008). The firm successfully challenged the Department of Defense's award of a contract to replace the United States' aging fleet of aerial refueling tankers to a competing bidder.  On rebid, Boeing won the contract which was worth tens of billions of dollars to the client.

Cooper & Kirk also has experience with the Privacy Act.  Michael Weitzner, one of the firm's attorneys, has represented individuals and companies in Privacy Act claims against the federal government.  He also has advised a state agency on compliance with state and federal privacy laws, including the Privacy Act.  Further, a number of Cooper & Kirk attorneys have experience serving in the federal government, where they routinely handled sensitive matters implicating national security.  The firm's founding partner, Charles J. Cooper, served as Assistant Attorney General for the Office of Legal Counsel, and in that role he provided legal opinions and

informal advice to the White House, the Attorney General, and Executive Branch Departments and Agencies on issues covering the full spectrum of international, constitutional, statutory, and regulatory law. Howard C. Nielson, Jr., another of the firm's partners, served as Counsel to the Attorney General, in which capacity he advised the Attorney General on a variety of legal matters and supervised high profile litigation relating to national security and other departmental priorities. And, another Cooper & Kirk partner, Peter A. Patterson, joined the firm after serving in the White House Counsel's Office as Associate Counsel to the President.

Finally, the firm has a proven ability to litigate matters involving often complex technical and technological matters that implicate matters of state secrecy and national security. As mentioned above, Cooper & Kirk represented the Boeing Corporation in its successful challenge to the Department of Defense's award of a contract to replace the United States' aging fleet of aerial refueling tankers to a competing bidder. *Matter of the Boeing Company* (GAO 2008). The firm also successfully represented the United Launch Alliance in a bid protest that challenged its multi-billion dollar, five-year contract with the United States Air Force to launch national security satellites. *Space Exploration Techs. Corp. v. United States*, No. 14-cv-354C (Fed. Cl.).  Finally, the firm represented Harbinger Capital Partners in a breach of contract case against the United States government involving actions by Congress and federal agencies forbidding Harbinger from utilizing its newly constructed cellular satellite network. *Harbinger Capital Partners, LLC v. United States*, No. 14-597 (Fed. Cl.).

### **Kessler Topaz Meltzer & Check, LLP**

Complementing Cooper & Kirk's expertise litigating against the government and under the APA, Kessler Topaz brings substantial experience litigating multidistrict and other complex matters, including one of the largest data breaches in United States history.  Kessler Topaz employs

nearly 100 attorneys who focus exclusively on prosecuting large, complex class action lawsuits.[6] The firm has litigated hundreds of class action lawsuits across every federal circuit in the United States and is well-versed in all aspects of class litigation—from initial pleading and motion practice through extensive discovery (including complex issues relating to ESI and expert discovery), class certification, trial or alternative resolution methods, and appeals.

Kessler Topaz represents a wide variety of plaintiffs asserting data privacy claims, claims under federal statutes (including the Employee Retirement Income Security Act of 1974 ("ERISA"), the Sherman Antitrust Act, 15 U.S.C. § 1 (the "Sherman Act"), the Real Estate Settlement Procedures Act ("RESPA"), the Fair Labor Standards Act ("FLSA") and the Securities Act of 1933 and the Securities Exchange Act of 1934), state statutes (including data-breach statutes such as the Minnesota Plastic Card Security Act ("PCSA") and state consumer protection statutes), and common law.  Kessler Topaz is dedicated to zealously advocating on behalf of its clients and has demonstrated its ability and willingness to commit substantial time and resources to achieve successful results on behalf of the classes it represents.

Kessler Topaz has significant experience litigating data breach cases – experience which will be critical in this matter.  In particular, Kessler Topaz currently serves as class counsel in *In re: Target Corp. Customer Data Security Breach Litig.*, MDL No. 14-md-2522 (D. Minn.) [7] and represents financial institutions that issued credit and debit cards that were compromised by the historic 2013 breach of Target's servers.  Kessler Topaz is a core member of the legal team that has successfully advanced the financial institution plaintiffs' claims against Target.  In that

---

[6] A true and correct copy of Kessler Topaz's firm résumé is attached as Exhibit 3.

