**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **IN RE: U.S. OFFICE OF PERSONNEL MANAGEMENT DATA SECURITY BREACH LITIGATION** | MDL No. 2664<br><br>Case No. 1:15-mc-01394-ABJ<br><br>Hon. Amy Berman Jackson<br><br>Electronically Filed |

**APPLICATION OF TINA WOLFSON OF AHDOOT & WOLFSON, PC FOR APPOINTMENT TO PLAINTIFFS' STEERING COMMITTEE**

Pursuant to the Court's order of December 15, 2015 (Dkt. No. 19) and Rule 23(g) of the Federal Rules of Civil Procedure, I, Tina Wolfson, hereby respectfully request that the Court appoint myself and my firm, Ahdoot & Wolfson, PC ("AW"), to the Plaintiff's Steering Committee. I support the application of Gary Mason of Whitfield, Mason and Bryson, LLP for Liaison Counsel based on his experience and the work he has done in this case. Further, I support the application of Daniel Girard, of Girard, Gibbs LLP, Norman Siegel of Stueve Siegel Hanson, LLP and John Yanchunis of Morgan & Morgan Complex Litigation Group to be appointed Interim Lead Counsel. I have worked cooperatively with these attorneys in this and several other matters and will continue to do so here, as well as with any other attorney appointed as Interim Lead Counsel.

**ARGUMENT**

Rule 23(g) of the Federal Rules of Civil Procedure dictates that in appointing interim class counsel, the Court must consider: "(i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions,

other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class." Fed. R. Civ. P. 23(g)(1)(A). The Court may also "consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B). As set forth below, we readily satisfy these criteria for appointment to Plaintiffs' Steering Committee.

      A.      **AW Has Significant Experience In Class Action Litigation In General, As Well As Class Actions Involving Privacy And Data Breach Claims.**

My firm and I are imminently qualified for a steering committee position. As a founding member of AW, I have prosecuted class actions and highly complex collective actions for almost two decades. AW and I are particularly suited for this case because of our considerable experience in privacy-related class actions. We have been prosecuting e-privacy cases on behalf of consumer classes since the late 1990s, before the term "big data" became part of the everyday vernacular. We have prosecuted numerous class actions involving consumer privacy rights, including data breach class actions, gaining invaluable experience critically important to prosecuting this case.

The law of electronic privacy is evolving quickly and I am a seasoned practitioner in this area who not only knows the law, but have also helped shape it. I was among the first group of attorneys who successfully litigated the privacy rights of millions of consumers against major financial institutions. The plaintiffs alleged that the defendants used their personal information to compile detailed financial data to use for internal marketing purposes and to sell to third party telemarketers, without their consent. As lead counsel in these privacy class actions, I brought the consumer claims to successful conclusion on a class-wide basis, conferring millions of dollars of benefits to consumers. The business practices that my clients challenged in those cases later

became the subject of Graham Leach Bliley Act regulation. These consumer privacy class actions successfully prosecuted, without limitation, Chase Manhattan Bank, American Express, MBNA America Bank, Discover Bank, FleetBoston, and Washington Mutual Bank. (*See* Exhibit A at 2-3.)

I have also prosecuted medical privacy class actions on behalf of victims of data breaches under the California Confidentiality of Medical Information Act. For example, AW was a member of the Executive Committee in the consolidated actions entitled *Whitaker v. Health Net*, Case No. 2:11-cv-00910-KJM (E.D. Cal.), and in the *Sutter Medical Information Cases*, Case No. JCCP 4698 (Cal. Super. Ct., Sacramento Cty.) (In both cases, we co-counseled with Girard Gibbs).

I am currently serving on the Executive Leadership Committee in the *In re Premera Blue Cross Customer Data Security Breach Litigation*, No. 15-md-02633 (D. Or.), following a leadership application contest. During the leadership application hearing in *Premera*, The Hon. Michael H. Simon opined that I "obviously ha[ve] a great deal of expertise and a great deal to offer" in the data breach field. I also am currently serving, by appointment by the Hon. Thomas W. Thrash, Jr., on the Consumer Plaintiffs' Steering Committee in *The Home Depot, Inc., Customer Data Security Breach Litigation*, No. 14-md-2583 (N.D. Ga.) (along with co-lead counsel, including Norman Siegel and John Yanchunis, as well as other executive committee members, which include Daniel Girard).

AW was instrumental to the plaintiffs' efforts in the *Target Corporation Customer Data Security Breach Litigation*, Case No. 0:14-md-02522-PAM (D. Minn.), collaborating with firms who are submitting a leadership applications in this case, including Daniel Girard, Norman Siegel, and John Yanchunis. In *Target*, AW contributed considerable effort to vetting hundreds

of potential class representatives in a streamlined and efficient manner, responding to discovery requests and defending depositions, legal research, and the consolidated complaint, among other projects.

