UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE: U.S. OFFICE OF PERSONNEL MANAGEMENT DATA SECURITY BREACH LITIGATION ) ) ) ) ) ) | Misc. Action No. 15-1394 (ABJ) MDL Docket No. 2664 |
| This Document Relates To<br><br>ALL CASES ) ) ) ) ) | |

**RESPONSE OF PLAINTIFFS WILLIAM FLEISHELL III AND
CHAD KAPPERS TO COMPETING SUBMISSIONS CONCERNING
ORGANIZATION OF LEADERSHIP OF LITIGATION**

Plaintiffs William Fleishell III and Chad Kappers, by their counsel, Mark Rosen, respectfully submit the following response concerning the applications for leadership of this litigation.

**I.     Approaching the Competing Applications**

The Court has before it at least 13 applications, seeking appointment as lead or co-lead counsel, steering committee member, or liaison counsel.   Most, if not all of them reflect the accurate assessment that this litigation will be extremely challenging and require a group of creative and skilled litigators with a proven track record of successfully prosecuting tough cases and the ability to think outside the box.

While occasional data breaches arose in the past, the near daily occurrence of data breaches affecting a broad cross-section of the population is a relatively recent phenomenon. Thus, it is not surprising that none of the movants can truthfully represent that she or he has made a career of *solely* prosecuting data breach cases against commercial enterprises or

governmental entities.  Moreover, the fact that an attorney or firm may have had a leadership position in one or more data breach cases involving a commercial establishment does not necessarily establish that they are best qualified to direct a data breach case concerning the federal government because the factual and legal issues are likely to be quite different.

Nor should such a pedigree be essential to serve in the leadership of this litigation. In this nascent, developing area of the law, the selection process should encourage the entry of additional firms, rather than promoting the creation of a narrow bar limited to the few attorneys or firms who had previously been appointed to leadership positions.  As the *Manual for Complex Litigation (Fourth)* §21.272 noted, "No single factor is dispositive in evaluating prospective class counsel."  Instead, the leadership of a case of this nature should draw upon, and meld, the *different* experiences and skill sets of several capable attorneys so that the whole is truly greater than the sum of its parts.  While prior experience in other data breach cases is helpful, and should certainly be considered in the leadership determinations, the single most essential factor that respectfully should shape the Court's decision is that this is a large, challenging class action. Therefore, in the first instance each of the selected counsel should be a capable litigator, with a demonstrated ability to draw upon skills, honed over the course of an entire career in litigating different types of claims under a variety of circumstances, to address new claims or novel factual or legal situations.  Thus, it is a record of success under varying circumstances, rather than the frequency that a particular counsel has asserted data breach claims, that should merit the Court's critical review and approval.

**II.     Selection of Liaison Counsel**

Plaintiffs Fleishell and Kappers support Gary Mason's application to be liaison counsel. Mr. Mason has served as interim liaison counsel in this litigation and is qualified to continue in that position.

**III.    Selection of Lead Counsel**

With respect to the selection of lead counsel, the Court has several qualified applicants and would be warranted in appointing a number of the movants as lead, or appointing a group of two separate movants as co-lead counsel for plaintiffs. Accordingly, Plaintiffs Fleishell and Kappers do not endorse one candidate over the others.

**IV.    Selection of Plaintiffs' Steering Committee**

Ordinarily, the purpose of a plaintiffs' steering committee should be to round out the plaintiffs' litigation team, by complementing rather than replicating the background or skill set of the lead or co-lead counsel. Thus, the selection of the members of the steering committee should be to help ensure a proper mix of counsel, who can add perspective and contribute to creatively and effectively prosecuting the case for the benefit of the entire proposed class.

Plaintiffs Fleishell and Kappers respectfully submit that their counsel, Mark Rosen, should be included in the composition of the plaintiffs' steering committee precisely because Mr. Rosen and his firm, Barrack, Rodos & Bacine, have demonstrated the requisite skills and proven track record to creatively and successfully prosecute large, complex cases, often against long odds, in such diverse areas as consumer protection, senior abuse, securities, antitrust, and government litigation, to help lead counsel successfully prosecute the claims here.

The Barrack firm is currently involved, without holding a "titled" position, in several other data breach or cyber-attack litigation on behalf of aggrieved plaintiffs. *In re Anthem, Inc.*

*Data Breach Litig.*, Case No. 5:15-md-02617 (N.D. Cal., filed June 12, 2015) (largest data breach case involving a healthcare insurer filed to date); *In re Experian Data Breach Litig.*, Case No. 8:15 cv-01592–AG-DFM (C.D. Cal. filed Oct. 2, 2015); *Premera Blue Cross Customer Data Security Breach Litig.*, Case No. 3:15-md-02633 (D. Ore., filed June 16, 2015); *In re Medical Informatics Engineering, Inc., Customer Data Security Breach Litig.*, Case No. 1:15-cv-00229, (N.D. Ind. filed Aug. 21, 2015).  And Barrack attorneys have not been passive observers in this nascent field.  Most recently, Mr. Rosen's partner, Stephen Basser, was entrusted by the co-lead counsel in the *Anthem* data breach litigation, Cohen Milstein Sellers & Toll, and Altshuler Berzon, to help them to secure cyber-security experts on behalf of the plaintiff class.  This decision demonstrates the confidence that other counsel place in the Barrack attorneys in handling sensitive assignments.

    Mr. Rosen and the other attorneys at his firm are seasoned litigators with broad experience managing complex class actions through discovery, trial and appeal.  They have a history of working collaboratively and effectively with other counsel, and have the human and financial resources to assist the appointed lead counsel in any task.  Accordingly, Plaintiffs Fleishell and Kappers respectfully suggest that Mr. Rosen's addition to the plaintiffs' steering committee would benefit all plaintiffs in the prosecution of this litigation.

Dated:  January 5, 2016                                    Respectfully submitted,

                                                            /s/ Mark R. Rosen
                                                            Mark R. Rosen (D.C. Bar No. 336065)
                                                            Beth T. Seltzer
                                                            Barrack, Rodos & Bacine
                                                            3300 Two Commerce Square
                                                            2001 Market Street
                                                            Philadelphia, PA  19103
                                                            Telephone: (215) 963-0600
                                                            Fax: (215) 963-0838

      and

Stephen R. Basser  
Samuel M. Ward  
Barrack, Rodos & Bacine  
One American Plaza  
600 West Broadway, Suite 900  
San Diego, CA 92101  
Telephone: (619) 230-0800  
Fax: (619) 230-1874