**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **IN RE: U.S. OFFICE OF PERSONNEL MANAGEMENT DATA SECURITY BREACH LITIGATION** | **MDL No. 2664**<br><br>**Case No. 1:15-mc-01394-ABJ**<br><br>**Hon. Amy Berman Jackson**<br><br>**Electronically Filed** |

**GARY E. MASON'S RESPONSE IN SUPPORT OF APPOINTMENT OF
PLAINTIFFS' LIAISON COUNSEL, PLAINTIFFS' INTERIM LEAD COUNSEL
AND MEMBERS OF PLAINTIFFS' STEERING COMMITTEE**

For the assistance of the Court, Liaison Counsel Applicant Gary E. Mason respectfully submits this Response to the various applications filed by counsel for plaintiffs.[1]

A total of eighteen attorneys applied for appointment to the leadership of this multidistrict litigation.  Six seek appointment as Lead or Co-Lead Counsel,[2] eight seek appointment to the Steering Committee,[3] and four seek appointment as Liaison Counsel.[4]  For the reasons that follow, Mr. Mason submits that Daniel Girard should be appointed Interim Lead Counsel; Norman Siegel, John Yanchunis and Tina Wolfson should be appointed to the Steering Committee; and Hassan Zavareei should be appointed Co-Liaison Counsel along with Mr. Mason.  These attorneys individually and collectively satisfy all the criteria set forth in Fed. R. Civ. P. 23(g) and are best suited to prosecute this litigation in the best interests of the proposed class.  Should the Court prefer to appoint multiple lead counsel, appointment of either Mr. Siegel

---

[1] Although plaintiffs' counsel have variously styled their filings, this Response refers to these submissions uniformly as "applications."
[2] Daniel Girard, Norman Siegel, John Yanchunis, Edward Ciolko, David Thompson and Joel Bernstein.
[3] Tina Wolfson, Nicholas Koluncich III, Charles LaDuca, William Federman, Carin Marcussen, Behram Parekh, Mark Rosen and Denis Sheils.
[4] Gary Mason, Hassan Zavareei, David Thompson and Jonathan Schraub.

or Mr. Yanchunis to serve as Interim Co-Lead Counsel together with Mr. Girard would best advance the litigation.

## **DISCUSSION**

In deliberating on leadership positions, the Court should assess counsel's experience in pursuing class actions, other complex litigation and the types of claims asserted in the action at hand.  Fed. R. Civ. P. 23(g)(1)(A).  Nearly all of the applicants in this MDL are members of law firms with substantial class action experience and substantial resources; however, not all of the applicants have personal experience litigating privacy class actions, and even fewer have demonstrated any prior personal experience in cases involving the Privacy Act or the Administrative Procedure Act.

Experience with prior data breaches will be useful in this matter.  Although this case includes a federal government defendant and causes of action not applicable to private defendants, most aspects of privacy cases against commercial entities remain relevant.  For example, while there will be a few additional threshold issues, such as a sovereign immunity defense, the standing and injury arguments raised in cases against private defendants are likely to be raised here.  And should this case progress beyond those threshold issues into the discovery and class certification phases – the time when the skills of class counsel will be most important – the distinction between public and private defendants will matter even less and experience in prosecuting class actions generally and data breach cases in particular will be needed.  The technical expertise needed to discover, understand and evaluate the root causes and scope of the data breach are no different here than in other cases.  Written discovery, depositions, and expert discovery should be similar to that in data breach cases against private entities.  And

identification and quantification of the injuries caused by the breach will follow a substantially similar path as in these other cases.

The leadership team suggested in this Response – Mr. Girard as Interim Lead Counsel and Mr. Siegel, Mr. Yanchunis and Ms. Wolfson as members of a Steering Committee – constitutes, in large measure, the brain trust of plaintiffs' counsel in many of the largest data breach cases litigated to date.  As their individual applications demonstrate (Dkt. # 25, 31, 34, 37), each of these attorneys has extensive experience leading similar privacy and data breach MDLs and resolved many of these cases favorably – typically after defeating a motion to dismiss on standing and injury grounds.  Their success in those cases further demonstrates their ability to lead and coordinate effectively with other counsel.

Without repeating these firms' lengthy credentials, it bears emphasis that the skills and creativity Daniel Girard has contributed to a wide range of cases, including several of the most prominent data breach cases and cases against governmental entities, are likely to be of great service to the proposed class members here.  (Dkt. # 34).  Norman Siegel's experience in leading large data breach litigation, including by "vetting" thousands of class members to determine the scope of their claims and damages, will also be highly relevant and useful.  (Dkt. # 25).  In addition, the ability to document the dissemination of private information through the "dark" web may prove valuable, and this is a skill that John Yanchunis and his team of investigators at Morgan & Morgan, including four former FBI agents, have gained through prior data breach experience.  (Dkt. # 31.). Mr. Yanchunis and his firm, who served as co-lead counsel in *In re Black Farmers Discrimination Litigation*, Misc. No. 08-mc-0511(PLF) (D.D.C.), also have substantial experience litigating in this Court against the United States government.  Like Messrs. Girard, Siegel and Yanchunis, Tina Wolfson is experienced in litigating data breach

