UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| IN RE: U.S. OFFICE OF PERSONNEL MANAGEMENT DATA SECURITY BREACH LITIGATION<br><br>This Document Relates To:<br><br>ALL CASES | Misc. Action No. 15-1394 (ABJ)<br>MDL Docket No. 2664 |

**PLAINTIFF HANAGAN'S RESPONSE TO MOTIONS FOR APPOINTMENT AS PLAINTIFFS' LIAISON AND INTERIM LEAD CLASS COUNSEL**

### I.     Introduction

Plaintiff Michael Hanagan, Plaintiff in *Hanagan v. United States Office of Personnel Management, et al.*, No. 2:15-cv-06045-AB (C.D. Cal., filed August 10, 2015) ("Plaintiff Hanagan") and his counsel Graham B. LippSmith of Kasdan LippSmith Weber Turner LLP ("KLWT") respectfully submit this response to the applications for appointment of Plaintiffs' liaison and interim lead class counsel.  Plaintiff Hanagan and his counsel support the following applications:

1. Girard Gibbs LLP as Interim Lead Class Counsel;
2. Gary E. Mason as Liaison Counsel;
3. Norman E. Siegel on Plaintiffs' Steering Committee; and
4. John Yanchunis on Plaintiffs' Steering Committee.

KLWT has cooperatively worked with the above-referenced attorneys and law firms, including coordinating centralization and transfer of this MDL.  For the reasons set forth in each

firm and attorney's respective motion for appointment and set forth *infra*, Plaintiff Hanagan respectfully requests that the Court make the aforementioned appointments.

## II.     Applicable Law

The Court's authority to appoint counsel stems from Rule 23(g), which provides that the Court may appoint interim counsel to represent the interests of a putative class in a matter not yet certified as a class action. Rule 23(g) requires the court to consider: (1) the work counsel has done in identifying or investigating potential claims in the action; (2) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (3) counsel's knowledge of the applicable law; and (4) the resources that counsel will commit to representing the class. Fed. R. Civ. P. 23(g)(1)(A). The court may also consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B). Where more than one applicant seeks appointment as class counsel, the court must appoint the applicant "best able to represent the interests of the class." Fed. R. Civ. P. 23(g)(2).

As required by Rule 23(g)(1)(A), the above-referenced attorneys have excellent credentials and more than sufficient experience and expertise to serve in leadership roles in this litigation.

## III.    KLWT's Background and Qualifications

Plaintiff Hanagan's counsel is an eighteen-attorney law firm specializing in plaintiff-side litigation and has successfully recovered hundreds of millions in complex cases against the largest companies in the world. The lawyers at KLWT have managed more than five hundred

major litigation matters, favorably settling many, trying several to verdict, prevailing on appeals of others, and achieving nine-figure and numerous eight-figure and seven-figure results on their cases. KLWT has offices in three major California metropolitan areas (Bay Area, Los Angeles, and Orange County) and Arizona.

The attorneys of KLWT are licensed to practice in California, Arizona, and Hawai'i. The attorneys of KLWT have primarily represented plaintiffs in civil litigation, with a focus on class actions, consumer litigation, mass torts and construction defect. In particular, Graham B. LippSmith has personally served as class counsel, putative class counsel, lead counsel, and committee counsel in approximately twenty class action and mass action lawsuits, in addition to serving on committees for national Multidistrict Litigation class and mass action cases.

KLWT's representative successes include but are not limited to the following:

- Class Counsel in *Fogel v. Farmers Group, Inc.*, Superior Court of the State of California, Los Angeles County Case No. BC300142. Mr. LippSmith obtained final approval of a more than $545 million settlement for a class of 12.5 million Farmers exchange insurance subscribers claiming excessive management fee charges. *VerdictSearch* published its annual "California's Million-Dollar Settlements" supplement indicating that the *Fogel* settlement was the largest reported settlement in California for 2011;

- Class Counsel in *Alvarez v. Haseko Homes, Inc.*, First Circuit, State of Hawai'i Civil Case No. 09-1-2697-08 RAN and Class Counsel in *Kai v. Haseko Homes, Inc.*, First Circuit, State of Hawai'i Civil Case No. 09-1-2834-12 GWBC. KLWT recently achieved funding for a $35,700,000 settlement on behalf of 2,000+ homeowners in the Ocean Pointe Development with defects in the plumbing systems and wind

protection systems in their homes. The settlement entails payments of millions in cash to homeowners as well as a repair program for 1,628 homes with wind defects;

- Class Counsel in *Verdejo v. Vanguard Piping Systems*, Superior Court of the State of California, County of Los Angeles Case No. BC448383. This case was a nationwide class action involving approximately 3 million class members with defective crosslinked polyethylene water distribution systems PEX brass fittings ("PEX Systems"). KLWT settled this case for a hybrid warranty/cash payment settlement impacting tens of thousands of homeowners;

- Class Counsel in *Volkmar v. BRP*, Superior Court of the State of California, County of Los Angeles Case No. BC445824. Mr. LippSmith achieved final approval of a ceramic washer defect replacement and repair program for thousands of California Sea-Doo owners valued at more than $19 million;

