**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| In re U.S. Office of Personnel Management Data Security Breach Litigation<br><br>This Document Relates To:<br><br>ALL CASES | Misc. Action No. 15-1394 (ABJ)<br>MDL Docket No. 2664 |

**RESPONSE BY BEHRAM V. PAREKH TO APPLICATIONS FOR APPOINTMENT TO THE PLAINTIFFS' STEERING COMMITTEE**

Multiple qualified attorneys have asked this Court to appoint them to the Plaintiffs' Steering Committee ("PSC"). All of these applicants have experience in MDL and class action litigation, and some also have specific experience in data breach and privacy litigation, as do those counsel that have submitted applications for lead and liaison positions.[1] None of those applicants, however, have the comprehensive background in computer systems and expertise in electronic discovery, combined with the resources of a well established law firm, which is represented by the application of Behram V. Parekh and Kirtland & Packard LLP for appointment to the PSC.

The only other application that claims specific experience in computer systems is the application of Mr. Koluncich [D.E. 39]. Mr. Koluncich's expertise, however, appears to be limited and recently acquired, as his resume states that he is currently enrolled a study program in computer security. That simply does not compare to the decades of experience in computer systems brought by Mr. Parekh. Further, Mr. Koluncich is a sole practitioner and therefore also asks that an associated law firm, Cuneo, Gilbert & LaDuca LLP, be appointed to the PSC, while

[1] Mr. Parekh and Kirtland & Packard LLP take no position as to who, from amongst the many qualified candidates, this Court should appoint as lead and liaison counsel.

Mr. Parekh's firm has the staff, background, and resources to assist lead counsel in all aspects of the litigation without the need for an additional appointment.

Further, not just Mr. Koluncich, but each of the other applicants for a PSC position, also specifically supports additional counsel for appointment as lead counsel, liaison counsel, and/or steering committee members. Mr. Parekh and his firm, however, are independent of any web of obligations to the other applicants, and will be able to work efficiently and cooperatively with whomever this Court chooses to lead this litigation.

Federal Rule of Civil Procedure 23(g)(2) states, when appointing class counsel, "[i]f more than one adequate applicant seeks appointment, the court must appoint the applicant best able to represent the interests of the class." Fed. R. Civ. P. 23(g)(2). The same analysis holds true when selecting counsel to lead this MDL. The purpose of appointing members to a steering committee should be to complement, rather than duplicate, the experience and expertise of whoever this Court appoints as lead counsel. No other attorney or firm seeking appointment as lead or liaison counsel, nor as a member of the PSC, has identified the type of specific knowledge, experience, and expertise in computer systems and e-discovery brought by Mr. Parekh – knowledge, experience, and expertise directly relevant to central and critical issues in this case. Therefore, Mr. Parekh and Kirtland & Packard respectfully request that Mr. Parekh be appointed to the PSC so that he may contribute his expertise in computer systems and electronic discovery to the efficient and effective prosecution of this litigation.

DATED: January 4, 2016            Respectfully submitted,

                                  By: /s/ Behram V. Parekh
                                  Behram V. Parekh
                                  **KIRTLAND & PACKARD LLP**
                                  2041 Rosecrans Ave, Third Floor
                                  El Segundo, CA 90245
                                  Tel: 310-536-1000
                                  Fax: 310-536-1001
                                  Email: bvp@kirtlandpackard.com

                                  *Counsel for Plaintiff Victor Hobbs and all others similarly situated*