**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| IN RE: U.S. OFFICE OF PERSONNEL MANAGEMENT DATA SECURITY BREACH LITIGATION | ) ) ) ) ) ) | Misc. Action No. 15-1394 (ABJ) MDL Docket No. 2664 |
| This Document Related To: ALL CASES | ) ) ) ) ) | |

**PLAINTIFF RYAN BONNER'S RESPONSE TO APPLICATIONS
FOR APPOINTMENT OF INTERIM CLASS COUNSEL**

Plaintiff Ryan Bonner respectfully submits this response to the applications for appointment of interim class counsel that have been filed in the above-captioned matter, and in further support of his application for the appointment of Cooper & Kirk, PLLC ("Cooper & Kirk") and Kessler Topaz Meltzer & Check, LLP ("Kessler Topaz"), as Interim Co-Lead Class Counsel, and of David H. Thompson, of Cooper & Kirk, as Interim Liaison Class Counsel (ECF Nos. 35 & 36) (the "Application").

**I.   THE APPLICATIONS BEFORE THE COURT**

Now pending before the Court are a total of thirteen (13) applications for lead, co-lead, steering committee and/or liaison counsel. At essence, though, and for the Court's convenience, the petitions can be broken down as such:

**Counsel Seeking to Lead the Litigation**

- Girard Gibbs LLP

- Kessler Topaz/Cooper & Kirk (with David H. Thompson as liaison counsel)

- Joel H. Bernstein, Labaton Sucharow LLP

**Counsel Seeking a Leadership Position – Lead, Co-Lead, or Steering Committee**

- John A. Yanchunis, Morgan & Morgan Complex Litigation Group
- Norman Siegel, Stueve Siegel Hanson LLP

**Counsel Seeking to Be a Member of a Steering Committee**

- Mark R. Rosen, Barrack, Rodos & Bacine
- Kohn Swift & Graf, P.C.
- Behram V. Parekh, Kirtland & Packard LLP
- Federman & Sherwood
- Tina Wolfson, Ahdoot & Wolfson, PC
- Nicholas Koluncich, Law Offices of Nicholas Koluncich III, LLC
- Charles J. LaDuca, Cuneo Gilbert & LaDuca, LLP

**Counsel Seeking Appointment as Liaison Class Counsel**

- Gary E. Mason, Whitfield Bryson & Mason LLP
- Hassan A. Zavareei, Tycko & Zavareei, LLP (or co-liaison or Steering Committee)
- J. Jonathan Schraub, Sands Anderson PC

A review of these applications and their supporting memoranda confirms not only that the appointment of interim co-lead class counsel is appropriate, in light of the complexity and size of this case, but also that Cooper & Kirk and Kessler Topaz are the candidates best-suited for those roles.

II.   **COOPER & KIRK AND KESSLER TOPAZ POSSESS THE NECESSARY SKILLS AND EXPERIENCE**

As explained in Plaintiff's Application, litigating this case will require a diverse range of legal skills and expertise.  *See* ECF No. 36 at 4–5.  Lead counsel must not only be familiar with

2

large-scale data breaches and be able to manage complex class actions but also must have expertise in the Administrative Procedure Act, the Privacy Act, and the various potential jurisdictional obstacles and governmental defenses, including the state secrets privilege, that stand in the way whenever a party is seeking to sue an agency of the federal government. This range of skills is rarely possessed by a single firm and, as the applications now pending before the Court reveal, are not possessed by any single firm seeking a leadership position in this proceeding.

Working together, however, Cooper & Kirk and Kessler Topaz have assembled a team that possesses precisely the mix of complex litigation experience that the class will need to effectively and efficiently prosecute its claims. *See* ECF No. 36 at 7–19. Both firms have extensive experience representing plaintiffs and have obtained billions of dollars in relief. Kessler Topaz has unparalleled experience litigating multidistrict and complex class actions, including groundbreaking data breach cases. Cooper & Kirk has a depth of knowledge and experience in suing the federal government to remedy unlawful agency actions, to obtain compensation for breaches of contract and for takings of private property, and to protect the constitutional rights of individual Americans, among other things. Together, they create a litigation team that could ably manage the varied and diverse dimensions of this litigation. Further, because Mr. Thompson is a local attorney who practices extensively in the District of Columbia, he is well suited for the role of Interim Liaison Class Counsel.[1]

