**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| IN RE: U.S. OFFICE OF PERSONNEL MANAGEMENT DATA SECURITY BREACH LITIGATION ) ) ) ) ) | Misc. Action No. 15-1394 (ABJ) MDL Docket No. 2664 |
| This Document Relates to: ) ) ) ) | |
| ALL CASES ) | |

**MEMORANDUM IN RESPONSE TO APPLICATIONS, AND IN FURTHER SUPPORT OF APPLICATION OF NICHOLAS KOLUNCICH III, FOR APPOINTMENT TO PLAINTIFFS' STEERING COMMITTEE**

Pursuant to the Court's Minute Order of December 21, 2015 clarifying its December 15, 2015 Order and Rule 23(g) of the Federal Rules of Civil Procedure a, Plaintiff Micaela Brown, on behalf of herself and all others similarly situated, by and through undersigned Counsel, Nicholas Koluncich of The Law Offices of Nicholas Koluncich III, LLC, respectfully submits this, her memorandum of law in response to the multiple applications for appointment to the Steering Committee and in further support of the application of Nicholas Koluncich to serve on Plaintiffs' Steering Committee in this matter. For the reasons stated in the initial application, and below, Nicholas Koluncich sufficiently appreciates that the OPM Data breach is an urgent matter with grave national security implications and is committed to applying his specialized *technical* knowledge of computer security and legal computer privacy experience to work efficiently with any counsel who shares this concern. In support of the application, I, Nicholas Koluncich, aver as follows:

1. I satisfy and exceed the requirements of Rule 23(g)(1) to the extent that I have already committed considerable time effort into this case and possess certain technical and legal

1

experience which will be of considerable use to the plaintiff's team. As is well known to the Court, it is charged with considering "(i) the work counsel has done in identifying and investigating potential claims in the action; (ii) Counsel's expertise in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class." I have and shall continue to apply my years of class action experience and current computer security studies to the aggressive prosecution of this data breach litigation, which I understand has grave national security implications.

2. Along with Charles J. LaDuca, Esq. of Cuneo, Gilbert & LaDuca, LLP, I have performed a great deal of work in this matter, thereby positioning us to effectively implement the contemplated litigation plan in concert with lead counsel. We jointly DRAFTED discovery and I formulated a litigation plan based upon a careful reading and technical interpretation of the limited information made available from the "Office of Personnel Management Federal Information Security Management Act Audit" of 2012, the limited press releases and class member notifications, testimony before the "Committee on Oversight and Government Reform United States House of Representatives on 'OPM Data Breach'" and a search of open source information about the OPM Breach, the facts of which have been obscured.

3. This firm has bolstered its own computer security to adequately secure the anticipated discovery. Additionally, I have commenced the process of obtaining the security clearances that it is anticipated will be necessary to receive the discovery information.

4. I am currently enrolled as an undergraduate studying computer security. This lawsuit has, in fact, been the subject of in-classroom discussion with various computer security

professionals and students, which discussions have resulted in ideas for the effective protection of the sensitive personal data going forward.

5.   I have personally spent many hours studying what has been disclosed about the RAT ("Remote Access Tool") which was evidently loaded into one or more OPM computer systems and the possible reasons why the data exfiltration resulting therefrom resulted in the troubling exposure of sensitive personal data spanning three decades.

6.   I have consulted informally with others in the computer science field in an effort to determine what can be done in the near term to economically-and which must be done as a matter of national security.  Centered on bolstering electronic defenses and re-notification of the affected class members, an economical path to correction of the technical and personal vulnerabilities has emerged.

7.   Computer privacy litigation was a major focus of my practice and I have developed topical technical computer security expertise in my current course of study.  Few lawyers are ever able to maintain a solo career in the Plaintiff's class bar.  I have been involved in many computer technology, data breach and data privacy actions, including: *In Re: Sony BMG CD Technologies Litig.,* No. 1:05-CV-09575 (S.D.N.Y.);  *In Re: America Online, Inc. Version 5.0 Software,* No. MDL-1341 (S.D. Fla.); *In Re: Amazon.com/Alexa Internet Privacy Litig.,* No. MDL-1346 (W.D. Wash.);  *In Re: DoubleClick Inc. Privacy Litig.,* No. MDL-1352 (S.D.N.Y.); I*n Re: Sony BMG CD Technologies Litig.,* No. 1:05-CV-09575 (S.D.N.Y.) ; *In Re: Toys R Us, Inc. Privacy Litig.,* No. MDL-1381 (N. D. Cal.); *Switaj v. Experian North America, Inc. and T-Mobile,* 1:15-cv-01162-WJ-SCY (D.N.M.).  One of my most significant contributions to the American Legal lexicon was my revival of the ancient "Trespass to Chattels" cause of action in a computer privacy litigation.

8.     I also have extensive experience in other complex litigation, including many class actions and individual litigations, principally involving shareholder and consumer claims in State and Federal Courts across the country.  Currently admitted in California and New Mexico, I have resided and practiced in New Mexico in recent years and have served as Liaison Counsel in *Lane v. Page*, 2006-CV-01071 (D.N.M.), *Genesse County Employees' Retirement System, et al, v. Thornburg Mortgage, Inc.,* 09-CV-00300 (D.N.M.) and counsel in *Prissert v, Emcore,* 2008-CV-01190 (D.N.M.). I bring over 15 years of legal experience to bear in class and individual actions and cutting edge knowledge of computer security.

9.     I look forward to the opportunity to work with all counsel who agree that this matter is one of grave national security and who view their work in this case as their solemn patriotic duty.  I take no position on the respective applicants for lead or liaison counsel but believe that a case of this complexity and size will probably benefit from a dual lead and liaison structure with several members on the Steering Committee  To enhance litigation efficiencies, I would advocate this cooperative approach among multiple different clients and cases, with the use of equitable distribution of labor, sharing of information and periodic reporting of hours to ensure that the different skill sets are optimally deployed in this case.  This case is far more important to the country than to any individual.

10.    I respectfully submit that I would bring to the Steering Committee a valuable combination of cutting edge computer security knowledge and complex litigation experience, as well as a demonstrated passion for computer security litigation, generally, and this litigation, in particular.

January 5, 2015                                    Respectfully Submitted,

                                                                /s/ Nicholas Koluncich III
                                                              Nicholas Koluncich III
                                                              LAW OFFICES OF NICHOLAS KOLUNCICH III, LLC
                                                              500 Marquette Avenue NW- Suite 1200
                                                              Albuquerque, NM 87102
                                                              TEL (505) 881-2228
                                                              FAX (505) 881-4288
                                                              nkoluncich@newmexicoclassactions.com