UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE: U.S. OFFICE OF PERSONNEL ) <br> MANAGEMENT DATA SECURITY ) <br> BREACH LITIGATION ) <br> ) <br> This Document Relates to: ) <br>    ALL CASES ) | <br><br><br>Misc. Action No. 15-1394 (ABJ) <br>MDL Docket No. 2664 |

**FEDERMAN & SHERWOOD'S RESPONSE TO APPLICATIONS FOR LEAD
COUNSEL, LIAISON COUNSEL AND/OR PLAINTIFFS' STEERING COMMITTEE**

COMES NOW counsel for Plaintiff Gary Cox, *Cox v. United States Office of Personnel Management, et al*, Case No. 15-1930, FEDERMAN & SHERWOOD (William B. Federman and Carin L. Marcussen) (hereinafter, "Movant"), and pursuant to the *Order* filed 12/15/2015 [Dkt.. No. 19], submits this response to the various applications for Appointment as Plaintiffs' Interim Lead or Co-Lead Counsel, Liaison Counsel, and/or to the Plaintiffs' Steering Committee.

While each of the applicants for leadership positions (lead, liaison, and/or steering committee) stress their qualifications to serve, Movant urges the Court to appoint a diverse panel of attorneys to leadership positions in this case. As recognized by the Court, although this case has similarities to other MDL proceedings and data breach, Privacy Act, and Administrative Procedures Act cases, the situation presented here is unique. Thus, although many of the law firms seeking positions have similar experience in the related types of cases, experience should not be the determining factor and, indeed, over-emphasis on this factor favors 'repeat' players or the "good ol' boy" network, which is not beneficial to the class. *See* Elizabeth Chamblee Burch, Judging Multidistrict Litigation, 90 N.Y.U. L. Rev. 71 (Apr. 2015). Especially in a case such as this, which involves novel issues requiring the lawyers representing the class (and, potentially, subclasses) to think creatively in order to achieve a result that addresses the varied concerns of the members of the plaintiff class(es). Diversity among the leadership panel will help with that goal.

1

Id. at 120-121.  Movant suggests that in looking for a cognitively diverse leadership panel, the Court consider not only the applicants' identity diversity (race, age, gender, etc.), but also the diversity of their experience and their geographic diversity (after all, class members reside throughout the U.S. and its territories).  Movant provides both gender and geographic diversity to the leadership panel[1] and brings different experiences to the table than the lead counsel who frequently manage MDL proceedings.

Moreover, the Court should consider the diversity of the plaintiff class' interests.  Id. at 122-123.  Here, the proposed plaintiff class(es) includes both current and federal employees, (both union and non-union, both with and without security clearances), and current and former government contractors, (who although never employed directly by the federal government, provided sensitive, confidential, personal information to the government in order to obtain security clearances to perform under their contracts).  The compromised data varies for each of these groups and presents different risks for each.  To ensure that all class members' interests are adequately represented, the leadership panel should include attorneys with existing clients who have standing in each of these categories.  Movant has clients with standing that include current and former non-union federal employees and a current federal contractor, ensuring that with Movant's appointment to the Steering Committee these categories of class members will have a voice heard by the leadership of the case.  Furthermore, Movant's clients have been vetted and are willing to invest their time to serve as class representatives.

Too 'lean' of a leadership panel presents the risk of a dictatorial approach to the litigation that lacks the ability or motive to consider alternative approaches, which may go unnoticed or not be fully appreciated, without a diverse leadership panel.  On the other hand, too large of a

---

[1] See *Plaintiff Gary Cox's Application for Appointment of Federman & Sherwood to Plaintiffs' Steering Committee and Brief in Support,* filed 12/22/2015, Dkt. No. 32, Pgs.4-7, Section B.

leadership panel presents the risk of being cumbersome and inefficient. Accordingly, Movant suggests that the Court appoint a leadership structure comprised of one liaison, two co-lead counsel, and a Steering Committee of at least three law firms who should be actively engaged in these proceedings and participate in developing and formulating the case strategy.

WHEREFORE, for the reasons set forth herein as well as in Movant's Application, Movant requests an order of the court appointing FEDERMAN & SHERWOOD to Plaintiffs' Steering Committee.

DATED:  January 5, 2016                                    Respectfully submitted,

FEDERMAN & SHERWOOD

*/s/ Carin L. Marcussen*
William B. Federman, Esq.
    wbf@federmanlaw.com
Carin L. Marcussen, Esq.
    clm@federmanlaw.com
10205 N. Pennsylvania Ave.
Oklahoma City, OK 73120
Telephone: (405) 235-1560
Facsimile:  (405) 239-2112
    -and-
2926 Maple Ave., Ste. 200
Dallas, TX  75201
Telephone:  (214) 696-1100
Facsimile:  (214) 740-0112

*Attorney for Plaintiff Gary Cox, et al*

## CERTIFICATE OF SERVICE

I hereby certify that on January 5, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will automatically transmit a copy to registered CM/ECF users listed on the Notice of Electronic Filing.

*/s/ Carin L. Marcussen*