**PLAINTIFFS' APPENDIX OF LAW REGARDING THE ECONOMIC LOSS RULE ("ELR")**

| State | Plaintiff(s) | Is the ELR arguably applicable to Plaintiffs' negligence claims? | If so, what exceptions (if any) apply in this case? | Allegations in support |
|---|---|---|---|---|
| AL | Toralf Peters (¶ 42) | **No.** ELR only applies in products liability cases. *Vesta Fire Ins. Corp. v. Milam & Co. Const.*, 901 So.2d 84, 107 (Ala. 2004) (ELR does not apply absent a finding that damage was caused by a "product" within the reach of Alabama's products liability statutes); *AGF Marine Aviation Transp. v. LaForce Shipyard, Inc.*, 2006 WL 2402345, at *2 (S.D. Ala. Aug. 18, 2006) (same); *see, e.g.*, *Bay Lines, Inc. v. Stoughton Trailers, Inc.*, 838 So.2d 1013, 1019 (Ala. 2002) (buyer sued manufacturers on warranty, contract, and product liability theories; court disallowed recovery "where the only injury is to the product itself."); *see also Public Bldg. Auth. of City of Huntsville v. St. Paul Fire & Marine Ins. Co.*, 80 So.3d 171, 184-85 (Ala. 2010). Federal courts, too, have held that Alabama's ELR does not apply outside the products liability context. *Tull Bros. v. Peerless Prods., Inc.*, 953 F. Supp. 2d 1245, 1256-57 & n.7 (S.D. Ala. 2013); *In re Syngenta AG MIR 162 Corn Litig.*, 131 F. Supp. 3d 1177, 1198 (D. Kan. 2015). | (ELR not applicable.) | (Not applicable.) |
| AZ | Travis Arnold (¶ 13) | **No**. ELR only applies in construction and product defect cases, and has been explicitly found not to apply in a data breach case. *Cumis Ins. Soc., Inc. v. Merrick Bank Corp.*, 2008 WL 4277877, at *7 (D. Ariz. Sept. 18, 2008) (ELR did not apply to negligence claim in data breach case because "the economic loss rule is not broadly applied in Arizona … [and Arizona courts] only appl[y] the economic loss rule in construction and product defect cases"). | (ELR not applicable.) Even were ELR applicable, the doctrine does not apply in "accident" situations. *Cf. Cumis*, 2008 WL 4277877, at *8 ("The data security breach is comparable to a tortious 'accident' and the damages are of a type that caused economic harm …. The Court finds … tort remedies are available [and] dismissal of the tort claims based on the economic loss rule is not appropriate."). | ¶¶ 13, 163 (damages sustained by Arnold and others) |

| State | Plaintiff(s) | Is the ELR arguably applicable to Plaintiffs' negligence claims? | If so, what exceptions (if any) apply in this case? | Allegations in support |
|---|---|---|---|---|
| **CA** | Michael Hanagan (¶ 34) <br><br> Mario Sampedro (¶ 43) | **Yes**. | California recognizes the "special relationship" ELR exception. <br><br> Courts apply a six-factor totality of the circumstances test to determine whether a plaintiff may recover purely economic losses resulting from the negligent performance of services. *J'Aire Corp. v. Gregory*, 598 P.2d 60, 62-63 (Cal. 1979) (special relationship precluded ELR application). <br><br> The six "*J'Aire* factors" are: <br>  (1) the extent to which the transaction was intended to affect the plaintiff; <br>  (2) the foreseeability of harm to the plaintiff; <br>  (3) the degree of certainty that the plaintiff suffered injury; <br>  (4) the closeness of the connection between the defendant's conduct and the injury suffered; <br>  (5) the moral blame attached to the defendant's conduct; and <br>  (6) the policy of preventing future harm. | The *J'Aire* factors are satisfied here. Plaintiffs allege that the parties were in a "special relationship" (¶ 221) and that: (1) KeyPoint's data security failures were reckless and Plaintiffs would not have permitted KeyPoint to access their GII had KeyPoint disclosed the inadequacy of its security measures (¶¶ 237, 242); (2) the harm to Plaintiffs was foreseeable (¶¶ 217, 219, 223, 242); (3) Plaintiffs suffered a variety of injuries, including economic loss (¶¶ 7, 13-50, 163); (4) Plaintiffs' injuries flowed directly from the breach (¶¶ 163, 225); (5) the degree of negligence here is severe—a strong moral blame is connected with KeyPoint's reckless failure to protect their GII (¶ 242); and (6) there is a strong public policy to protect sensitive personal information, as recognized in California statutory and constitutional law (¶¶ 243, 262(a), 264-65). |

