## BEFORE THE UNITED STATES JUDICIAL
## PANEL ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| **IN RE U.S. OFFICE OF PERSONNEL MANAGEMENT DATA SECURITY BREACH LITIGATION** | **MDL Docket No. 2664** |

## NOTICE OF TAG-ALONG ACTION

In accordance with Rule 7.1(a) of the Rules of Procedure for the United States Judicial Panel on Multidistrict Litigation Defendants, the United States Office of Personnel Management ("OPM") gives notice of a tag-along action listed on the attached Schedule of Action. The docket sheet and the complaint for the related action—*Parton v. U.S.*, Civ. No. 1:18-cv-0409 (D.N.M. filed May 1, 2018)—are attached as Exhibit 1. OPM, along with other federal entities, has been named as a defendant in this action.

OPM respectfully requests that the Clerk of the Panel enter a conditional order transferring the *Parton* action to the U.S. District Court for the District of Columbia for the reasons expressed in the Panel's October 9, 2015 Transfer Order. *See* ECF No. 58. The allegations in the *Parton* complaint concern the cybersecurity incidents involving OPM and thus share common questions of fact with the cases transferred as part of the Panel's October 9, 2015 order. *See Id.*

Dated: May 30, 2018

Respectfully submitted,

CHAD A. READLER
Acting Assistant Attorney General

ELIZABETH J. SHAPIRO
Deputy Director, Federal Programs Branch

*/s/ Andrew E. Carmichael*

1

ANDREW E. CARMICHAEL
JOSEPH BORSON
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, NW, Room 7218
Washington, DC 20530
Tel: (202) 514-3346
Email: Andrew.E.Carmichael@usdoj.gov

*Counsel for the U.S. Office of Personnel Management*

**BEFORE THE UNITED STATES JUDICIAL
PANEL  ON MULTIDISTRICT LITIGATION**

| | |
|---|---|
| **IN RE U.S. OFFICE OF PERSONNEL MANAGEMENT DATA SECURITY BREACH LITIGATION** | **MDL Docket No. 2664** |

**NOTICE OF TAG-ALONG ACTION**

| Plaintiff | Defendant | Court | Civil Action | Judge |
|---|---|---|---|---|
| Lahoma Sue Parton | United States of America, U.S. Department of Interior, U.S. Office of Personnel Management, and U.S. Department of Homeland Security | District of New Mexico | 1:18-cv-0409 | Hon. William J. Johnson |

**BEFORE THE UNITED STATES JUDICIAL
PANEL ON MULTIDISTRICT LITIGATION**

---

**IN RE U.S. OFFICE OF PERSONNEL
MANAGEMENT DATA SECURITY
BREACH LITIGATION**

**MDL Docket No. 2664**

---

**PROOF OF SERVICE**

I hereby certify that copies of the foregoing Notice of Tag-Along Action were served on

counsel of record electronically via CM/ECF on May 30, 2018.  Copies will also be served upon the

following by First Class U.S. Mail:

**Counsel for Plaintiff Lahoma Sue Parton
District Court for the District of New Meixco,
Case No. 3:16-cv-0543**

Law Office of Jason Lewis, LLC
Law Office of J. Ray, LLC
201 12th St. NW
Albuquerque, NM 87102

Dated: May 30, 2018

Respectfully submitted,

CHAD A. READLER
Acting Assistant Attorney General

ELIZABETH J. SHAPIRO
Deputy Director, Federal Programs Branch

*/s/  Andrew E. Carmichael*
ANDREW E. CARMICHAEL
JOSEPH BORSON
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, NW, Room 7218

