UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE: U.S. OFFICE OF PERSONNEL MANAGEMENT DATA SECURITY BREACH LITIGATION<br><br>This Document Relates To:<br><br>ALL CASES | Misc. Action No. 15-1394 (ABJ)<br>MDL Docket No. 2664 |

## PRELIMINARY APPROVAL ORDER

1.  Named plaintiffs Travis Arnold, Tony Bachtell, Ryan Bonner, Monty Bos, Gardell Branch, Myrna Brown, Heather Burnett-Rick, Lilian Colon-McKnight, Paul Daly, Jon Decker (formerly John Doe III), Jane Doe, Jane Doe II, John Doe II, Michael Ebert, Kelly Flynn, Alia Fuli, Johnny Gonzalez, Orin Griffith, Jennifer Gum, Michael Hanagan, Maryann Hibbs, Deborah Hoffman, Michael Johnson, Cynthia King-Meyers, Todd Kupferer (formerly John Doe), Ryan Lozar, Teresa J. McGarry, Charlene Oliver, Mario Sampedro, Timothy Sebert, Zachary Sharper, Robert Slater, Darren Strickland, Peter Uliano, Nancy Wheatley, and Kimberly Winsor ("Named Plaintiffs") and defendants U.S. Office of Personnel Management ("OPM") and Peraton Risk Decision Inc. ("Peraton") entered into a Settlement Agreement and Release on May 5, 2022 ("Settlement" or "Settlement Agreement") [Dkt # 188-2], which, together with the exhibits attached thereto [Dkt. ## 188-3 – 188-7], sets forth the terms and conditions for a proposed global resolution of this litigation and for its dismissal with prejudice.

1

2. The Class Representatives have moved the Court for an order preliminarily approving the Settlement under Federal Rule of Civil Procedure 23, certifying a Class for purposes of settlement, and approving notice to the Class as described below. Defendants do not oppose this request. The Court held a hearing on the motion on June 3, 2022. The Court is familiar with and has reviewed the record, the Settlement Agreement and its exhibits, the Memorandum in Support of Plaintiffs' Motion for an Order Granting Preliminary Approval of Class Action Settlement and Providing for Notice, and the supporting declaration and exhibits, and it finds that there is good cause to enter this Order.[1]

## Schedule of Settlement-Related Events

3. Based on the findings in this Order, the Court enters the following schedule:

| Event | Date |
| --- | --- |
| Claims Administrator to establish website and post Notice and Claim Form | June 13, 2022 |
| Claims Administrator to email Notice and implement publication notice campaign | July 6, 2022 |
| Plaintiffs must file their motion for final approval of the Settlement and any motions for attorneys' fees and expenses and for incentive awards for the Named Plaintiffs | July 21, 2022 |
| Deadline for Class Members to opt out of the Class | September 9, 2022 |
| Deadline for Class Members to submit any objections to the proposed Settlement in accordance with this order | September 9, 2022 |
| Defendants' responses to motions for final approval of the Settlement and for attorneys' fees and expenses and incentive awards | September 9, 2022 |

---

1   Unless otherwise specified, all capitalized terms used herein have the same meanings ascribed to them in the Settlement Agreement.

| | |
|---|---|
| Plaintiffs' reply to motions for final approval of the Settlement and for attorneys' fees and expenses and incentive awards | September 23, 2022 |
| Fairness Hearing | October 14, 2022 at 10:00 a.m. |
| Final date for submission of claims | December 23, 2022 |

**Settlement Class Certification**

4. The Court finds, upon preliminary evaluation and for purposes of the Settlement only, that it will likely be able to certify the following Class pursuant to Federal Rule of Civil Procedure 23:

> All U.S. citizens and permanent residents whose personal information was compromised as a result of the breaches of the U.S. Office of Personnel Management's electronic information systems in 2014 and 2015 or the breach of Peraton's electronic information systems in 2013 and 2014, and who, after May 7, 2014, suffered out-of-pocket expense or loss of compensable time: (1) to purchase a credit monitoring product, credit or identity theft protection product, or other product or service designed to identify or remediate the data breaches at issue in this case; (2) to access, freeze or unfreeze a credit report with a credit reporting agency; or (3) as a result of an identity theft incident or to mitigate an identity theft incident.
>
> Excluded from the Class are Class Counsel and their employees; any judicial officers to whom this case is assigned and their respective staffs; mediators and their respective staffs; and attorneys from the Department of Justice and the Office of Personnel Management, and their respective staffs, who worked directly and personally on this matter.

