UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE: U.S. OFFICE OF PERSONNEL MANAGEMENT DATA SECURITY BREACH LITIGATION<br><br>This Document Relates To:<br>ALL CASES | Misc. Action No. 15-1394 (ABJ)<br>MDL Docket No. 2664 |

## [PROPOSED] FINAL APPROVAL ORDER AND JUDGMENT

This matter came before the Court for hearing pursuant to the Order Preliminarily Approving Class Action Settlement and Providing for Notice, dated June 7, 2022 ("Preliminary Approval Order") (Dkt. # 193), on the motion of Class Representatives[1] Travis Arnold, Tony Bachtell, Gardell Branch, Myrna Brown, Lilian Colon-McKnight, Paul Daly, Jon Decker (formerly John Doe III), Jane Doe, Jane Doe II, John Doe II, Kelly Flynn, Alia Fuli, Johnny Gonzalez, Orin Griffith, Jennifer Gum, Michael Hanagan, Deborah Hoffman, Cynthia King-Meyers, Todd Kupferer (formerly John Doe), Ryan Lozar, Teresa J. McGarry, Charlene Oliver, Mario Sampedro, Zachary Sharper, Robert Slater, Nancy Wheatley, and Kimberly Winsor and Defendants U.S. Office of Personnel Management ("OPM") and Peraton Risk Decision, Inc. ("Peraton") for approval of a proposed class action settlement (the "Settlement"). Due and

---

[1] Unless otherwise noted, all capitalized terms have the meaning ascribed to them in the Settlement Agreement.

1

adequate notice having been given of the Settlement as required by the Preliminary Approval Order, the Court having considered all papers filed and proceedings conducted herein, and good cause appearing therefor, it is hereby ORDERED, ADJUDGED, and DECREED as follows:

1. This Final Approval Order and Judgment incorporates by reference the definitions in the Settlement Agreement dated May 5, 2022 (the "Settlement Agreement"), and all defined terms used herein have the same meanings ascribed to them in the Settlement Agreement.

2. This Court has jurisdiction over the subject matter of this litigation and over all Parties thereto.

3. The Court affirms its findings, rendered in the Preliminary Approval Order, that for purposes of the Settlement, all prerequisites for maintenance of a class action set forth in Federal Rules of Civil Procedure 23(a) and (b)(3) are satisfied. The Court hereby makes final its appointments of Class Counsel and the Class Representatives and its preliminary certification of the Class consisting of:

> All U.S. citizens and permanent residents whose personal information was compromised as a result of the breaches of the U.S. Office of Personnel Management's electronic information systems in 2014 and 2015 or the breach of Peraton's electronic information systems in 2013 and 2014, and who, after May 7, 2014, suffered out-of-pocket expense or loss of compensable time: (1) to purchase a credit monitoring product, credit or identity theft protection product, or other product or service designed to identify or remediate the data breaches at issue in this case; (2) to access, freeze or unfreeze a credit report with a credit reporting agency; or (3) as a result of an identity theft incident or to mitigate an identity theft incident.
>
> Excluded from the Class are Class Counsel and their employees; any judicial officers to whom this case is assigned and their respective staffs; mediators and their respective staffs; and attorneys from the Department of Justice and the Office of Personnel Management, and their respective staffs, who worked directly and personally on this matter.

4.     Pursuant to Federal Rule of Civil Procedure 23(e), the Court hereby grants final approval of the Settlement and finds that it is, in all respects, fair, reasonable, and adequate, and in the best interests of the Class.

5.     The Court finds that notice of the Settlement was given to Class Members in accordance with the Preliminary Approval Order and constituted the best notice practicable of the matters set forth therein, including the Settlement, to all individuals entitled to such notice, and that this notice satisfied the requirements of Federal Rule of Civil Procedure 23 and of due process.

6.     The Court directs the Claims Administrator to process and pay all Valid Claims in a prompt manner according to the terms and conditions of the Parties' Settlement Agreement.

7.     Upon the Effective Date, all Class Members shall be deemed to have, and by operation of this Final Approval Order and Judgment shall have, fully, finally, and forever released, relinquished, and discharged the Releasees as set forth in the Settlement Agreement.

8.     The individuals identified in Appendix 1 hereto requested exclusion from the Class as of the Opt-Out Deadline. These individuals shall not share in the benefits of the Settlement, and this Final Approval Order and Judgment does not affect their legal rights to pursue any claims they may have against Defendants. All other members of the Class are hereinafter barred and permanently enjoined from prosecuting any released claims in any court, administrative agency, arbitral forum, or other tribunal.

9.     Any appeal from an order relating solely to Class Counsel's application for an award of attorneys' fees, costs, and expenses, and/or to Class Counsel's application for incentive awards, or any reversal or modification of any such order, shall not operate to terminate or cancel the Settlement or to affect or delay the finality of this Final Approval Order and Judgment.

10. Neither the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Settlement, is or may be deemed to be or may be used as an admission of, or evidence of, (a) the validity of any released claim, (b) any liability or wrongdoing of Defendants, or (c) any fault or omission of Defendants in any proceeding in any court, administrative agency, arbitral forum, or other tribunal.

11. Without affecting the finality of this Final Approval Order and Judgment, this Court reserves exclusive jurisdiction over matters related to administration, consummation, enforcement, and interpretation of the Settlement, its associated agreements, and this Final Approval Order and Judgment, including (a) distribution or disposition of the Settlement Fund, including of any unclaimed funds therein, and (b) further proceedings, if necessary, on the application for attorneys' fees, reimbursement of litigation expenses and incentive awards.

12. The Defendants will have no role in, nor will they be held liable in any way for, the determination of monetary relief to be accorded each Claimant. No Class Member or any other person will have any claim against the Named Plaintiffs, Class Counsel, any person designated by Class Counsel, or the Claims Administrator arising from or relating to the Settlement, the Action, or determinations or distributions made substantially in accordance with the Settlement or Orders of the Court, including this Final Approval Order and Judgment.

13. If any Party fails to fulfill its obligations under the Settlement, the Court retains authority, upon motion of the other Party or Parties, to vacate the provisions of this Final Approval Order and Judgment releasing, relinquishing, discharging, and barring and enjoining the prosecution of the released claims against the Releasees and to reinstate the released claims against the Releasees.

14. If the Settlement does not become effective under the terms of the Settlement Agreement, then this Final Approval Order and Judgment shall be rendered null and void to the extent provided by and in accordance with the Settlement Agreement and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Settlement Agreement.

15. The Action is hereby dismissed, with prejudice.

**IT IS SO ORDERED.**

DATE: _____

HON. AMY BERMAN JACKSON
UNITED STATES DISTRICT JUDGE