**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| IN RE: U.S. OFFICE OF PERSONNEL MANAGEMENT DATA SECURITY BREACH LITIGATION<br><br>This Document Relates To:<br>ALL CASES | Misc. Action No. 15-1394 (ABJ)<br>MDL Docket No. 2664 |

**[PROPOSED] ORDER AWARDING**
**ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARDS**

Plaintiffs' Motion for Attorneys' Fees, Expenses, and Service Awards (the "Fee Motion") came on for hearing before this Court on October 14, 2022. The Court, having considered the briefing and the materials submitted in support of the Fee Motion, as well as the briefing and materials submitted in support of Plaintiffs' Motion for an Order Granting Preliminary Approval of Class Action Settlement and Providing for Notice, and in support of Plaintiffs' Motion for Final Approval of Class Action Settlement; and it appearing that notice of the Fee Motion and of the Fairness Hearing substantially in the forms approved by the Court was provided to Class Members who could be identified with reasonable effort; and the Court having conducted its Fairness Hearing on October 14, 2022, at which opportunity was given to raise objections, and having determined the fairness and reasonableness of the award of attorneys' fees, expenses, and service awards requested:

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT**:

1. The Court has jurisdiction to enter this Order and over the subject matter of this action and over all parties to the action, including all Class Members.

2. At the conclusion of a successful class action, class counsel may move for an award of attorneys' fees. *See* Fed. R. Civ. P. 23(h). The Settlement Agreement[1] in this case provides that Defendant U.S. Office of Personnel Management ("OPM") will pay Plaintiffs' reasonable attorneys' fees and litigation expenses and that Plaintiffs will move the Court for approval of their attorneys' fees and expenses.

3. The Court finds that Class Counsel are entitled to a fee award and to reimbursement of their litigation expenses. Class Counsel are awarded attorneys' fees in the amount of $8,545,537.35. This amount corresponds to Class Counsel's total lodestar as of the filing of the Fee Motion, and the Court finds the lodestar to be fair and reasonable. Class Counsel are also awarded $174,481.88 in costs and expenses that they reasonably advanced in furtherance of the prosecution and settlement of the action. In addition, the Named Plaintiffs are each awarded $5,000 in compensation for the services they provided to the Class; these amounts will be paid, under the terms of the Settlement Agreement, by Defendant Peraton Risk Decision Inc. ("Peraton").

4. The Court has applied the lodestar method to assess the reasonableness of the attorneys' fees requested by Class Counsel because, pursuant to the Settlement Agreement, OPM has agreed to pay Class Counsel's fees separately from the Settlement Account. *See In re Vitamins Antitrust Litig.*, 2001 WL 34312839, at *2 (D.D.C. July 16, 2001); *see also In re Home Depot Inc.*, 931 F.3d 1065 (11th Cir. 2019).

5. The Court has reviewed the sworn declarations submitted by Class Counsel regarding the work performed by each of the Plaintiffs' firms, and their firm's hourly rates and resulting lodestar, and finds that the requested attorneys' fees and costs are reasonable and appropriate. "The

[1] This Order incorporates by reference the definitions in the Settlement Agreement dated May 5, 2022 (Dkt. # 188-2) (the "Settlement Agreement"), and all capitalized terms not otherwise defined herein shall have the same meanings as set forth in the Settlement Agreement.

Supreme Court has held that there is a strong presumption that the fee yielded by the now-ubiquitous 'lodestar' method, which bases fees on the prevailing market rates in the relevant community, is reasonable." *West v. Potter*, 717 F.3d 1030, 1034 (D.C. Cir. 2013). The lodestar is the product of two variables—the number of hours reasonably expended on the litigation and a reasonable hourly rate. *See Salazar ex rel. Salazar v. D.C.*, 809 F.3d 58, 61 (D.C. Cir. 2015). Class Counsel and the other Plaintiffs' firms are highly experienced in data breach and other complex litigation, and the Court finds that their hourly rates are consistent with the rates charged by attorneys with similar qualifications to fee-paying clients in comparable complex litigation. *See Nat'l Ass'n of Concerned Veterans v. Sec'y of Def.*, 675 F.2d 1319, 1326 (D.C. Cir. 1982) (attorneys' actual market rates are highly relevant to determining prevailing rate in community); *DL v. D.C.*, 924 F.3d 585, 588-89 (D.C. Cir. 2019); *Pleitez v. Carney*, 594 F. Supp. 2d 47, 53 (D.D.C. 2009) (counsel's regular billing rate is presumptively reasonable). The Court has applied Class Counsel's current rates to compensate for the seven-year delay in payment during an inflationary period. *See West*, 717 F.3d at 1034; *Missouri v. Jenkins*, 491 U.S. 274, 282 (1989); *see, e.g.*, *James v. D.C.*, 302 F. Supp. 3d 213, 226 (D.D.C. 2018) (applying current rates to compensate for "the delay in payment [of] over five years").