[7] A true and correct copy of the court's order appointing Kessler Topaz to the Executive Committee is attached hereto as Exhibit 4; *see also In re Target Corp. Customer Data Sec. Breach Litig.*, 309 F.R.D. at 490 (appointing Kessler Topaz, *et al*., as class counsel).

litigation, Kessler Topaz helped defeat Target's motion to dismiss, which allowed the class to pursue claims for negligence and violations under the PCSA. *See In re Target Corp. Customer Data Sec. Breach Litig.*, 64 F. Supp. 3d at 1314. The motion to dismiss opinion was the first ever to interpret the scope of a defendant's liability for a data breach under the PCSA. *See id.* Thereafter, Kessler Topaz played a central role in certifying a nationwide class under Federal Rule of Civil Procedure 23(b)(3)—the ***first*** known nationwide certification of a class of card-issuing financial institutions in a data breach action. *See In re Target Corp. Customer Data Sec. Breach Litig.*, 309 F.R.D. at 490. With the evidence adduced in discovery, Kessler Topaz presented expert and legal analysis establishing that plaintiffs' negligence and PCSA claims were capable of class-wide proof. *See id.* On the heels of this groundbreaking certification decision, Target agreed to settle with the class for $39 million – to Kessler Topaz's knowledge, the largest settlement achieved for this type of class as a result of a data breach. *See In re Target Corp. Customer Data Sec. Breach Litig.*, No. 14-md-02522 (D. Minn.), ECF No. 656 (preliminarily approving $39 million settlement). While other firms seeking a leadership position in this case may have represented the consumer class in *Target* (a class which settled after Target's motion to dismiss was denied), of the counsel involved here, only Kessler Topaz served in a leadership role for the financial institution class, which proceeded through fact discovery, expert discovery and class certification before settling.[8]

Further highlighting Kessler Topaz's data breach and privacy law experience, Edward Ciolko, one of the lead attorneys in this matter, was at the forefront of Internet privacy issues while previously working for the Federal Trade Commission ("FTC")—as the many issues relating to

---

[8] Kessler Topaz has also recently filed lawsuits arising out of two other data breaches – *McLeod v. Excellus Health Plan, Inc.*, No. 15-cv-06685 (W.D.N.Y.) and *Ohring v. Experian Information Solutions, Inc.*, No. 15-cv-01612 (C.D. Cal.).

online privacy and consumer protections were becoming important topics of study and discussion nationally.   In particular, Mr. Ciolko, who previously served as an attorney-advisor to Commissioner Sheila Anthony with the FTC, extensively analyzed federal and state privacy laws in connection with the implementation and ramifications of the Gramm-Leach-Bliley Financial Modernization Act of 1999, which, in part, places substantial obligations on financial institutions to safeguard customers' sensitive financial information.   Mr. Ciolko also performed a state by state survey of statutes and relevant state court jurisprudence regarding consumer/personal online privacy and information protection, including the types of recourse available to the victims of privacy violations.   Mr. Ciolko's experience at the FTC is just one more factor demonstrating Kessler Topaz's substantial knowledge with respect data breach and privacy law.

Kessler Topaz also has substantial experience managing complex litigation such as this one and has been appointed as lead counsel or to the executive committee in numerous multidistrict litigations or other consumer, employment and securities class actions.   *See In re Target Corp. Customer Data Sec. Breach Litig.*, 309 F.R.D. at 490 (appointing Kessler Topaz, *et al.*, as class counsel); *In re: Bank of New York Mellon Corp. Forex Transactions Litig.*, No. 12-md-2335 (S.D.N.Y) (appointing Kessler Topaz to executive committee – claims settled for $335 million); *In re Aluminum Warehousing Antitrust Litig.*, No. 13-md-02481, ECF No. 216 (S.D.N.Y. Mar. 6, 2014) (interim co-lead counsel); *In re: Foot Locker, Inc., Fair Labor Standards Act (FLSA) and Wage and Hour Litigation,* No. 11-md-00235 (E.D. Pa.) (lead class counsel); *In re Zinc Antitrust Litig.*, No. 14-cv-3728, ECF No. 70 (S.D.N.Y. July 24, 2014) (interim co-lead); *In re HP Securities Litig.*, No. 12-cv-05980, ECF No. 94 (lead counsel); *In re Global Tel*Link Corporation ICS Litig.*, No. 14-cv-5275 (W.D. Ark.) (Interim Co-Lead Class Counsel in case brought under the Federal

Communications Act); *In re 2014 RadioShack ERISA Litigation,* Master File No. 14-cv-00959 (N.D. Tex.) (Interim Lead Class Counsel Committee Chair).[9]

Such appointments demonstrate the confidence that courts have in Kessler Topaz's ability to efficiently and effectively represent the interests of putative classes. *See Billhofer v. Flamel Techs., S.A.*, 281 F.R.D. 150, 158 (S.D.N.Y. 2012) (appointing Kessler Topaz as class counsel and stating that the firm is "qualified to represent the proposed class and . . . will vigorously protect the interests of class members"); *In re Sadia, S.A. Sec. Litig.*, 269 F.R.D. 298, 310 (S.D.N.Y. 2010) (appointing Kessler Topaz as co-class counsel and stating that its attorneys "have extensive experience in securities litigations and have successfully prosecuted numerous securities fraud class actions on behalf of injured investors").