Most recently, AW and I led plaintiffs' appellate efforts that resulted in the landmark opinion finding Article III standing on behalf of data breach victims, *Remijas v. Neiman Marcus Group, LLC*, No. 14-3122, Docket No. 27, Slip Op. (7th Cir. July 20, 2015). In that case, my co-counsel elected AW as co-lead class counsel. My firm and I were responsible for briefing and arguing the appeal from the trial court's order granting the motion to dismiss on the pleadings based on lack of Article III standing. The Seventh Circuit's groundbreaking opinion was the first appellate decision to consider the issue of Article III standing in data breach cases since, and in light of, the Supreme Court's decision in *Clapper v. Amnesty Intern. USA*, 133 S.Ct. 1138 (2013). The defense bar has aggressively advocated that *Clapper* set a more rigorous standard for Article III standing inquiries than previously existed and that, in light of that decision, data breach cases generally lack standing unless the plaintiffs could show that they suffered unreimbursed fraudulent charges. As a result of the appeal spearheaded by AW, the Seventh Circuit adopted the plaintiffs' reasoning, rejected this narrow view of *Clapper*, and established that data breach victims have standing to pursue claims based on the increased risk of identity theft and fraud, even before that theft or fraud materializes. *Remijas v. Neiman Marcus*, No. 14-3122 (July 20, 2015, 7th Cir.) (reversed and remanded).

AW and I are currently litigating other privacy-related cases, which are listed in my concurrently filed CV. (*See* Exhibit A at 3.) Most recently, in *Chimeno-Buzzi v. Hollister Co.*, Case No. 1:14-cv-23120-MGC (S.D. Fla.), a TCPA violation case, the Hon. Marcia G. Cooke preliminarily approved a $10,000,000 non-revertible settlement fund.

4

My leadership experience in complex class actions extends beyond data breach and privacy cases. I am currently serving as co-lead counsel in the MDL class action litigation *In Re: KIND LLC "Healthy and All Natural" Litigation*, Case No. 1:15-cv-02645-WHP (S.D.N.Y.), where I was appointed by the Hon. William H. Pauley III, and *In re Hain Celestial Seasonings Products Consumer Litigation*, Case No. 8:13-cv-01757-AG-AN (C.D. Cal.), where I was appointed by the Hon. Andrew J. Guilford, both as a result of contested leadership application processes. I am also serving as co-lead counsel in the *Whole Foods Market, Inc., Greek Yogurt Marketing and Sales Practices Litigation*, Case No. 1:14-mc-02588-SS (W.D. Tex.), by appointment by the Hon. Sam Sparks. My past leadership appointments and class action accomplishments also are listed in my CV. (*See* Exhibit A at 4-5.)

Recognized for my class action experience, I am often invited to chair or lecture at seminars on issues pertaining to class action litigation in general, and data breach class actions in particular, and have been published on topics in this area. (*See* Exhibit A at 6-7.)

### B. AW Has And Will Continue To Commit The Resources, Effort, And Collaborative Approach Necessary For This Litigation.

With nearly two decades of complex and class action litigation behind me, I well understand both the time and financial commitments that this type of high stakes litigation demands. As a result, AW is self-funded and has no debt, a fact which speaks to our experience, inclination not to over-extend our financial commitments, and the availability of borrowed funds, should they become necessary in this case.

AW has already invested significant resources in pre-filing investigation of this matter and the collaborative efforts that have occurred with other plaintiffs' counsel since the beginning of this litigation, including telephone conferences, meet and confer efforts regarding the filing of the Case Management statement, and participating at the CMC on December 15.

I am also aware that the Court expects the litigation to move promptly and efficiently. I do not take these obligations lightly and would not ask the Court to appoint me to the Plaintiffs' Steering Committee unless I was certain I could meet these obligations. Without equivocation, I assure the Court that AW has both the staff and the financial resources to lead and manage this case promptly and efficiently to a successful conclusion.

Throughout my career, I have repeatedly demonstrated my ability to work with other plaintiffs' counsel, in both lead and subordinate positions. Further, I value and demonstrate professionalism not only in my dealings with co-counsel, but with opposing counsel as well. I am well regarded by the defense bar as an experienced and zealous advocate, but also a consummate professional. I often collaborate with past and present opposing counsel on continuing legal education projects and bar activities. For example, in October 2014, I was invited by opposing counsel Angel Garganta of Venable, LLP, to conduct a mock class certification hearing as part of Venable's in-house marketing event, with Judge Patel (Ret.) presiding. (*See* Exhibit A at 6.) I strongly believe that civility and professionalism benefits all parties, their counsel, the judiciary, and the legal path toward justice.

Moreover, in this case, I have already shown my leadership skills by collaborating with all plaintiffs' counsel, and reaching compromises to move the case forward. While I will work cooperatively with whomever the Court appoints, I respectfully recommend Gary Mason for the position of Liaison Counsel. I base this recommendation on Mr. Mason's experience in litigating complex cases, data-breach cases and, specifically, *In re VA Data Theft Litigation*, 2007 U.S. Dist. LEXIS 96696 (D.D.C. Nov. 16, 2007), which involved both the Privacy Act and Administrative Procedure Act, along with the substantial and exemplary work he has already done in this matter.

Further, I respectfully recommend the appointment of Daniel Girard, Norman Siegel, and/or John Yanchunis as Co-Lead Counsel, or any combination thereof, based on my extensive experience co-counseling other class actions with them, as well as my personal knowledge of these attorneys' qualifications.

## **CONCLUSION**

For the foregoing reasons, I respectfully request that this Court approve my appointment to Plaintiffs' Steering Committee.

Dated:  December 22, 2015          Respectfully Submitted,

/s/ Tina Wolfson
Tina Wolfson
AHDOOT & WOLFSON, PC
1016 Palm Avenue
West Hollywood, CA 90069
Tel: (310) 474-9111
Fax: (310) 474-8585
Email: twolfson@ahdootwolfson.com

*Counsel for Plaintiff Howard Smith*
*(Case No. 1:15-cv-01835-ABJ)*