3

class actions, including *Neiman Marcus*, the key Circuit Court decision on Article III standing. (Dkt. # 37)  The remaining applicants, while experienced in complex and class litigation in other areas (primarily securities, ERISA and antitrust), appear to lack the requisite personal expertise in the privacy and data breach areas that Lead Counsel and Steering Committee members should possess here.[5]

The group defined above, moreover, includes the attorneys who investigated and filed the earliest cases arising out of the OPM data breach, thus satisfying the first factor under Rule 23(g)(1)(A).  Mr. Mason and Mr. Girard filed the first class action following disclosure of the breach (*AFGE*, filed on June 29, 2015), and Mr. Zavareei and Mr. Siegel filed the second class action two weeks later, following OPM's disclosure of an expanded breach (*Woo*, filed July 15, 2015).  The other lead counsel applicants filed later.  (Mr. Thompson and Mr. Cielko filed *Bonner* on October 2, 2015, and Mr. Bernstein filed *Krippendorf* on August 14, 2015 and *Robbeloth* on September 14, 2015.)

Several applicants have experience litigating claims closely related to those in this case. Gary Mason is the only attorney with personal experience with the Privacy Act and the Administrative Procedure Act in the context of a data breach class action, specifically *In re Dept. of Veterans Affairs (VA) Data Theft Litig.*, Case No. 1:2006-cv-00506, MDL No. 1796 (D.D.C. 2006).  Hassan Zavareei and David Thompson, two other candidates for Liaison Counsel, both have applicable experience litigating claims under the APA,[6] with Mr. Zavareei possessing significantly more experience with class action work.[7]

---

[5] While Kessler Topaz appears to have had a leadership role in the *Target* data breach litigation representing financial institutions, applicant Ed Ciolko does not indicate that he had any role in that case.  Mr. Ciolko's prior data breach and privacy experience appears to be limited to a previous position as a law clerk at the FTC.

[6] One of Mr. Thompson's partners has prosecuted Privacy Act claims against the federal government, but Mr. Thompson does not state whether he was involved in that case.

[7] Mr. Zavareei was lead counsel in two consumer class actions in this Court that yielded settlements totaling over $20 million.  *See Trombley v. Nat'l City Bank*, 826 F. Supp. 2d 179, 193 (D.D.C. 2011), *appeal dismissed*, No. 12-

Finally, Mr. Mason notes that this is a case where it may be appropriate to rely on a single lead counsel to promote efficiency and ensure accountability to the Court and the individuals subjected to the privacy intrusion.  If, however, the Court determines that more than one lead counsel is appropriate, Mr. Mason submits that the appointment of either Mr. Siegel or Mr. Yanchunis would be in the best interests of this class.

## CONCLUSION

Based on the foregoing, Mr. Mason respectfully proposes that the Court enter an order establishing the following plaintiffs' leadership structure:

| | |
|---|---|
| Lead Counsel: | Daniel Girard |
| Steering Committee: | Norman Siegel<br>John Yanchunis<br>Tina Wolfson |
| Liaison Counsel: | Gary E. Mason<br>Hassan Zavareei |

---

7001, 2012 WL 556319 (D.C. Cir. Feb. 13, 2012) (granting final approval of class settlement with common fund of $12 million); *In re APA Assessment Fee Litig.*, No. 10-1780, 2015 WL 5996354, at *4 (D.D.C. Oct. 14, 2015) (approving class settlement with common fund of $9.02 million).  Mr. Thompson's firm, Cooper & Kirk, appears to primarily represent large companies, including Ford Motor Company, Bank of America, DirecTV, American Airlines, Delta Airlines, Echostar and Verizon.  Cooper & Kirk's firm resume lists only five class actions, none of which involved data breaches or privacy and only one of which was filed in this Court.  There is no indication that Mr. Thompson was involved in any of those cases.

DATED: January 5, 2016                          Respectfully submitted,

                                                **WHITFIELD BRYSON & MASON LLP**

                                                By: /s/ *Gary E. Mason*
                                                Gary E. Mason
                                                Esfand Y. Nafisi
                                                1625 Massachusetts Ave., N.W., Suite 605
                                                Washington, D.C. 20036
                                                Telephone: (202) 429-2290
                                                Facsimile:  (202) 429-2294
                                                Email: gmason@wbmllp.com
                                                         enafisi@wbmllp.com

                                                *Attorneys for Plaintiffs American Federal of*
                                                *Government Employees, AFL-CIO, Robert*
                                                *Crawford, and Adam Dale*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 5, 2016, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing to ECF-registered counsel.

<u>/s/ Gary E. Mason</u>
Gary E. Mason