- Class Counsel in *Gonzales v. Lloyds TSB Bank, plc*, United States District Court, Central District of California Case No. 06-1433 VBF (JTLx). Mr. LippSmith recovered more than $17 million from an international bank, international financial institution and Los Angeles accounting firm for aiding and abetting a Ponzi scheme that caused losses to a class of hundreds of victims;

- Class Counsel in *Arreola v. Bank of America, N.A.*, United States District Court, Central District of California Case No. 11-06237 FMO (PLAx). Mr. LippSmith recovered $8.25 million from a national bank for aiding and abetting a Ponzi scheme that caused losses to a class of dozens of victims;

- Plaintiffs' Executive Committee in *George v. Uponor Corporation*, United States District Court, District of Minnesota Case No. 12-249. This case was a nationwide

class action involving thousands of class members with defective PEX Systems. KLWT's work in this case recently resulted in final approval of a settlement providing a variety of extended warranties to homeowners with PEX Systems to cover occlusion and leak claims;

- Plaintiffs' Executive Committee Member in *In Re: National Football League Players' Concussion Injury Litigation*, MDL No. 2323. This is the personal injury and medical monitoring case concerning tens of thousands of retired NFL players alleging head injuries. An uncapped settlement with the NFL valued at approximately one billion dollars reached final approval and is now up on appeal in the United States Third Circuit Court of Appeals;

- Lead Counsel in *Roberts, et al. v. Del Webb, et al.*, Arizona CV 2012-003956. This was a mass arbitration involving construction defects in 460 homes in which KLWT achieved an award of $13,658,67; and

- Lead Counsel in *Zelkind, et al. v. Del Webb, et al.*, Arizona CV2008-003089. This was a mass action involving construction defects in 279 homes. After trying the case to a jury for more than five months, KLWT achieved an award of $10,473,698.

## IV. The Court Should Appoint Girard Gibbs, Gary E. Mason, Norman E. Siegel, and John Yanchunis

Plaintiff Hanagan and his counsel respectfully request that the Court appoint Girard Gibbs, Gary E. Mason, Norman E. Siegel, and John Yanchunis for the various leadership positions for which they have applied. As is amply set forth in their individual applications for their respective positions, Plaintiff Hanagan and his counsel believe these attorneys and law

firms are thoroughly qualified for leadership positions due to their experience as class action and multidistrict litigation counsel—as well as their knowledge of issues relevant to the data breach at issue in this case.

In particular, Mr. Mason has thus far fulfilled his duties as Interim Liaison Counsel as well as anyone possibly could. He has coordinated all plaintiffs' counsel without excluding any and taking into account all of their various viewpoints, interfaced with Defendants on behalf of all plaintiffs' counsel, fully complied with the Court's directives and spoke effectively on plaintiffs' counsel's behalf at the Court's first Status Conference. Plaintiff Hanagan has no doubt that Mr. Mason is the right choice to serve as Liaison Counsel going forward. Plaintiff Hanagan also has no doubt that Mr. Girard, Mr. Siegel, and Mr. Yanchunis will continue to work together with all plaintiffs' counsel with the same level of inclusion, collaboration, and skillful representation of all plaintiffs in this litigation Mr. Mason has thus far.

In addition to their experience and work thus far on this case, Girardi Gibbs', Mr. Mason's, Mr. Siegel's, and Mr. Yanchunis' competence and professionalism are well-known. They have agreeably coordinated among various firms and attorneys representing Plaintiffs in this matter. Under their leadership, these counsel will be able to effectively communicate with the Court and defense counsel to expeditiously and proficiently litigate this case. They will be able to formulate litigation plans to manage all aspects of MDL case management, including discovery, briefing on substantive motions, and administrative matters. In addition, this proposed leadership team will be able to establish, explain, and enforce record-keeping requirements for Plaintiffs' counsel in order to ensure that the method of calculating fees is reasonable and in accordance with the work performed. The proposed leadership team also has the ability to delegate responsibilities to other attorneys and law firms through committees in

order to ensure that the work performed is appropriately distributed among Plaintiffs' counsel. Plaintiff Hanagan and his counsel believe this leadership team will be able to generate and reach consensus among the various attorneys representing Plaintiffs in this case. This team will fairly represent not only the interests of their clients, but of the various Plaintiffs' counsel involved. In short, Plaintiff Hanagan and his counsel support this proposed leadership team because of its ability to assist the Court in managing this multidistrict litigation from multiple perspectives.

## V.  Conclusion

For all of the above reasons, Plaintiff Hanagan respectfully requests that the Court make the following appointments:

1. Girard Gibbs LLP as Interim Lead Class Counsel;
2. Gary E. Mason as Liaison Counsel;
3. Norman E. Siegel on Plaintiffs' Steering Committee; and
4. John Yanchunis on Plaintiffs' Steering Committee.

Respectfully submitted,

Dated:  January 5, 2016            **KASDAN LIPPSMITH WEBER TURNER LLP**

*/s/ Graham B. LippSmith*
Graham B. LippSmith
500 S. Grand Ave., Suite 1310
Los Angeles, California 90071
Tel: 213-254-4800
Fax: 213-254-4801
glippsmith@klwtlaw.com

*Counsel for Plaintiff Michael Hanagan*