As their applications reveal, while the other firms seeking a role as interim lead class counsel have extensive experience as plaintiffs' lawyers, they nonetheless lack the expertise in

---

[1] In the alternative, Mr. Thompson would be amenable to serving as Co-Liaison Class Counsel with current liaison counsel, Gary Mason, should the Court prefer two individuals in that role.

litigation against the federal government that Cooper & Kirk possesses[2] combined with the experience with large, complex MDLs and consumer/investor class actions, including a historically successful data breach case against Target Corporation, that Kessler Topaz brings to the table.[3]  Only Cooper & Kirk and Kessler Topaz together offer the breadth of experience and depth of specialized expertise that will be needed to see this case through to its conclusion.

### III.   COOPER & KIRK AND KESSLER TOPAZ HAVE TAKEN THE LEAD IN PROGRESSING THIS LITIGATION

Cooper & Kirk and Kessler Topaz are, moreover, prepared to assume the role of Interim Co-Lead Class Counsel immediately, given their substantial roles to date.  In particular, Cooper & Kirk and Kessler Topaz have participated fully and actively in the conduct of this litigation, identifying potential plaintiffs, speaking to numerous potential class members and formulating

---

[2] Mr. Mason asserts that once this case reaches the discovery phase, the importance of the "distinction between public and private defendants" will be diminished. ECF No. 44 at 2.  But given the privileges available to the government that are not available to private defendants, the importance of this distinction will persist throughout discovery. Indeed, the defendants have already indicated that this case could implicate the state secrets privilege. *See* ECF No. 15 at 11.  Cooper & Kirk has extensive experience in litigation involving government privileges, including the state secrets privilege. *See, e.g.*, *General Dynamics Corp. v. United States*, 563 U.S. 478 (2011).

[3] Kessler Topaz's Target team was led by Naumon Amjed, who was appointed to the national executive committee representing financial institutions, and was substantially involved in defeating Target's motion to dismiss and certifying a nationwide class, as well as conducting fact and expert discovery.  Mr. Amjed has been actively involved in this litigation – preparing the original complaint on which he is named, participating in plaintiffs' counsel meetings (including personally attending the meeting in Washington, DC on November 17, 2015), and helping to prepare submissions to the Court, *inter alia* – and will continue to be substantively involved going forward.  Edward Ciolko also participated in the Target litigation from the beginning.  As noted in the Application, Kessler Topaz's privacy law expertise also includes Mr. Ciolko's extensive experience with the Federal Trade Commission first as law clerk and then ***primarily*** as an attorney-advisor to Commissioner Sheila Anthony, dealing with then emergent privacy and data protection issues having to do with multiple federal statutes and regulations (including the Gramm-Leach-Bliley Financial Modernization Act of 1999 and the HIPAA Privacy Rule) and a survey of state law.

their legal bases for relief, working with co-counsel to develop the Joint Status Report that was presented to the Court on December 8, 2015, and negotiating with the government to ensure that the rights of the putative class members are not compromised while this action is pending. Indeed, with the organizational aid of Mr. Mason, Mr. Ciolko, and Daniel Girard of Girard Gibbs have been the primary, though certainly not exclusive, drivers working through issues on plaintiffs' counsel calls and drafts, as well as group discussions with defense counsel. Further, Mr. Ciolko, with the support or non-objection of Mr. Mason and the other involved plaintiffs' counsel, has taken the lead in negotiating with the government regarding the offer to class members of "credit monitoring, identity monitoring, identity theft insurance and identity restoration services for the next three years through ID Experts." Kessler Topaz and Cooper & Kirk continue in their attempts to obtain additional information from the government about the offer and to confirm that it does not limit or otherwise alter the rights or potential recovery of class members in this litigation. *See* ECF No. 36 at 7.[4]

### IV. PLAINTIFF'S PROPOSED LEADERSHIP STRUCTURE IS IN THE BEST INTERESTS OF THE CLASS

As set forth in Plaintiff's Application and above, the interests of the class would best be served by a leadership structure that adequately reflects the distinct expertise that will be required to litigate the various aspects of this case, *see* Status Conference Hr'g Tr. 32, Dec. 15, 2015 (noting the importance of "MDL and data breach" and "Privacy Act and APA experience"), and the co-lead structure proposed by Cooper & Kirk and Kessler Topaz accomplishes this goal.