2

| State | Plaintiff(s) | Is the ELR arguably applicable to Plaintiffs' negligence claims? | If so, what exceptions (if any) apply in this case? | Allegations in support |
|---|---|---|---|---|
| **D.C.** | AFGE (¶¶ 11-12) | **Yes.** *Aguilar v. RP MRP Washington Harbour, LLC*, 98 A.3d 979 (D.C. 2014). | D.C. recognizes the special relationship ELR exception. *Aguilar*, 98 A.3d at 985 & n.3; *In re Target Corp. Data Sec. Breach Litig.*, 66 F. Supp. 3d 1154, 1172-73 (D. Minn. 2014) (upholding data breach claim under D.C. law in light of special relationship exception). | ¶ 221 (special relationship) |
| **FL** | Paul Daly (¶ 21) Johnny Gonzalez (¶ 30) Lillian Gonzalez-Colon (¶ 31) Hon. Teresa J. McGarry (¶ 40) | **No.** ELR only applies in the products liability context. *Tiara Condo. Ass'n, Inc. v. Marsh & McLennan Companies, Inc.*, 110 So.3d 399, 400, 407 (Fla. 2013) ("We … hold that the application of the economic loss rule is limited to products liability cases. Therefore, we recede from prior case law to the extent that it is inconsistent with this holding."). | (ELR not applicable.) | (Not applicable.) |
| **GA** | Timothy Sebert (¶ 44) | **Yes**. *ASC Const. Equip. USA, Inc. v. City Comm. Real Estate, Inc.*, 693 S.E.2d 559, 566 (Ga. Ct. App. 2010) (ELR "generally provides that a contracting party who suffers purely economic losses must seek his remedy in contract and not in tort."). | Georgia recognizes the independent duty ELR exception. *In re: The Home Depot, Inc., Customer Data Sec. Breach Litig.*, 2016 WL 2897520, at *3 (N.D. Ga. May 18, 2016) (upholding Georgia claim arising from data breach, where plaintiffs alleged independent duty); *Target*, 66 F. Supp. 3d at 1173 (same). Here, KeyPoint owed and breached an independent duty of care. *Home Depot*, 2016 WL 2897520, at *3 ("Georgia recognizes a general duty 'to all the world not to subject them to an unreasonable risk of harm.' … [D]isabling security features and ignoring warning signs of a data breach, are sufficient to show that the retailer caused foreseeable harm …. This Court therefore finds that an independent duty existed, barring application of" the ELR). | ¶¶ 217-24 (duty of care at common law) ¶¶ 220, 246-47 (duty pursuant to FCRA) ¶¶ 231-38 (negligent misrepresentation claim) |

3

| State | Plaintiff(s) | Is the ELR arguably applicable to Plaintiffs' negligence claims? | If so, what exceptions (if any) apply in this case? | Allegations in support |
|---|---|---|---|---|
| | | | In addition, under Georgia law, there is an independent duty "to avoid causing 'a sudden and calamitous event which … poses an unreasonable risk of injury to other persons or property.'" *Argonaut Midwest Ins. Co. v. McNeilus Truck & Mfg.*, Inc., 2013 WL 489141, at *4 (N.D. Ga. Feb. 8, 2013) (citing *Vulcan Materials Co., Inc. v. Driltech, Inc.*, 306 S.E.2d 253, 256 (Ga. 1983)).<br><br>Under the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA"), KeyPoint had a duty to maintain reasonable procedures to ensure the confidentiality and proper utilization of Plaintiffs' personal information.<br><br>Georgia also recognizes the ELR exception based on negligent misrepresentation, *City of Cairo v. Hightower Consulting Engineers, Inc.*, 629 S.E.2d 518, 525 (Ga. Ct. App. 2006), and Plaintiffs assert a negligent misrepresentation claim here. | |
| ID | John Doe II (¶ 25) | **Yes.**<br>ELR bars a negligence claim for economic loss except if there is a special relationship between the parties or unique circumstances call for a reallocation of the risk. *Just's, Inc. v. Arrington Const. Co.*, 583 P.2d 997, 1005 (Idaho 1978).<br><br>Idaho's special relationship exception, while applied narrowly, applies where—as here—"an entity holds itself out to the public as having expertise regarding a specialized function, and by so doing, knowingly induces reliance on its performance of that function." *Aardema v. U.S. Dairy Sys., Inc.*, 215 P.3d 505, 512 (Idaho 2009). | The special relationship exception and the unique circumstances exception apply. *Just's*, 583 P.2d at 1005 (recognizing "there are exceptions to this rule against the recovery of purely economic losses, and the rule need not be applied mechanically" and that "such exceptions generally involve a special relationship between the parties, or unique circumstances requiring a different allocation of risk.") (internal citations omitted); *see, e.g.*, *Target*, 66 F. Supp. 3d at 1173-74 (upholding data breach claim under Idaho law given the unique circumstances). | ¶ 221 (special relationship)<br><br>¶¶ 75-77, 144, 231-37 (KeyPoint collected and stored uniquely private facts, and promised to safeguard them in the course of performing its specialized investigatory services, which induced Plaintiffs' reliance) |