Washington, DC 20530
Tel: (202) 514-3346
Email: Andrew.E.Carmichael@usdoj.gov

*Counsel for Federal Defendants*

# US District Court Civil Docket

## U.S. District - New Mexico
### (Albuquerque)

### 1:18cv409

## Parton v. United States of America et al

This case was retrieved from the court on Saturday, May 26, 2018

| | |
|---|---|
| **Date Filed:** 05/01/2018 | |
| **Assigned To:** Chief District Judge William P. Johnson | **Class Code:** OPEN |
| **Referred To:** Magistrate Judge Jerry H. Ritter | **Closed:** |
| | **Statute:** 28:1346 |
| **Nature of suit:** Other Statutory Actions (890) | **Jury Demand:** Plaintiff |
| **Cause:** Tort Claim | **Demand Amount:** $65,000,000 |
| **Lead Docket:** None | **NOS Description:** Other Statutory Actions |
| **Other Docket:** None | |
| **Jurisdiction:** U.S. Government Defendant | |

| Litigants | Attorneys |
|---|---|
| Lahoma Sue Parton oh behalf of herself and all others similarly situated Plaintiff | Jason J Lewis LEAD ATTORNEY;ATTORNEY TO BE NOTICED Law Office of Jason J. Lewis, LLC 201 Twelfth St. Nw Albuquerque, Nm, Nm 87102 <br><br> (505) 244-0950 Fax: (505) 214-5108 Email:Jjl@jjllaw.Com <br><br> Marshall J Ray ATTORNEY TO BE NOTICED Law Offices of Marhall J. Ray LLC 201 12th Street Nw Albuquerque , NM  87102 USA 801-369-0731 Email:Mray@mraylaw.Com |
| United States of America Defendant | |
| United States Department of The Interior Defendant | |

United States Office of Personnel Management
Defendant

United States Department of Homeland Security
Defendant

| Date | # | Proceeding Text | Source |
|------|---|-----------------|--------|
| 05/01/2018 | 1 | COMPLAINT FOR DAMAGES PURSUANT TO THE FEDERAL TORT CLAIMS ACT AND FEDERAL PRIVACY ACT against All Defendants ( Filing Fee - Online Payment), filed by Lahoma Sue Parton. (Attachments: # 1 Civil Cover Sheet)(Lewis, Jason) (Entered: 05/01/2018) | |
| 05/01/2018 | | Filing and Administrative Fees Received: $ 400 receipt number 1084-5792083 re 1 Complaint filed by Lahoma Sue Parton (Payment made via Pay.gov)(Lewis, Jason) (Entered: 05/01/2018) | |
| 05/01/2018 | | Magistrate Judge Steven C. Yarbrough and Magistrate Judge Jerry H. Ritter assigned. (mnb) (Entered: 05/01/2018) | |
| 05/01/2018 | 2 | PLEASE TAKE NOTICE that this case has been randomly assigned to United States Magistrate Judge Steven C. Yarbrough to conduct dispositive proceedings in this matter, including motions and trial. Appeal from a judgment entered by a Magistrate Judge will be to the United States Court of Appeals for the Tenth Circuit. It is the responsibility of the case filer to serve a copy of this Notice upon all parties with the summons and complaint. Consent is strictly voluntary, and a party is free to withhold consent without adverse consequences. Should a party choose to consent, notice should be made no later than 21 days after entry of the Order setting the Rule 16 Initial Scheduling Conference. For e-filers, visit our Web site at www.nmd.uscourts.gov for more information and instructions. [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (mnb) (Entered: 05/01/2018) | |
| 05/01/2018 | 4 | PLEASE TAKE NOTICE that this case has been reassigned to Chief District Judge William P. Johnson as the trial judge. Under D.N.M.LR-Civ. 10.1, the first page of each document must have the case file number and initials of the assigned judges.Accordingly, further documents filed in this matter must bear the case number and the judges' initials shown in the case caption and the NEF for this document. Kindly reflect this change in your filings. Magistrate Judge Steven C. Yarbrough no longer assigned to this case.[THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (mnb) (Entered: 05/01/2018) | |
| 05/03/2018 | 5 | NOTICE REGARDING DOCUMENT ENTRIES: Because this case has been reassigned to a district judge, please be advised that any documents filed by the parties under Rule 73(b) have been permanently removed from the docket. Document(s) removed: No. 3. [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (bl) (Entered: 05/03/2018) | |
| 05/04/2018 | | Summons Issued as to United States Department of Homeland Security, United States Department of the Interior, United States Office of Personnel Management, United States of America, U.S. Attorney and U.S. Attorney General (mnb) (Entered: 05/04/2018) | |