5. The Court preliminarily finds, for purposes of the Settlement only, that the requirements of Federal Rules of Civil Procedure 23(a) and (b)(3) are likely to be satisfied for the Class. In support of this conclusion, the Court provisionally finds as follows:

    a. The number of Class Members is so numerous that joinder of all members is impracticable. The data breaches at issue in this case allegedly compromised the personal information of approximately 22 million individuals, creating a reasonable inference that there are at least thousands of Class Members.

   b. Questions of law and fact common to the Class predominate over individualized questions. The common questions include (i) whether OPM's alleged actions or inaction violate the Privacy Act of 1974, 5 U.S.C. § 552a, (ii) whether any harm sustained by Class Members is cognizable under the Act and was caused by any such violations, and (iii) whether Peraton was negligent, violated state privacy laws, engaged in unfair business practices, or otherwise acted tortiously.

   c. The Class Representatives' claims are typical of the claims of the Class. Each of the claims arises from the data breaches of OPM and Peraton, and asserts the same theories of liability.

   d. The proposed Class Representatives – Travis Arnold, Tony Bachtell, Gardell Branch, Myrna Brown, Lilian Colon-McKnight, Paul Daly, Jon Decker (formerly John Doe III), Jane Doe, Jane Doe II, John Doe II, Kelly Flynn, Alia Fuli, Johnny Gonzalez, Orin Griffith, Jennifer Gum, Michael Hanagan, Deborah Hoffman, Cynthia King-Meyers, Todd Kupferer (formerly John Doe), Ryan Lozar, Teresa J. McGarry, Charlene Oliver, Mario Sampedro, Zachary Sharper, Robert Slater, Nancy Wheatley, and Kimberly Winsor – will fairly and adequately represent the rights and interests of the Class. Accordingly, the Court hereby appoints them to serve as Class Representatives. Additionally, the Court hereby appoints as Class Counsel Daniel C. Girard as Lead Class Counsel; a Plaintiffs' Steering Committee of David H. Thompson, Tina Wolfson, and John Yanchunis; Gary E. Mason as Liaison Counsel; and additional Plaintiffs' counsel Norman E. Siegel. These attorneys have significant expertise in litigating consumer and data privacy class actions, and actions against the federal government, and have committed the necessary resources to represent the Class. The Court accordingly appoints these attorneys as Class Counsel under Federal Rule of Civil Procedure 23(g).

**Preliminary Approval of the Settlement**

6. The Settlement is the product of non-collusive arm's-length negotiations, including mediation, among experienced counsel who were thoroughly informed of the strengths and weaknesses of the Action, including through informal discovery, motion practice, and a contested appeal. The Settlement confers substantial benefits upon the Class and avoids the costs, uncertainty, delays, and other risks associated with continued litigation, trial, and/or appeal. The Settlement falls within the range of possible recovery for the Class, compares favorably with the potential recovery as balanced against the risks of continued litigation, does not grant preferential treatment to Named Plaintiffs or their counsel, and has no obvious deficiencies.