6. The Court further finds that the hours that Plaintiffs' attorneys devoted (and continue to devote)[2] to this case were reasonable and necessary. Defendants vigorously defended themselves throughout the case, and Class Counsel overcame a series of obstacles to resolve a wide range of novel and complex issues, including the limitations on recovery under the Privacy Act, thereby securing the substantial Settlement for data breach victims. *See City of Riverside v.*

[2] Class Counsel have reserved the right to apply for reimbursement of attorneys' fees and expenses attributable to services provided after the date of the application that is the subject of this Order. *See* Settlement Agreement, § VI.A.

*Rivera*, 477 U.S. 561, 580-81 n.11 (1986). Class Counsel managed the litigation efficiently, matching projects to the appropriate level of experience and avoiding duplication, and have exercised their billing judgment to eliminate unnecessary or excessive time from their fee request. *See In re Lorazepam & Clorazepate Antitrust Litig.*, 205 F.R.D. 369, 384 (D.D.C. 2002).

7. While not required, the Court has also conducted a percentage cross-check to ensure that the fee awarded is reasonable. *See In re Black Farmers Discrimination Litig.*, 953 F. Supp. 2d 82, 101 (D.D.C. 2013). When considered as part of a constructive common fund, Class Counsel's fee request of $8,545,537.35 is the equivalent of only 12% of the total $71,545,537.35 recovery—which is well below the typical 20 to 30% fee recovery in contingency litigation. *See Swedish Hosp. Corp. v. Shalala*, 1 F.3d 1261, 1272 (D.C. Cir. 1993).

8. The Court also awards Class Counsel litigation expenses in the amount of $174,481.88. The Court has reviewed the sworn declarations submitted by Class Counsel regarding the costs each firm has incurred in the prosecution of this litigation, and finds that the requested costs are reasonable and appropriate. In making this award, the Court has considered and found that (a) the recovery of costs and expenses is authorized by the Settlement Agreement, and that (b) these costs and expenses are adequately documented and (c) were reasonable, necessary, and incurred for the benefit of the Class.

9. Finally, the Court finds that the request for $5,000 service awards to the Named Plaintiffs is fair and reasonable. Courts in this District regularly grant service awards to compensate class plaintiffs for the services they provided to a proposed class during class action litigation. *See Scott v. JPMorgan Chase Bank, N.A.*, No. 17-CV-00249 (APM), 2018 WL 11409985, at *2 (D.D.C. Aug. 17, 2018) (citing *In re Lorazepam & Clorazepate Antitrust Litig.*, No. 99MS276(TFH), 2003 WL 22037741, at *10 (D.D.C. June 16, 2003)). The requested amount is within the range of awards

commonly granted in this Circuit. *See, e.g.*, *Trombley v. Nat'l City Bank*, 826 F. Supp. 2d 179, 207-08 (D.D.C. 2011) ($5,000 service award); *Wells v. Allstate Ins. Co.*, 557 F. Supp. 2d 1, 9 (D.D.C. 2008) ($10,000 service award to each named plaintiff). These awards are well justified by the time and effort expended and the risks undertaken by each Plaintiff on behalf of the Class.

10. Notice of Plaintiffs' motion for attorneys' fees, costs, and service awards was provided to all Class Members who could be identified with reasonable effort. The form and method of notifying the Class of this motion satisfied the requirements of Rules 23(c)(2) and 23(e)(1) of the Federal Rules of Civil Procedure, and of constitutional Due Process, and the Court has concluded that no meritorious objections were raised to awarding the requested attorneys' fees, expenses, and service awards.

11. Accordingly, the Court directs Defendants to pay these awards, consistent with the Settlement Agreement.

**SO ORDERED** this _______ day of ______________, 2022

_______________________________________
The Honorable Amy Berman Jackson
United States District Judge