To this end, Kessler Topaz was recently named the "Class Action Litigation Firm of The Year" by THE LEGAL INTELLIGENCER and has been recognized in the NATIONAL LAW JOURNAL'S annual "Plaintiffs' Hot List" as one of the top securities class action law firms in the country.  To

---

[9] Kessler Topaz has been appointed to leadership positions in a variety of other cases.  *See, e.g., Munoz v. PHH Corp.,* No. 08-cv-0759, 2013 U.S. Dist. LEXIS 75960, at *17 (E.D. Cal. June 10, 2015) (adopting in full *Munoz v. PHH Corp.,* No. 08-cv-0759, 2013 U.S. Dist. LEXIS 69306, at *87-88 (E.D. Cal. May 15, 2013) (adopting the magistrate's report and recommendation to certify a nationwide class asserting RESPA kickback claims and appointing Kessler Topaz as Lead Class Counsel); *Moore v. GMAC Mortg.,* No. 07-cv-4296, 2014 U.S. Dist. LEXIS 181431 (E.D. Pa. Sept. 18, 2014) (approving $6.25 million class action settlement of RESPA kickback claims and appointing Kessler Topaz lead class counsel following seven years of hotly contested litigation in the context of related bankruptcy proceedings); *Alston v. Countrywide Fin. Corp.,* No. 07-cv-03508, ECF No. 149 (E.D. Pa. July 29, 2011) (appointing Kessler Topaz as Lead Class Counsel in approving a $34 million settlement of RESPA kickback claims after Kessler Topaz obtained Third Circuit reversal of lower court's dismissal order); *Hickton v. Enterprise Rent-A-Car Co.,* No. 09-mc-00210 (W.D. Pa. July 29, 2009) (appointed lead administrative counsel); *In re Janney Montgomery Scott Fin. Consultant Litig.,* No. 06-cv-3202 (E.D. Pa. July 3, 2007) (appointed chair of executive committee); *In re M.L. Stern Overtime Litig.,* No. 07-cv-0118 (S.D. Cal. May 16, 2007) (appointed lead counsel over competing lead counsel submissions).

this end, Kessler Topaz has recovered billions of dollars for class members in complex class action lawsuits, including, for example:

- *In re Tyco International, Ltd. Securities Litigation,* No. 02-cv-1335-B (D.N.H.). Kessler Topaz served as Co-Lead Counsel in this highly publicized securities fraud class action on behalf of institutional investors and recovered $3.2 billion from corporate defendant and their auditor.

- *In re Bank of America Corp. Securities, Derivative, and ERISA Litigation,* No. 09-md-2058 (S.D.N.Y.). This case concerned violations of the federal securities laws by Bank of America and certain of its officers and board members related to the bank's merger with Merrill Lynch.  Kessler Topaz was able to recover $2.425 billion on behalf of shareholders.

- *In re Southern Peru Copper Corp. Derivative Litigation*, No. 961-CS (Del. Ch.) Kessler Topaz obtained, after trial, the largest damage award in Delaware Chancery Court history – a $2 billion judgment – against the majority shareholder of a copper mining company.  The firm then successfully defended an appeal of the judgment to the Delaware Supreme Court.  *See Americas Mining Corp. v. Theriault*, 51 A.3d 1213, 1262-63 (Del. 2012).

- *In re Wachovia Preferred Securities and Bond/Notes Litigation,* No. 09-cv-6351 (RJS) (S.D.N.Y.). Kessler Topaz recovered $627 million for investors – one of the largest recoveries under Section 11 of the Securities Act of 1933 – in an action alleging that Wachovia's registration statements and prospectuses contained false and misleading statements and omissions.

- *In re Lehman Bros. Equity/Debt Sec. Litigation*, No. 08-cv-5523 (LAK) (S.D.N.Y.). This case concerned misstatements and omissions regarding Lehman's financial condition and its exposure to residential and commercial real estate markets in the time period leading up to Lehman's historic bankruptcy.  The firm recovered $615 million on behalf of class members.