Other plaintiffs' counsel have suggested that the leadership structure be divided between

---

[4] This process is ongoing. There has not been agreement to date with Defendants on these issues. Mr. Ciolko and the group will continue to engage Defendants and hopefully will have no need of the Court's assistance.

counsel representing union plaintiffs and counsel representing non-union plaintiffs. *See* Status Conference Hr'g Tr. 28, Dec. 15, 2015 ("there is a distinction—not necessarily an adversarial distinction, but there is a distinction to be made" between union and non-union employees that "would militate in favor of two co-lead counsel."). Plaintiff respectfully submits that the interest in having lead counsel possess the substantive expertise required to litigate this case – as proposed herein – should predominate over any interest in assuring that counsel for both union and non-union plaintiffs are represented. However, to the extent the Court were to view the union/non-union distinction as an important one, Plaintiff alternatively suggests that Cooper & Kirk or Kessler Topaz be appointed co-lead counsel with Girard Gibbs, with the other appointed to a Steering Committee, which would ensure that the leadership structure possesses expertise litigating against the federal government, managing complex class actions and litigating data breach cases, while also including counsel for both union and non-union plaintiffs.[5]

The chart above shows that only three of the applications before the Court seek to lead the litigation. Some are prepared to be lead, but are willing and able to serve in a Steering Committee or other capacity; others are looking for a Steering Committee position. A select group of these plaintiffs' counsel, as noted in the initial application of Gary E. Mason (ECF No. 23 at 5), have to date worked together amicably and effectively during the early stages of this litigation. Cooper &

---

[5] Girard Gibbs, LLP, which undoubtedly has experience leading data breach actions, proposes a leadership structure with it serving as sole lead counsel. *See* ECF No. 34. Plaintiff respectfully submits, however, that this one-firm structure is not appropriate, given the size of the class and the unique legal issues which will likely arise. Notably, Girard Gibbs has recently supported a substantially larger leadership structure in *Experian*—another data breach action that concerns a smaller putative class and does not implicate any of the complex issues associated with litigating against the government (i.e., APA, Privacy Act, governmental privileges). *See In re Experian Data Breach Litig.*, No. 8:15-cv-01592 (C.D. Cal.), ECF Nos. 81 & 92 (proposing two co-lead firms and ***seven*** steering committees firms).

Kirk and Kessler Topaz are the right choice to lead this litigation, but are likewise willing to work within whatever leadership structure the Court should determine is best suited to advancing the interests of the putative class members, including the creation of a small Steering Committee from the group described in Mr. Mason's initial application. *Id.* at n.1.[6]

## V.     CONCLUSION

For all of the foregoing reasons, the Court should appoint Cooper & Kirk and Kessler Topaz to serve as Interim Co-Lead Class Counsel and should appoint David H. Thompson as Interim Class Liaison Counsel.

Date:   January 5, 2016                                   Respectfully submitted,

*/s/ David H. Thompson*
David H. Thompson (Bar No. 450503)
dthompson@cooperkirk.com
**COOPER & KIRK, PLLC**
1523 New Hampshire Avenue, N.W.
Washington, D.C. 20036
(202) 220-9600
(202) 220-9601 (fax)

Edward Ciolko*
eciolko@ktmc.com
**KESSLER TOPAZ**
 **MELTZER & CHECK LLP**
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 822-0242
Facsimile: (610) 667-7056

**Admission Pending*

***Attorneys for Plaintiff Ryan Bonner***

---

[6] Cooper & Kirk and Kessler Topaz have discussed potential leadership structures with most of the attorneys in the group identified by Mr. Mason, in an attempt to gain a consensus for the Court. To date, these efforts have not been successful.  Cooper & Kirk and Kessler Topaz will continue to work with other plaintiffs' counsel in this regard.

**CERTIFICATE OF SERVICE**

I hereby certify that on this 5th day of January, 2016, a true and correct copy of the foregoing Response to Applications for Appointment of Interim Class Counsel was served with the Clerk of the Court using the CM/ECF system and upon all counsel of record.

*/s/ David H. Thompson*
David H. Thompson (Bar No. 450503)