| State | Plaintiff(s) | Is the ELR arguably applicable to Plaintiffs' negligence claims? | If so, what exceptions (if any) apply in this case? | Allegations in support |
|---|---|---|---|---|
| IL | Gardell Branch (¶ 17) Cynthia King-Myers (¶ 38) | **Yes**. *Fireman's Fund Ins. Co. v. SEC Donohue, Inc.*, 679 N.E.2d 1197, 1199 (Ill. 1997). | Illinois recognizes an ELR exception for independent duties arising outside of a contract for services whose product is intangible. *Congregation of the Passion, Holy Cross Province v. Touche Ross & Co.*, 636 N.E.2d 503, 514-15 (Ill. 1994) ("The evolution of the economic loss doctrine shows that the doctrine is applicable to the service industry only where the duty of the party performing the service is defined by the contract that he executes with his client. Where a duty arises outside of the contract, the economic loss doctrine does not prohibit recovery in tort for the negligent breach of that duty. The present case involves professional malpractice by an accounting firm…. [¶] Application of the *Moorman* doctrine limiting recovery of purely economic losses to contract … is inappropriate where a relationship results in something intangible."); *but see In re Michaels Stores Pin Pad Litig.*, 830 F. Supp. 2d 518 (N.D. Ill. 2011) (concluding, incorrectly, that the exception defined in *Congregation of the Passion* is restricted to professional services).<br><br>KeyPoint—which provided intangible services—owed and breached an independent duty of care. *Cf. Cunis v. Brennan*, 308 N.E.2d 617, 619 (Ill. 1974) ("Negligence … is conduct which falls below the standard established for the protection of others against unreasonable risk of harm…. [W]hat the reasonably prudent person [w]ould then have foreseen as likely to happen, is the key'") (quotation marks and citations omitted). | ¶¶ 217-24 (duty of care in performance of services whose product was intangible, *i.e.*, a job or security clearance)<br><br>¶¶ 220, 246-47 (duty pursuant to FCRA)<br><br>¶¶ 254, 256(d) (duty pursuant to Illinois statutes prohibiting unfair or deceptive trade practices)<br><br>¶¶ 231-38 (negligent misrepresentation claim) |

| State | Plaintiff(s) | Is the ELR arguably applicable to Plaintiffs' negligence claims? | If so, what exceptions (if any) apply in this case? | Allegations in support |
|---|---|---|---|---|
| | | | Also, under FCRA, 15 U.S.C. § 1681, *et seq.*, KeyPoint had a duty to maintain reasonable procedures to ensure the confidentiality and proper utilization of Plaintiffs' personal information.<br><br>KeyPoint had a duty pursuant to Illinois statutes not to engage in unfair or deceptive conduct.<br><br>Further, Illinois recognizes the negligent misrepresentation ELR exception. *Moorman Mfg. Co. v. Nat'l Tank Co.*, 435 N.E.2d 443, 452 (Ill. 1982). | |
| IN | Robert Crawford (¶ 20) | **Yes.**<br>*Indianapolis-Marion Cnty. Pub. Library v. Charlier Clark & Linard, P.C.*, 929 N.E.2d 722, 730 (Ind. 2010). | The Indiana Supreme Court has endorsed the special relationship and negligent misrepresentation exceptions. *Indianapolis-Marion Cnty.*, 929 N.E.2d at 736 ("[O]ur default position … is that *in general,* there is no liability in tort for pure economic loss caused unintentionally.  But … the rule is a *general* rule … open to appropriate exceptions, such as (for purposes of illustration only) lawyer malpractice, breach of a duty of care owed to a plaintiff by a fiduciary, … and negligent misstatement.") (emphasis in original). | ¶ 221 (special relationship)<br><br>¶¶ 231-38 (negligent misrepresentation claim) |
| KS | Jane Doe II (¶ 23)<br><br>Jennifer Gum (¶ 33)<br><br>Kimberly Winsor (¶ 50) | **Yes.**<br>*Rand Const. Co. v. Dearborn Mid-West Conveyor Co.*, 944 F. Supp. 2d 1042, 1062 (D. Kan. 2013) ("If the duty arises from contract, as opposed to an independent duty arising by operation of law, negligence claims are barred by the economic loss doctrine."). | Kansas recognizes the independent duty ELR exception. *Rand*, 944 F. Supp. 2d at 1062 (citing *David v. Hett*, 270 P.3d 1102, 1108-09, 1114-15 (Kan. 2011)).  KeyPoint owed an independent common law duty of care because (1) Plaintiffs were foreseeable plaintiffs, (2) the probability of harm was foreseeable, and (3) there is no public policy against recognizing such a duty.  *Berry v. Nat'l Med. Servs., Inc.*, 205 P.3d 745, 749 (Kan. Ct. App. 2009), *aff'd*, 257 P.3d 287 (Kan. 2011). | ¶¶ 217-24 (duty of care at common law)<br><br>¶¶ 220, 246-47 (duty pursuant to FCRA)<br><br>¶¶ 231-38 (negligent misrepresentation claim) |