Copyright © 2018 LexisNexis CourtLink, Inc. All rights reserved.
*** THIS DATA IS FOR INFORMATIONAL PURPOSES ONLY ***

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of New Mexico

| | | |
|---|---|---|
| LAHOMA SUE PARTON, on behalf of herself and all other similarly situated, | ) ) ) ) | |
| *Plaintiff(s)* | ) ) | |
| v. | ) ) | Civil Action No. 1:18-cv-00409-WJ-JHR |
| UNITED STATES OF AMERICA, UNITED STATES DEPT OF THE INTERIOR, UNITED STATES OFC OF PERSONNEL MANAGEMENT, and UNITED STATES DEPT OF HOMELAND SECURITY | ) ) ) ) ) | |
| *Defendant(s)* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  John C. Anderson
United States Attorney
District of New Mexico
201 3rd St NW #900
Albuquerque, NM 87102

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:  Law Office of Jason Lewis, LLC
Law Office of Marshall J. Ray, LLC
201 12th St. NW
Albuquerque, NM 87102
(505) 244-0950

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

CLERK OF COURT

Date: Friday, May 04, 2018

Michelle Behning

*Signature of Clerk or Deputy Clerk*

Civil Action No.   1:18-cv-00409-WJ-JHR

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify)*:


My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**LAHOMA SUE PARTON,** on behalf of herself
and all others similarly situated,

      **Plaintiff,**

vs.

                         **No.    18-CV-409**

**THE UNITED STATES OF AMERICA, THE
UNITED STATES DEPARTMENT
OF THE INTERIOR, THE
UNITED STATES OFFICE OF
PERSONNEL MANAGEMENT, and
THE UNITED STATES DEPARTMENT
OF HOMELAND SECURITY,**

      **Defendants.**

## COMPLAINT FOR DAMAGES PURSUANT TO THE FEDERAL TORT CLAIMS ACT
## AND FEDERAL PRIVACY ACT

      Plaintiff Lahoma Sue Parton, individually and on behalf of a class of all those similarly situated, by and through counsel, Jason J. Lewis and Marshall J. Ray, brings this Complaint under 28 U.S.C. § 1346 for injunctive relief and for damages inflicted upon them because of the negligent and wrongful acts and omissions of federal employees while acting in the scope of their office or employment, and under and 5 U.S.C. 552a for willful and ongoing failure to comply with the statutory duties to protect Plaintiff's private information. Plaintiff alleges as follows:

## JURISDICTION AND VENUE

      1.  Jurisdiction and venue are proper in the United States District Court for the District of New Mexico pursuant to 28 U.S.C. § 1346(b) and 5 U.S.C. 552a(g). Named Plaintiff is a resident of New Mexico. Of the 6,252 members of the proposed class, approximately 1,451 of those

affected by the breach at issue in this lawsuit are residents of the State of New Mexico. The acts and omissions complained of herein were nationwide in scope, and they affected all class members throughout the United States during the relevant time period.

2.  Plaintiff and persons similarly situated (the "Class Members") submitted their claims to the United States for administrative adjustment. The United States either denied or failed to respond and has generally acted in bad faith in responding to the tort claim notice. Plaintiffs have therefore exhausted their administrative remedies.

## PARTIES

3.  Plaintiff and all similarly situated persons were federal employees on or about April through June 2015. These individuals worked for the United States Department of the Interior ("DOI"), and their personnel records and personally identifying information and other personal confidential data were maintained by the United States Office of Personnel Management ("OPM") and by DOI and were breached because of the acts and omissions of OPM and the Department of Homeland Security ("DHS").

4.  Plaintiff Parton is and at all relevant times has been an employee of the Bureau of Indian Education and is the President of the Federal Indian Service Employees Union ("FISE"). Furthermore, all other Class Members are or were employed at the Bureau of Indian Affairs, Bureau of Indian Education, or the Office of the Secretary/Office of the Special Trustee for American Indians and are represented by FISE, which is their exclusive bargaining agent in matters related to their employment.