7. The Court hereby preliminarily approves the Settlement, as memorialized in the Settlement Agreement and its Exhibits, as fair, reasonable, and adequate, and in the best interest of Named Plaintiffs and Class Members, subject to further consideration at the Fairness Hearing to be conducted as described below.[2]

8. The Settlement Amount shall be deposited into the Settlement Account as detailed in the Settlement Agreement.

---

2   The Court emphasizes that this Order of Preliminary Approval does not address or approve the terms of any proposed award of attorneys' fees, *see* Fed. R. Civ. Proc. 23(e)(2)(iii), since no information about attorneys' fees was submitted to the Court in connection with the motion for preliminary approval. Similarly, while the motion sought preliminarily approval of the selection of Epiq Class Action and Claims Solutions, Inc. ("EPIQ"), to provide claims administration and other services, the Court was not provided with information detailing EPIQ's fees or the hourly rates to be charged for the services of its attorneys and other personnel in advance of the hearing. That information has since been provided. *See* OPM Notice of Filing [Dkt. # 192].

**Manner and Form of Notice**

9. The Court approves, as to form and content, the Notice and the Claim Form, attached to the Settlement Agreement as Exhibits 1 and 2 [Dkt. ## 188-3, 188-4] respectively, and it finds that the Notice Plan attached to the Settlement Agreement as Exhibit 5 [Dkt. # 188-7] meets the requirements of Federal Rule of Civil Procedure 23, due process, and all other applicable law and rules; constitutes the best notice practicable under the circumstances; and will provide due and sufficient notice to all individuals entitled thereto. The Notice Plan provides for direct notice via email to several million potential Class Members as well as print and digital publication notice. This plan and the Notice are reasonably calculated under the circumstances to apprise Class Members of the pendency of the Action, the effect of the proposed Settlement (including the released claims provided for therein), how much plaintiffs will apply for in attorneys' fees not to exceed a specified amount, the date of the anticipated motion for attorneys' fees, costs, and expenses and for incentive awards, and the Class Members' rights to participate in, opt out of, or object to any aspect of the proposed Settlement.  The date and time of the Fairness Hearing shall be included in the Notice before its dissemination and posting.

10. The Court hereby appoints Epiq Class Action & Claims Solutions, Inc. ("EPIQ") to serve as the Claims Administrator, as defined in the Settlement Agreement, to supervise and administer the notice procedures, establish and operate a settlement website (the "Website") and a toll-free number, administer the claims processes, distribute cash payments according to the processes and criteria set forth in the Settlement Agreement, and perform any other duties of the Claims Administrator that are reasonably necessary and/or provided for in the Settlement Agreement.

11. Implementation Costs incurred in identifying and notifying Class Members, and in administering the Settlement Fund, shall be paid by OPM as set forth in the Settlement Agreement. OPM will take the measures required, including paying the deposit of $3.5 million set forth in the Settlement Agreement at 12, ¶ V.A, to ensure that an amount sufficient to fund the Notice campaign, is disbursed to the Claims Administrator as soon as possible after entry of this Order.

12. As soon as practicable, and no later than **June 13, 2022**, the Claims Administrator must establish the Website and post the Notice and Claim Form thereon.

13. No later than **July 6, 2022**, the Claims Administrator shall (i) email the Notice, substantially in the form annexed to the Settlement Agreement, in accordance with the Settlement Notice Plan and (ii) cause publication of the Notice to occur, as detailed in Plaintiffs' Motion for Preliminary Approval of Class Action Settlement, and the Notice campaign will continue for several weeks thereafter.

14. Class Members who wish to make a claim to recover out of the Settlement Fund must complete and submit a Claim Form no later than **December 23, 2022**, in accordance with the instructions contained on the Claim Form. The Claims Administrator shall determine the eligibility of claims and, upon the Effective Date, distribute the Settlement Fund in accordance with the Settlement Agreement.

15. The dates established herein may be extended by Order of the Court, for good cause shown.

## The Fairness Hearing

16. The Court will hold a Fairness Hearing on **October 14, 2022, at 10:00 a.m.**, in Courtroom 3 of the United States District Court for the District of Columbia, 333 Constitution Ave., N.W., Washington, D.C. 20001, for the following purposes: (i) to make the final

determination as to whether the Class satisfies the applicable requirements for certification under Federal Rules of Civil Procedure 23(a) and 23(b)(3); (ii) to determine whether the Settlement should be approved as fair, reasonable, and adequate; (iii) to rule upon Class Counsel's application for an award of attorneys' fees, costs, and expenses and for incentive awards; and (iv) to consider any other matters that may properly be brought before the Court in connection with the Settlement.