- *CompSource Oklahoma v. BNY Mellon Bank, N.A.,* No. 08-cv-469 (E.D. Okla.). Kessler Topaz recovered $280 million after prosecuting claims for breaching statutory, common law, and contractual duties in connection with the administration of a securities lending program.

- *In re Flonase Antitrust Litigation,* No. 08-cv-3149 (E.D. Pa.). Kessler Topaz recovered $150 million in antitrust matter on behalf of a class of direct purchasers, alleging violations of federal antitrust laws after prevailing on motions to dismiss and motions for summary judgment.

- *Board of Trustees of the AFTRA Retirement Fund v. JP Morgan Chase Bank, N.A.*, No. 09-cv-00686 (S.D.N.Y.). Kessler Topaz asserted ERISA fiduciary duty claims

18

on behalf of a class of participants in JP Morgan's securities lending program, where JP Morgan acted as discretionary investment manager.  The action settled for $150 million.

- *In re AOL Time Warner ERISA Litigation,* No. 02-cv-8853 (S.D.N.Y.). After defeating a motion to dismiss, the firm obtained a settlement that consisted of a $100 million restorative cash payment to AOL Time Warner's 401(k) plan in a breach of fiduciary duty action brought on behalf of plan employees, pursuant to ERISA.

Given the combined experience and success of Cooper & Kirk and Kessler Topaz, factors two and three under Rule 23(g)(1)(A) weigh heavily in favor of their appointment as Interim Co-Lead Class Counsel.

### 3.    Cooper & Kirk and Kessler Topaz Are Fully Prepared to Commit Significant Resources to This Lawsuit.

The final Rule 23(g)(1)(A) factor, which concerns the resources that counsel will commit to the case, also supports the appointment of  Cooper & Kirk and Kessler Topaz as Interim Co-Lead Class Counsel.  *See* Moore's Federal Practice § 23.120(3)(d)(i) ("Courts have long considered counsel's willingness and ability to devote resources to the litigation").

Cooper & Kirk is capable of marshaling the resources that are needed to conduct complex litigation against the government.  For example, the firm for ten years has represented residents of New Orleans whose property was destroyed during Hurricane Katrina as a result of the design defects in the Mississippi River Gulf Outlet by the Army Corps of Engineers, before, at last, the firm obtained a favorable ruling on liability from the Court of Federal Claims this past year. Cooper & Kirk attorneys also represented numerous financial institutions in *Winstar*-related litigation (discussed *supra*) that spanned the better part of two decades.  Cooper & Kirk is fully prepared to devote the resources and the time and expertise of its attorneys needed to prosecute this lawsuit to a successful conclusion.

Likewise,  Kessler  Topaz's  extensive  history  of  successfully  representing  classes

19

establishes its commitment to zealous advocacy.  Specifically, Kessler Topaz is one of only a handful of firms in the United States to ever try to verdict a securities fraud class action lawsuit. *See In re Longtop Fin. Techs. Ltd. Sec. Litig.*, No. 11-cv-3658 (S.D.N.Y.) (trial concluded in November 2014; one of only thirteen securities class actions to reach a verdict since the enactment of the Private Securities Litigation Reform Act of 1995 (based on post-enactment conduct)). Additionally, Kessler Topaz obtained the largest damage award in Delaware Chancery Court history following a trial before Chancellor Leo E. Strine, Jr. involving Southern Peru Copper Corp. and recently tried a breach of fiduciary duty case against Dole Food Company's Chairman and CEO and obtained a $148 million judgment on behalf of stockholders.  *See In re S. Peru Copper Corp. Derivative Litig.*, No. 961-CS (Del. Ch.), *aff'd Americas Mining Corp. v. Theriault*, 51 A.3d 1213, 1262-63 (Del. 2012); *In re Dole Food Co., Inc. Stockholder Litig..*, No. CV 8703-VCL, 2015 Del. Ch. LEXIS 223 (Del. Ch. Aug. 27, 2015) (where Kessler Topaz successfully).  Moreover, Kessler Topaz as Co-Lead Class Counsel, conducted a complex bench trial in *Brieger v. Tellabs, Inc.*, No. 06-cv-01882 (N.D. Ill.), an ERISA company stock breach of fiduciary duty class action. To the best of Kessler Topaz's knowledge, this was only the fourth such ERISA case to go to trial.

As evidenced by their prior commitment to numerous complex actions, the Court can be assured that, as Interim Co-Lead Class Counsel, Cooper & Kirk and Kessler Topaz will dedicate the necessary resources to ensure the best possible result for the Class.