| State | Plaintiff(s) | Is the ELR arguably applicable to Plaintiffs' negligence claims? | If so, what exceptions (if any) apply in this case? | Allegations in support |
|---|---|---|---|---|
| | | | KeyPoint was subject to FCRA, 15 U.S.C. § 1681, *et seq.*, and thus was obligated to maintain reasonable procedures to ensure the confidentiality and proper utilization of Plaintiffs' personal information.<br><br>ELR in Kansas also does not apply to claims for negligent misrepresentation, *Rinehart v. Morton Buildings, Inc.*, 305 P.3d 622, 624 (Kan. 2013), and Plaintiffs assert such a claim. | |
| MI | Heather Burnett-Rick (¶ 19) | **No**.<br>ELR applies where "(1) the parties or others closely related to them had the opportunity to negotiate the terms of the sale of the good or product causing the injury, and (2) their economic expectations can be satisfied by contractual remedies." *Quest Diagnostics, Inc. v. MCI WorldCom, Inc.*, 656 N.W.2d 858, 863 (Mich. Ct. App. 2002). | (ELR not applicable.) | (Not applicable.) |
| MS | Charlene Oliver (¶ 41) | **No.**<br>ELR only applies in products liability cases.  *State Farm Mut. Auto. Ins. Co. v. Ford Motor Co.*, 736 So. 2d 384, 387 (Miss. Ct. App. 1999); *Lyndon Prop. Ins. Co. 33 v. Duke Levy & Assocs., LLC*, 475 F.3d 268, 274 (5th Cir. 2007); *Federal Ins. Co. v. General Elec. Co.*, 2009 WL 1728696, at *8 (S.D. Miss. Dec. 3, 2009); *Miss. Phosphates Corp. v. Furnace & Tube Serv., Inc.*, 2008 WL 313770, at *1 (S.D. Miss. Feb. 1, 2008); *Brasscorp v. Highside Chems., Inc.*, 2007 WL 1673539, at *2 (S.D. Miss. June 7, 2007). | (ELR not applicable.) | (Not applicable.) |
| NV | Michael Ebert (¶ 27)<br><br>Alia Fuli (¶ 29) | **Yes**.<br>*Giles v. General Motors Acceptance Corp.*, 494 F.3d 865, 879 (9th Cir. 2007) ("Broadly speaking, Nevada applies the economic loss doctrine to bar recovery in tort for purely monetary harm in product liability and in negligence cases unrelated to product liability.  Nevada law may also bar recovery for other tort claims where the plaintiff's | Nevada recognizes the ELR exception for independent duty. *G.K. Las Vegas Ltd. P'ship v. Simon Prop. Grp., Inc.*, 460 F. Supp. 2d 1222, 1242 (D. Nev. 2006) ("[T]he Court must examine the tort claims to determine whether they are sufficiently divorced from the contractual claims such as to remove them from the scope of | ¶¶ 217-24 (duty of care at common law)<br><br>¶¶ 220, 246-47 (duty pursuant to FCRA)<br><br>¶¶ 254, 256(e) (duty pursuant to |

7

| State | Plaintiff(s) | Is the ELR arguably applicable to Plaintiffs' negligence claims? | If so, what exceptions (if any) apply in this case? | Allegations in support |
|---|---|---|---|---|
| | | only complaint is that the defendant failed to perform what was promised in the contract. But it does not bar recovery in tort where the defendant had a duty imposed by law rather than by contract and where the defendant's intentional breach of that duty caused purely monetary harm to the plaintiff."). | the doctrine. Where a statute imposes a[n] independent duty upon parties not provided for by contract, breach of that duty is not subsumed under the economic loss doctrine.") (citations omitted); *Giles*, 494 F.3d at 878 (explaining that "'purely economic loss' is a term of art. It does not refer to all economic loss, but only to economic loss that would be recoverable as damages in a normal contract suit.") (citing *Calloway v. City of Reno*, 993 P.2d 1259, 1263 (Nev. 2000)).<br><br>In this case, KeyPoint violated an independent duty of care. *Cf. FGA, Inc. v. Giglio*, 278 P.3d 490, 501 (Nev. 2012) (reaffirming "duty of all persons to 'exercise reasonable care not to subject others to an unreasonable risk of harm.'") (citations omitted); *Dobson v. Sprint Nextel Corp.*, 2014 WL 553314, at *7 (D. Nev. Feb. 10, 2014) (holding that "where a third party's intervening intentional act is reasonably foreseeable, a negligent defendant is not relieved of liability.") (citation omitted).<br><br>Under FCRA, 15 U.S.C. § 1681, *et seq.*, KeyPoint had a duty to maintain reasonable procedures to ensure the confidentiality and proper utilization of Plaintiffs' personal information.<br><br>KeyPoint also had a statutory duty in Nevada not to engage in unfair or deceptive conduct.<br><br>Nevada recognizes the negligent misrepresentation exception as well. *In re Zappos.com, Inc.*, 2013 WL 4830497, at *4 (D. Nev. Sept. 9, 2013). | Nevada statute prohibiting unfair or deceptive trade practices)<br><br>¶¶ 231-38 (negligent misrepresentation claim) |