5.  The OPM, DHS and DOI are agencies of the United States and are subject to liability and suit for damages, costs, and attorney's fees under 5 U.S.C. § 552a.

6.  The United States, OPM, DHS, and DOI are subject to suit for damages under 28 U.S.C.
§ 1346 and 5 U.S.C. § 552a.

7.  At all times material to this Complaint, various unidentified employees or agents of the
Defendants, while acting within the scope of their employment or office, committed and
continue to commit a series of acts and omissions which are willful, negligent, and wrongful, and
which injured Plaintiff and the Class Members.

## GENERAL ALLEGATIONS

8.  This lawsuit arises out of the historic data breach that the OPM, DOI, and DHS jointly
permitted to occur in or around the Spring of 2015. Upon information and belief, the named
agencies do not know exactly when the breach occurred.

9.  Although OPM has not revealed or does not know the exact dates, it was ultimately
revealed that the OPM suffered at least two major breaches that resulted in the unauthorized
access and theft of private personnel records of millions of federal government employees,
including the records of Plaintiff and the Class Members.

10. The House Committee on Oversight and Government Reform issued a report, titled, "The
OPM Data Breach: How the Government Jeopardized Our National Security for More Than a
Generation."[1]

11. In its report, the Committee points out: "Despite this high value information maintained
by OPM, the agency failed to prioritize cybersecurity and adequately secure high value data."

12. The report continues: "The lax state of OPM's information security left the agency's
information systems exposed for any experienced hacker to infiltrate and compromise." *Id.*

---

[1] https://oversight.house.gov/wp-content/uploads/2016/09/The-OPM-Data-Breach-How-the-Government-Jeopardized-Our-National-Security-for-More-than-a-Generation.pdf (last retrieved April 23, 2018).

13. Disturbingly, the report notes that the breach could have been prevented or significantly mitigated. Moreover, according to the report, the DHS and OPM were aware that a hacking incident was underway since approximately March 20, 2014. DHS and OPM monitored this hacking incident and formulated a plan to stop it.

14. Nevertheless, as the Committee concluded: the agencies' response was ineffective and failed to take steps which were known to be available, and which would have prevented the ultimate exfiltration of data that eventually occurred.

15. The information compromised included employees' name, social security number, date of birth, and other highly sensitive personal data including financial information, background checks, and personal identifying information of relatives.

16. Defendants knew for years that they had archaic, inadequate systems in place to protect the highly valuable and sensitive personal data of Federal Employees. Nevertheless, they took no steps to correct the glaring problems

17. As a result of Defendants' gross negligence and willful acts and omissions, Plaintiff's and the Class Members' personal data was allowed to fall into the hands of unknown parties.

## CLASS ALLEGATIONS

18. Plaintiff Parton brings this lawsuit pursuant to Fed. R. Civ. P. 23(a) and (b)(2)-(3) on behalf of herself and the following class of similarly situated persons:

**All persons belonging to the FISE bargaining unit who were employed at the Bureau of Indian Affairs, Bureau of Indian Education, the Office of the Assistant Secretary-Indian Affairs, and the Office of the Special Trustee in June 2015 when the data breach was announced.**

19. The number of individuals in the class, excluding the named Plaintiff, is 6,251. The Class Members are or were employed at duty stations throughout the United States, such that the joinder of individual claims is impractical.

20. The identity of each class member is known through FISE records of bargaining unit employees for the covered agencies. Each individual claimant was identified to Defendants during the administrative process preceding this lawsuit.

21. Named Plaintiff's claims are typical of the Class Members because named Plaintiff and the Class Members suffered the same harm resulting from the same data breach or series of data breaches in Spring 2015 and are asserting the same legal theories.

22. Furthermore, the Named Plaintiff and the Class members share a community of interest. Defendants acted or failed to act in the same manner towards Plaintiff and all Class Members, necessitating uniform relief to insure compatible standards of conduct towards the Class Members.

23. All questions of law are common between the Named Plaintiff and the Class Members, and those questions predominate over any individual questions that might affect individual class members.