17. The Court intends to consider Class Counsel's application for an award of attorneys' fees, expenses, and costs and for incentive awards at the Fairness Hearing, but it may determine at or in advance of the hearing that the application is to be considered separately from the fairness, reasonableness, and adequacy of the remainder of the Settlement. If it does so, any appeal from an order relating solely to Class Counsel's application for an award of attorneys' fees, costs, and expenses, and/or to Class Counsel's application for incentive awards, or any reversal or modification of any such order, shall not operate to terminate or cancel the Settlement or to affect or delay the judgment finally approving the Settlement.

18. Motions in support of final approval of the Settlement and of Class Counsel's application for attorneys' fees, expenses, and costs and for incentive awards must be filed no later than **July 21, 2022**. Any oppositions must be filed no later than **September 9, 2022** in compliance with the next section of this Order. Replies, if necessary, will be due no later than **September 23, 2022**.

**Objections and Appearances at the Fairness Hearing**

19. Any member of the Class may appear at the Fairness Hearing and show cause why the proposed Settlement should or should not be approved as fair, reasonable, and adequate, or why judgment should or should not be entered, or to present opposition to Class Counsel's application for attorneys' fees, costs, and expenses, or to the application for incentive awards. No

person will be entitled to contest the approval of the Settlement, the entry of a final judgment dismissing the action and releasing Class Member claims, or Class Counsel's application for an award of attorneys' fees, costs, and expenses and for incentive awards, unless they have submitted an objection and the Claims Administrator has received it by **September 9, 2022** (the "Objection Deadline"). In accordance with Class Counsel's response to questions posed by the Court at the Preliminary Approval hearing, any objections must be submitted to the Claims Administrator, in writing, either electronically through the Settlement Website or by first class mail, and received by the Claims Administrator by the Objection Deadline, or they will not be considered. The Claims Administrator must compile any objections as they are received and have them filed on the Court's docket on a rolling basis on **July 15, 2022** and **August 19, 2022**, with a final submission including all objections on **September 16, 2022**. Any Class Member who does not make their objection in the time and manner provided for herein shall be deemed to have waived any objection and shall forever be barred from making any objection to the fairness, reasonableness, or adequacy of the proposed Settlement, or to Class Counsel's application for an award of attorneys' fees, costs, and expenses and for incentive awards. By objecting, or otherwise requesting to be heard at the Fairness Hearing, a person shall be deemed to have submitted to the jurisdiction of the Court with respect to the objection or request to be heard and to the subject matter of the Settlement, including enforcement of its terms.

20.     To be considered by the Court, an objection must include the objector's address and signature; a statement setting forth the specific reason(s), if any, for the objection; a statement as to whether the objection applies only to the objector, to a specific subset of the Class, or to the entire Class; and a statement as to whether the objector intends to appear at the Fairness Hearing. In addition, for his or her objection to be valid, an objector also must provide: (a) a signed statement

that the objector is a class member because he or she was subject to the data breaches and experienced one of the forms of loss in the class definition; and (b) the objector's full name (or, if different, the objector's full name at the time of the data breaches) and one of the following: (1) birthdate and the last four digits of Social Security number; or (2) the PIN that the objector received from the OPM Verification Center in connection with OPM's offer of identity protection services. The Court may require that an objector provide additional evidence of class membership to establish standing to object.

21. Attendance at the Fairness Hearing is not necessary in order to have an objection be considered by the Court. However, anyone who is requesting to be heard orally at the hearing in opposition to approval of the Settlement or the application for an award of attorneys' fees, costs, and expenses and for incentive awards must include that request in their written objection. Persons who intend to object to the Settlement or the application for attorneys' fees, costs, and expenses and for incentive awards, and who wish to present evidence at the Fairness Hearing, must include in their written objection(s) the identity of any witness(es) they may call to testify and copies of any exhibit(s) they intend to offer at the hearing. If an objector hires an attorney to represent them for the purposes of making an objection, the attorney must file a notice of appearance with the Court by the Objection Deadline. The Court will make the determination as to whether any individual objector will have the opportunity to speak or to present evidence in its discretion.