### 4.   Cooper & Kirk and Kessler Topaz Will Fairly and Adequately Represent the Interests of the Class Plaintiffs.

In addition to the Rule 23(g)(1)(A) factors, Rule 23(g)(4) provides that "[c]lass counsel must fairly and adequately represent the interests of the class."  The Advisory Committee Notes on Rule 23 reflect that this provision is intended to make clear that "the primary responsibility of class counsel . . . is to represent the best interests of the class."  FED. R. CIV. P. 23(g)(1)(B)

Advisory Committee Notes (2003).

Cooper & Kirk and Kessler Topaz each have a history of zealous advocacy evidenced by the numerous favorable court decisions and billions of dollars recovered for clients and injured plaintiffs. *See* Section III.B.2. Accordingly, Cooper & Kirk and Kessler Topaz amply satisfy the requirements of Rule 23(g)(4).

### C.    The Court Should Appoint David H. Thompson As Interim Liaison Class Counsel.

In addition to the firm's role as Interim Co-Lead Class Counsel, Mr. Thompson, of Cooper & Kirk, would be a suitable choice for the role of Interim Liaison Class Counsel. Mr. Thompson joined Cooper & Kirk at the firm's founding and is now its managing partner. Mr. Thompson's practice has focused on litigating complex cases, most often against the federal government. A graduate of Harvard College and of Harvard Law School, he has practiced law in Washington, D.C. since 1995. The focus of his practice has been on constitutional, commercial, and administrative litigation. He led a trial team that won a $205 million verdict in *AmBase Corp. v. United States*, 100 Fed. Cl. 548 (2011), one of the firm's victories in *Winstar*-related litigation. He has extensive experience in constitutional litigation, having brought and argued numerous cases involving freedom of speech, civil rights, voting rights, takings of property, and separation of powers issues. In connection with these matters, he has taken hundreds of depositions of senior executives, expert witnesses, high-ranking government and university officials, employees, union leaders, and members of Congress. More broadly, Mr. Thompson has prepared complex damage analyses in antitrust, securities, and breach of contract cases.[10]

Aside from the substantive experience, which will be relevant to this litigation, Mr.

---

[10] A true and correct copy of Mr. Thompson's resume is attached hereto as Exhibit 5.

Thompson is admitted to practice in this Court and is based locally.  Further, Mr. Thompson's practice rarely takes him out of the District for prolonged periods of time.  Mr. Thompson is thus well-positioned to fulfill the interim liaison role, as defined by the Court – to "confer[] on nondispositive motions" and "appear[] at future conferences and hearings before the Court."  ECF No. 8 at 12.  Mr. Thompson's appointment to this role would also be consistent with the Court's preference of a "lean model" for leadership.  Accordingly, the Court should appoint Mr. Thompson, of Cooper & Kirk, to the role of Interim Liaison Class Counsel.[11]

**IV.    CONCLUSION**

For all of the foregoing reasons, the Court should appoint Cooper & Kirk and Kessler Topaz as Interim Co-Lead Class Counsel and should appoint David H. Thompson, of Cooper & Kirk, as Interim Liaison Class Counsel.

---

[11] If the Court continues to have concern regarding coverage in D.C. in case of an "emergency," Hr'g Tr. 18, Cooper & Kirk and Kessler Topaz would be happy to have Gary Mason continue in a co-liaison role along with Mr. Thompson.

Date:   December 22, 2015                    Respectfully submitted,


/s/ *David H. Thompson*_____
David H. Thompson (Bar No. 450503)
dthompson@cooperkirk.com
COOPER & KIRK, PLLC
1523 New Hampshire Avenue, N.W.
Washington, D.C. 20036
Telephone: (202) 220-9600
Facsimile: (202) 220-9601

Edward Ciolko*
eciolko@ktmc.com
KESSLER TOPAZ
  MELTZER & CHECK LLP
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 822-0242
Facsimile: (610) 667-7056

*Admission Pending*

**Attorneys for Plaintiff Ryan Bonner**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 22nd day of December, 2015, a true and correct copy of the foregoing Memorandum of Points and Authorities of Plaintiff Ryan Bonner In Support of Application for Appointment of Interim Co-Lead Class Counsel and Interim Liaison Class Counsel was served with the Clerk of the Court using the CM/ECF system and upon all counsel of record.


/s/ *David H. Thompson*
David H. Thompson (Bar No. 450503)