| State | Plaintiff(s) | Is the ELR arguably applicable to Plaintiffs' negligence claims? | If so, what exceptions (if any) apply in this case? | Allegations in support |
|---|---|---|---|---|
| NH | Peter Uliano (¶ 48) | **Yes.** *Plourde Sand & Gravel Co. v. JGI E. Inc.*, 917 A.2d 1250, 1254–55 (N.H. 2007) (ELR generally applies to tort claims alleging purely economic loss). | New Hampshire recognizes an independent duty/special relationship exception. *Wyle v. Lees*, 33 A.3d 1187, 1191 (N.H. 2011); *see, e.g., Target*, 66 F. Supp. 3d at 1175 (allowing data breach claims to proceed under New Hampshire law based on independent duty/special relationship exception). KeyPoint owed and breached an independent duty of care. *Cf. Walls v. Oxford Mgmt. Co.*, 633 A.2d 103, 104 (N.H. 1993) (stating that "all persons … have a duty to exercise reasonable care not to subject others to an unreasonable risk of harm"); *Remsburg v. Docusearch, Inc.*, 816 A.2d 1001, 1006 (N.H. 2003) (same). KeyPoint had an independent duty under FCRA, 15 U.S.C. § 1681, *et seq.*, to maintain reasonable procedures to ensure the confidentiality and proper utilization of Plaintiffs' personal information. A New Hampshire statute requires KeyPoint to refrain from engaging in unfair or deceptive practices in the course of its trade. New Hampshire also recognizes the negligent misrepresentation ELR exception, *Wyle*, 33 A.3d 1187 at 1191, and Plaintiffs assert a negligent misrepresentation claim here. | ¶¶ 217-24 (duty of care at common law) ¶¶ 220, 246-47 (duty pursuant to FCRA) ¶¶ 254, 256(f) (duty pursuant to New Hampshire statute prohibiting unfair or deceptive trade practices) ¶ 221 (special relationship) ¶¶ 231-38 (negligent misrepresentation claim) |
| NM | Myrna Brown (¶ 18) | **Yes.** *U.S. ex rel. Custom Grading, Inc. v. Great Am. Ins. Co.*, 952 F. Supp. 2d 1259, 1269 (D.N.M. 2013) ("New Mexico law holds that '[a]s a matter of policy, the parties [to a contract] should not be allowed to use tort law to alter or avoid the bargain struck in the contract. | Courts have applied the independent duty ELR exception under New Mexico law. *Custom Grading*, 952 F. Supp. 2d at 1269 (holding ELR "does not bar tort claims arising from an independent duty of care.") (citation omitted). | ¶¶ 217-24 (duty of care at common law) ¶¶ 220, 246-47 (duty pursuant to FCRA) |

9

| State | Plaintiff(s) | Is the ELR arguably applicable to Plaintiffs' negligence claims? | If so, what exceptions (if any) apply in this case? | Allegations in support |
|---|---|---|---|---|
| | | The law of contract provides an adequate remedy.' … This doctrine prevents plaintiffs 'from recovering in tort economic losses to which their entitlement flows only from a contract,' and applies only 'in commercial transactions, when there is no great disparity in bargaining power of the parties.'") (internal citations omitted). | KeyPoint owed and breached an independent duty of care. *Cf. Davis v. Bd. of Cnty. Comm'rs of Dona Ana Cnty.*, 987 P.2d 1172, 1178 (N.M. Ct. App. 1999) (noting "general proposition that every person has a duty to exercise ordinary care for the safety of others, when that person does choose to act. Assuming other policy considerations are satisfied, a duty to exercise ordinary care, where one otherwise would not exist, may arise when a person voluntarily undertakes a course of conduct which, in the absence of due care, may foreseeably injure others as a natural and probable consequence of the person's conduct.") (citations and alterations omitted).<br><br>KeyPoint also breached an independent duty under FCRA.<br><br>In addition, KeyPoint owed a duty under a New Mexico statute not to engage in unfair or deceptive business practices. | ¶¶ 254, 256(g) (duty pursuant to New Mexico statute prohibiting unfair or deceptive trade practices) |
| NY | Ryan Lozar (¶ 39) | **Yes.**<br>*532 Madison Ave. Gourmet Foods, Inc. v. Finlandia Ctr., Inc.*, 711 N.Y.S.2d 391, 393 (2000) ("[P]ure economic losses … are not recoverable in a negligence action, and … a claimant suffering purely financial losses is restricted to an action in contract").<br><br>The majority of New York cases to have applied the ELR have been products liability cases. *See Hydro Inv'rs, Inc. v. Trafalgar Power Inc.*, 227 F.3d 8, 16 (2d Cir. 2000). | New York recognizes the independent duty exception in cases involving the provision of services. *Rochester-Genesee Reg'l Trans. Auth. v. Cummins Inc.*, 2010 WL 2998768, at *8 (W.D.N.Y. July 28, 2010) ("[U]nder New York law, a Plaintiff may bring a cause of negligence where a legal duty independent of contractual obligations has been breached.").<br><br>KeyPoint owed and breached an independent duty. *Cf. Kelly v. Metro. Ins. & Annuity Co.*, 918 N.Y.S.2d 50, 54 (N.Y. App. Div. 2011) (noting common law duty "to take minimal precautions to protect [plaintiff] from foreseeable harm."); *see Target*, 66 F. Supp. 3d at 1175 (allowing | ¶¶ 217-24 (duty of care at common law)<br><br>¶¶ 220, 246-47 (duty pursuant to FCRA)<br><br>¶¶ 231-38 (negligent misrepresentation claim) |