24. The common questions of law and fact among the Named Plaintiff and the Class Members include: whether the Defendants and their employees and agents' acts and omissions with respect the Class Members personal data constituted actionable negligence under the Tort Claims Act; whether acts and omissions leading to the data breach and subsequent actions by Defendants constitute willful violations of the Privacy Act with respect to the Class Members; and whether the Defendants are liable to the Class Members for damages, costs, and attorney's fees.

25.    Given the uniform amount the Named Plaintiff and the Class Members are claiming in damages ($10, 369.67 per person), it is more efficient to address the claims in one class action lawsuit, with all common questions of law and fact being adjudicated in one proceeding. A class action is superior to multiple individual actions because it conserves the resources of the judiciary and of the parties and promotes efficient and consistent adjudication.

26.    Defendants recognized the advantages of adjudicating the data breach claims as a class and originally instructed Class counsel to submit the Tort Claim Notice of all Class Members under a single cover with a list of all claimants. Class counsel complied with Defendants' instructions.

27.    The Named Plaintiff will fairly and adequately represent the interests of the Class Members. The Counsel representing the Class Members have extensive experience conducting complex litigation, including class actions. Furthermore, Counsel have represented employee interests, including years of work representing federal bargaining unit employees. The Class Members' counsel are committed to vigorously litigating the issues of this case and have the resources to do so. The Named Plaintiff and Counsel do not have any conflicts or interests that are or may be adverse to the interests of the Class Members. Moreover, the Named Plaintiff is the President of the FISE, which is the Class Members' exclusive agent with reference to employment matters and has a duty to work for the benefit of the Class Members—all of whom where members of the FISE bargaining unit during the time periods relevant to this Complaint.

## COUNT I. TORT CLAIMS AGAINST DEFENDANTS

28.    Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

29.     Defendants, through their employees and agents, engaged in acts and omissions over a number of years that culminated in the historic data breach and loss of Plaintiff's and the Class Members' private data.

30.     Defendants had a well-defined duty to keep in place controls and security measures to protect the confidential, personal information with which it was entrusted.

31.     Defendants were, at a minimum, grossly negligent and breached their duty to Plaintiff and to the Class Members.

32.     Defendants' acts and omissions caused Plaintiff's and the Class Members' data to be compromised.

33.     Plaintiff and the Class Members suffered damages as a result of Defendants' negligent loss of their personal information.

34.     Plaintiff and the Class Members exhausted their administrative remedies and followed the instructions of Defendants in submitting their Tort Claim Notice.

35.     At all stages of this litigation, Class Counsel has had the authority to represent the class, because Class Counsel was authorized by FISE, which is the exclusive bargaining agent for Plaintiff and the Class Members with respect to all matters related to their employment. Named Plaintiff is the President of FISE.

36.     Defendants have refused compensate Plaintiff and the Class Members for the unprecedented violation of their privacy which Defendant permitted.

WHEREFORE, Plaintiff seeks judgment against Defendants the United States, the OPM, the DOI, and the DHS for compensatory damages in the amount of $10,396.67 on behalf of herself, and $10,396.67 dollars on behalf of each Class Member. This is the amount Plaintiff and the Class Members requested during the tort claim administrative proceedings.

## COUNT II. CLAIM FOR DAMAGES, COSTS, AND ATTORNEY'S FEES FOR VIOLATIONS OF THE PRIVACY ACT AGAINST DEFENDANTS

37.  Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

38.  Defendants acted willfully in refusing to correct known weaknesses in their system for storing employees' personal and confidential information.

39.  Defendants violated the Privacy Act by failing to secure Plaintiff's and the Class Members' personal and confidential information, and in refusing and failing to correct known security flaws.

40.  Defendants have for years refused to provide substantive responses to Freedom of Information Act ("FOIA") requests submitted by FISE on behalf of Plaintiff and Class Members seeking specific information about the data breach so that Plaintiffs could ascertain material facts about the breach and about whether ongoing failures to secure their data have ensued.

41.  Defendants have acted in bad faith in responding to inquiries regarding the privacy breach and in responding to Plaintiff's and the Class Members' attempts to seek relief for the injuries Plaintiff and the Class Members sustained.

WHEREFORE, Plaintiff requests compensatory damages and an award of attorney's fees and costs on behalf of herself and the Class Members.