### Exclusion from the Class

22. Any requests for exclusion from the Class are due no later than **September 9, 2022** (the "Opt-Out Deadline"). Any person who would otherwise be a member of the Class who wishes to be excluded from the Class must notify the Claims Administrator in writing of that intent either by (i) by first-class mail postmarked no later than the Opt-Out Deadline or (ii) submission on the

Settlement Website no later than the Opt-Out Deadline. The written notification of opt-out must include the person's address and signature, along with a statement that the person wishes to opt out of the Settlement. In addition, to be valid, the written notification of opt-out must include: (a) a signed statement that the person opting out is a class member because he or she was subject to the data breaches and experienced one of the forms of loss in the class definition; and (b) the person's full name (or, if different, the person's full name at the time of the data breaches) and one of the following: (1) birthdate and the last four digits of Social Security number; or (2) the PIN that the person received from the OPM Verification Center in connection with OPM's offer of identity protection services.

23. Any individuals who submit valid and timely notifications of exclusion in the manner set forth in this paragraph shall have no rights under the Settlement Agreement, shall not share in the monetary relief provided by the Settlement, and shall not be bound by the Settlement Agreement or any Orders or final judgment of the Court.

24. The Claims Administrator will compile a list of valid opt-outs for submission to the Court. Any member of the Class who does not notify the Claims Administrator of their intent to opt out from the Class in the manner stated herein shall be deemed to have waived his or her right to opt out from the Class. If the Court approves the Settlement, any such person shall forever be barred from requesting exclusion from the Class in this or any other proceeding, and shall be bound by the Settlement and the judgment, including the Release of Claims provided for in the Settlement Agreement and the Final Approval Order and Judgment.

**Termination of the Settlement**

25. If the Settlement fails to become effective in accordance with its terms, or if the Final Approval Order and Judgment is not entered or is reversed or vacated on appeal, this Order

shall be null and void, the Settlement Agreement shall be deemed terminated, and the Parties shall return to their positions without any prejudice, as provided for in the Settlement Agreement.

## Limited Use of This Order

26.     The fact and terms of this Order and the Settlement, all negotiations, discussions, drafts and proceedings in connection with this Order and the Settlement, and any act performed or document signed in connection with this Order and the Settlement, shall not, in this or any other Court, administrative agency, arbitration forum, or other tribunal, constitute an admission, or evidence, or be deemed to create any inference (i) of any acts of wrongdoing or lack of wrongdoing, (ii) of any liability on the part of Defendants to Named Plaintiffs, Class Representatives, Class Members, or anyone else, (iii) of any deficiency of any claim or defense that has been or could have been asserted in this Action, (iv) of any damages or absence of damages suffered by Named Plaintiffs, Class Representatives, Class Members, or anyone else, (v) that the Court should certify a Class under Rule 23 for purposes other than the Settlement, or (vi) that the benefits obtained by the Class under the Settlement correspond to the relief that could or would have been obtained from Defendants in this Action if it were not settled at this time. The fact and terms of this Order and the Settlement, and all negotiations, discussions, drafts, and proceedings associated with this Order and the Settlement, including the judgment and the Release of Claims provided for in the Settlement Agreement, shall not be offered or received in evidence or used for any other purpose in this or any other proceeding in any court, administrative agency, arbitration forum, or other tribunal, except as necessary to enforce this Order, the Final Approval Order and Judgment, any other Order of the Court, or the Settlement.

27. Pending further Order of the Court, all litigation activity and events, except those contemplated by this Order or in the Settlement Agreement, are hereby **STAYED**.

**SO ORDERED.**

_____
AMY BERMAN JACKSON
United States District Judge

DATE:  June 7, 2022