10

| State | Plaintiff(s) | Is the ELR arguably applicable to Plaintiffs' negligence claims? | If so, what exceptions (if any) apply in this case? | Allegations in support |
|---|---|---|---|---|
| | | | data breach case to proceed under New York law based on independent duty exception).<br><br>Plaintiffs allege a duty under FCRA, 15 U.S.C. § 1681, *et seq*.<br><br>New York also recognizes the exception based on negligent misrepresentation. *Travelers Cas. & Sur. Co. v. Dormitory Auth.-State of N.Y.*, 734 F. Supp. 2d 368, 380 (S.D.N.Y. 2010). | |
| NC | Darren Strickland (¶ 47) | **No.**<br>ELR only applies in products liability and UCC sale of goods cases. *Ellis-Don Const., Inc. v. HKS, Inc.*, 353 F. Supp. 2d 603, 606 (M.D.N.C. 2004) ("North Carolina's economic loss rule bars claims in tort for purely economic losses in the sale of goods covered by contract law, including the UCC. It does not limit tort actions that arise in the absence of a contract, nor is there any indication that the courts of North Carolina have expanded the rule beyond its traditional role in products liability cases."); *Lord v. Customized Consulting Specialty, Inc.*, 643 S.E.2d 28, 32 (N.C. Ct. App. 2007) (court was "persuaded by a federal court's holding that" the ELR in North Carolina "has *not* 'expanded to preclude all claims in tort for economic damages in the absence of a contract, or, more narrowly, outside the products liability context.'") (emphasis in original) (citing *Ellis-Don*, 353 F. Supp. 2d at 607); *see also Severn Peanut Co., Inc. v. Industrial Fumigant Co.,* 807 F.3d 88, 94 (4th Cir. 2015) (In cases arising out of the sale of failed goods, the economic loss doctrine thus bars 'recovery for purely economic loss in tort, as such claims are instead governed by contract law.'") (citing *Lord*, 643 S.E.2d at 32). | (ELR not applicable.) | (Not applicable.) |

| State | Plaintiff(s) | Is the ELR arguably applicable to Plaintiffs' negligence claims? | If so, what exceptions (if any) apply in this case? | Allegations in support |
|---|---|---|---|---|
| OK | Monty Bos (¶ 16)<br><br>Orin Griffith (¶ 32) | **No.** The ELR only applies in products liability suits. *Compsource Oklahoma v. BNY Mellon, N.A.*, 2009 WL 2366112, at *2-3 (E.D. Okla. July 31, 2009); *McAlister v. Ford Motor Co.*, 2015 WL 4775382, at *1 (W.D. Okla. Aug. 13, 2015); *United Golf, LLC v. Westlake Chem. Corp.*, 2006 WL 2807342, at *3 (N.D. Okla. Aug. 15, 2006). | (ELR not applicable.) | (Not applicable.) |
| PA | Ryan Bonner (¶ 15)<br><br>Maryann Hibbs (¶ 35) | **Yes.** *In re Target Corp. Data Sec. Breach Litig.*, 2014 WL 7192478, at *19 (D. Minn. Dec. 18, 2014) (noting that the ELR is applied by Pennsylvania courts). | Pennsylvania recognizes the special relationship exception. *Valley Forge Convention & Visitors Bureau v. Visitor's Servs., Inc.*, 28 F. Supp. 2d 947, 952 (E.D. Pa. 1998) (exception covers situations involving "confidentiality, the repose of special trust or fiduciary responsibilities"). In *Target* this exception applied where plaintiffs alleged they "reposed trust in Target or that Target bore a fiduciary-like responsibility to safeguard their financial information." 66 F. Supp. 3d at 1175. | ¶ 221 (special relationship) |
| TN | Nancy Wheatley (¶ 49) | **No.** ELR only applies to contracts for the sale of goods. *Tan v. Wilbur Smith Assocs., Inc.*, 2011 WL 3421320, at *6-7 (E.D. Tenn. Aug. 4, 2011) (noting "the lack of extensive Tennessee case law on this issue," court "agree[d]" with the other federal courts that have interpreted Tennessee decisional law to hold "that the economic loss rule is applicable to the sale of goods, but does not extend equally to contracts for the provision of services.") (citing, *inter alia*, *Ham v. Swift Transp. Co., Inc.*, 694 F. Supp. 2d 915, 921-22 (W.D. Tenn. 2010). | (ELR not applicable.)<br>Even were ELR applicable, Tennessee recognizes an independent duty exception. *In re Prince*, 414 B.R. 285, 297 (Bankr. M.D. Tenn. 2009) (indicating that ELR does not apply where plaintiffs can "show that the defendants owed a duty of care independent of their contractual obligations."), *aff'd*, 2010 WL 841273 (M.D. Tenn. Mar. 4, 2010).<br><br>Plaintiffs allege KeyPoint owed them an independent common law duty. *Cf. McCall v. Wilder*, 913 S.W.2d 150, 153 (Tenn. 1995) (reiterating "the legal obligation owed by defendant to plaintiff to conform to a reasonable person standard of care for the protection against unreasonable risks of harm."). | ¶¶ 217-24 (duty of care at common law)<br><br>¶¶ 220, 246-47 (duty pursuant to FCRA) |