## COUNT 3. CLAIM FOR INJUNCTIVE RELIEF AGAINST DEFENDANTS

42.  The Privacy Act and other governing laws permit the Court to award damages, injunctive relief, attorney's fees, and costs to a prevailing plaintiff.

43.  Plaintiff and the Class Members have been and continue to be irreparably harmed by the data breach, the ongoing failure of the Defendants to implement measures to prevent breaches of this nature in the future, and Defendants' refusal to respond to document requests so that Plaintiff

and Class Members may know when their data was breached, to what extent, and whether it continues to be compromised.

44.     Plaintiff and the Class Members do not have an adequate remedy at law and therefore require injunctive relief in their favor.

45.     It is in the public interest to grant injunctive relief against Defendants and in favor of Plaintiff and the Class Members, ordering the Defendants to fully disclose the circumstances of the breach of the Plaintiff and Class Members' private data, to implement immediate measures to prevent future breaches and to secure Plaintiff's and Class Member's private information, to provide ongoing credit and fraud monitoring, and to provide all documents related to the data breach that pertain to Plaintiff and Class Members.

WHEREFORE, Plaintiff requests that the Court enter an order awarding Plaintiff and the Class Members injunctive relieve, attorney's fees, and costs.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury on all counts for which a jury is permitted.

Respectfully Submitted,

LAW OFFICE OF JASON J. LEWIS, LLC

/s/ *Jason J. Lewis*
Jason J. Lewis
201 12th St. NW
Albuquerque, NM 87102
(505) 244-0950
(505) 214-5108 (f)

LAW OFFICES OF MARSHALL J. RAY, LLC

/s/ *Marshall J. Ray*
Marshall J. Ray
201 12th St. NW
Albuquerque, NM 87102
(505) 312-7598

Case 1:18-cv-00409   Document 130   Filed 05/03/18   Page 19 of 21

(505) 214-5977 (f)

## Activity in Case 1:18-cv-00409-SCY-JHR Parton v. United States of America et al
## Notice of Magistrate Judge Assignment (Text Only)

From: cmecfbb@nmcourt.fed.us
Sent: Tue, May 1, 2018 at 2:42 pm
To: cmecfto@nmcourt.fed.us

---

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

**U.S. District Court**
**District of New Mexico - Version 6.2.1**

### Notice of Electronic Filing

The following transaction was entered on 5/1/2018 at 2:42 PM MDT and filed on 5/1/2018
**Case Name:** Parton v. United States of America et al
**Case Number:** 1:18-cv-00409-SCY-JHR
**Filer:**
**Document Number:** 2(No document attached)
**Docket Text:**
**PLEASE TAKE NOTICE that this case has been randomly assigned to United States Magistrate Judge Steven C. Yarbrough to conduct dispositive proceedings in this matter, including motions and trial. Appeal from a judgment entered by a Magistrate Judge will be to the United States Court of Appeals for the Tenth Circuit. It is the responsibility of the case filer to serve a copy of this Notice upon all parties with the summons and complaint. *Consent is strictly voluntary, and a party is free to withhold consent without adverse consequences. Should a party choose to consent, notice should be made no later than 21 days after entry of the Order setting the Rule 16 Initial Scheduling Conference.* For e-filers, visit our Web site at www.nmd.uscourts.gov for more information and instructions.**
[THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] **(mnb)**

**1:18-cv-00409-SCY-JHR Notice has been electronically mailed to:**

Jason J Lewis jjl@jjllaw.com, lawofficeofjasonjlewisllc@gmail.com, trish@jjllaw.com

Marshall J Ray mray@mraylaw.com

**1:18-cv-00409-SCY-JHR Notice has been delivered by fax to:**


**1:18-cv-00409-SCY-JHR Notice has been delivered by USPS to:**

RECEIVED

MAY 1 1 2018

U.S. ATTORNEY'S OFFICE
Albuquerque, NM

JOHN C. ANDERSON
UNITED STATES ATTORNEY
DISTRICT OF NEW MEXICO
201 3RD ST NW #900
ABQ, NM 87102