| State | Plaintiff(s) | Is the ELR arguably applicable to Plaintiffs' negligence claims? | If so, what exceptions (if any) apply in this case? | Allegations in support |
|---|---|---|---|---|
| | | | KeyPoint also breached an independent duty under FCRA, 15 U.S.C. § 1681, *et seq.*, which required it to maintain reasonable procedures to ensure the confidentiality and proper utilization of Plaintiffs' personal information. | |
| TX | Deborah Hoffman (¶ 36) | **Yes**. *Chapman Custom Homes, Inc. v. Dallas Plumbing Co.*, 445 S.W.3d 716, 718 (Tex. 2014) (ELR "generally precludes recovery in tort for economic losses resulting from a party's failure to perform under a contract when the harm consists only of the economic loss of a contractual expectancy."). "[W]hether and how to apply the economic loss rule does not lend itself to easy answers …. [T]he application of the rule depends on an analysis of its rationales in a particular situation." *LAN/STV v. Martin K. Eby Constr. Co.*, 435 S.W.3d 234, 245-46 (Tex. 2014) (citation omitted). | Texas recognizes the independent duty ELR exception. *Chapman*, 445 S.W.3d at 718 ("[A] party states a tort claim when the duty allegedly breached is independent of the contractual undertaking and the harm suffered is not merely the economic loss of a contractual benefit."). Plaintiffs allege KeyPoint owed and breached an independent common law duty of care. *Cf. Dayton Hudson Corp. v. Eldridge*, 742 S.W.2d 482, 486 (Tex. App. 1987) ("A 'duty' is an obligation imposed by law which requires one to conform to a certain standard of conduct for the protection of another against an unreasonable risk."), *writ denied* (June 29, 1988); *Midwest Employers Cas. Co. ex rel. English v. Harpole*, 293 S.W.3d 770, 776 (Tex. App. 2009) ("Every person has a duty to exercise reasonable care to avoid a foreseeable risk of injury to others."). Plaintiffs allege a duty under FCRA, 15 U.S.C. § 1681, *et seq*. | ¶¶ 217-24 (duty of care at common law) ¶¶ 220, 246-47 (duty pursuant to FCRA) |
| UT | Kelly Flynn (¶ 28) | **Yes.** *Sunridge Dev. Corp. v. RB & G Eng'g, Inc.*, 230 P.3d 1000, 1006 (Utah 2010). | Utah recognizes the independent duty ELR exception. "When the line between contract and tort blurs, the court must decide 'whether a duty exists independent of any contractual obligation.' *Hermansen v. Tasulis*, 48 P.3d 235, 240 (Utah 2002). And if a party has an independent duty | ¶¶ 217-24 (duty of care at common law) ¶¶ 220, 246-47 (FCRA duty) |

| State | Plaintiff(s) | Is the ELR arguably applicable to Plaintiffs' negligence claims? | If so, what exceptions (if any) apply in this case? | Allegations in support |
|---|---|---|---|---|
| | | | outside of the contract, then the tort claim survives because it 'does not fall within the scope of the rule.' *Id.*, *quoted with approval by Hafen [v. Strebeck*, 338 F. Supp. 2d 1257, 1266 (D. Utah 2004)]." *TLS Grp., S.A. v. NuCloud Glob., Inc.*, 2016 WL 1562910, at *15 (D. Utah Apr. 18, 2016).<br><br>Plaintiffs allege KeyPoint owed and breached an independent duty of care. *Cf. Malan v. Lewis*, 693 P.2d 661, 672 n.15 (Utah 1984) (stating that "the duty to exercise reasonable care toward the safety of others …. is required of all.").<br><br>KeyPoint breached an independent duty under FCRA. | |
| VA | Jane Doe (¶ 22)<br><br>John Doe III (¶ 26)<br><br>Zachary Sharper (¶ 45) | **Yes**.<br>*McKesson Medical-Surgical, Inc. v. Kearney*, 271 F. Supp. 2d 827, 828 (E.D. Va. 2003) (party may not obtain tort damages for "purely economic losses arising out of contractual relationships."). | Virginia recognizes the ELR exception based on an independent duty imposed by law. *Filak v. George*, 594 S.E.2d 610, 618 (Va. 2004).<br><br>KeyPoint owed an independent duty of care and breached it by failing to establish appropriate data security. *Cf. Prasse v. Va. Power*, 1990 WL 751171, at *2 (Va. Cir. Ct. 1990) ("[E]very person owes a duty to take care for the safety of persons and property within a reasonably foreseeable range of peril").<br><br>KeyPoint also breached an independent duty under FCRA.<br><br>KeyPoint is subject to a Virginia statute prohibiting unfair or deceptive acts or practices in the conduct of trade. | ¶¶ 217-24 (duty of care at common law)<br><br>¶¶ 220, 246-47 (duty pursuant to FCRA)<br><br>¶¶ 254, 256(j) (duty pursuant to Virginia statute prohibiting unfair or deceptive trade practices) |

| State | Plaintiff(s) | Is the ELR arguably applicable to Plaintiffs' negligence claims? | If so, what exceptions (if any) apply in this case? | Allegations in support |
|---|---|---|---|---|
| WA | John Doe (¶ 24)<br><br>Michael Johnson (¶ 37)<br><br>Robert Slater (¶ 46) | **Yes.**<br>*Alejandre v. Bull*, 153 P.3d 864, 868 (Wash. 2007) (purpose "is to bar recovery for alleged breach of tort duties where a contractual relationship exists and the losses are economic losses."). | Washington recognizes the independent duty ELR exception. *Eastwood v. Horse Harbor Found., Inc.*, 241 P.3d 1256, 1264 (Wash. 2010) (ELR "does not bar recovery in tort when the defendant's alleged misconduct implicates a tort duty that arises independently of the terms of the contract.  In some circumstances, a plaintiff's alleged harm is nothing more than a contractual breach or a difference in the profits, revenue, or costs that the plaintiff had expected from a business enterprise.  In other circumstances, however, the harm is simultaneously the result of the defendant breaching an independent and concurrent tort duty.  Thus, while the harm can be described as an economic loss, it is more than that: it is an injury remediable in tort.").<br><br>KeyPoint owed and breached an independent duty of care.  *Cf. Keller v. City of Spokane*, 44 P.3d 845, 848 (Wash. 2002) (describing general duty to avoid foreseeable harm to another person).<br><br>KeyPoint was subject to FCRA, 15 U.S.C. § 1681, *et seq.*, which creates a duty to maintain reasonable procedures to ensure the confidentiality and proper utilization of Plaintiffs' personal information.<br><br>KeyPoint also had a duty under a Washington statute not to engage in unfair or deceptive acts and practices. | ¶¶ 217-24 (duty of care at common law)<br><br>¶¶ 220, 246-47 (duty pursuant to FCRA)<br><br>¶¶ 254, 256(k) (duty pursuant to Washington statute prohibiting unfair or deceptive trade practices) |

| State | Plaintiff(s) | Is the ELR arguably applicable to Plaintiffs' negligence claims? | If so, what exceptions (if any) apply in this case? | Allegations in support |
|---|---|---|---|---|
| **WI** | Tony Bachtell (¶ 14) | **No.** ELR does not apply to disputes arising from the provision of services. *Shister v. Patel*, 776 N.W.2d 632, 637 (Wis. Ct. App. 2009).<br><br>In addition, ELR is inapplicable to claims that do not depend on the existence of a contract. *Brew City Redev't Grp., LLC v. Ferchill Grp.*, 724 N.W.2d 879, 886-87 (Wis. 2006); *see also, e.g., Walker v. Ranger Ins. Co.*, 711 N.W.2d 683, 687 (Wis. Ct. App. 2006); *Schuetta v. Aurora Nat'l Life Assur. Co.*, 2013 WL 6199248, at *5 (E.D. Wis. Nov. 27, 2013). | (ELR not applicable.)<br>Even were ELR applicable, Wisconsin recognizes the independent duty exception. *Ice Bowl, L.L.C. v. Weigel Broad. Co.*, 14 F. Supp. 2d 1080, 1083 (E.D. Wis. 1998) ("[N]ot every conceivable tort is precluded by the economic loss doctrine…. [I]n breaching a contract, a party may also breach a duty that exists independently of contractual obligations.") (internal citations omitted); *see also Colton v. Foulkes*, 47 N.W.2d 901, 903-04 (Wis. 1951).<br><br>Plaintiffs allege KeyPoint owed and breached an independent duty of care. *Cf. Behrendt v. Gulf Underwriters Ins. Co.*, 768 N.W.2d 568, 571 (Wis. 2009) ("Every person is subject to a duty to exercise ordinary care in all of his or her activities.").<br><br>KeyPoint was subject to FCRA, 15 U.S.C. § 1681, *et seq.*, which creates a duty to maintain reasonable procedures to ensure the confidentiality and proper utilization of Plaintiffs' personal information. | ¶¶ 217-24 (duty of care at common law)<br><br>¶¶ 220, 246-47 (duty pursuant to FCRA) |