UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

IN RE: U.S. OFFICE OF PERSONNEL
MANAGEMENT DATA SECURITY
BREACH LITIGATION

Misc. Action No. 15-1394 (ABJ)
MDL Docket No. 2664

This Document Relates To:

ALL CASES

**SECOND SUPPLEMENTAL DECLARATION OF CAMERON R. AZARI, ESQ.**

**REGARDING NOTICE**

I, Cameron R. Azari, Esq., hereby declare and state as follows:

1. My name is Cameron R. Azari, Esq. I have personal knowledge of the matters set forth herein, and I believe them to be true and correct.

2. This declaration includes an updated Exclusion Report. I previously submitted my *Declaration of Cameron R. Azari, Esq. on Notice Plan and Notices* dated May 6, 2022, which described the Settlement Notice Program. In that declaration, I detailed Hilsoft's class action notice experience and attached Hilsoft's *curriculum vitae*. I also provided my educational and professional experience relating to class actions and my ability to render opinions on overall adequacy of notice programs. Subsequently, I submitted my *Declaration of Cameron R. Azari, Esq. on Notice Plan and Notices* dated July 20, 2022, which detailed the successful implementation of the Notice Plan. Most recently, I submitted my *Declaration of Cameron R. Azari on Notice Plan and Notices* ("Supplemental Notice Declaration") dated September 23, 2022, which provided updated settlement administration statistics regarding the implementation of the Settlement Notice Program. The facts in this declaration are based on my personal knowledge, as well as information provided to me by my colleagues in the ordinary course of my business at Hilsoft and Epiq.

*Requests for Exclusion, Objections, and Claims*

3. The deadline to request exclusion from the Settlement was September 9, 2022. As of October 7, 2022, Epiq has received 225 unique requests for exclusion. Epiq has evaluated all requests for exclusion for compliance with the requirements in the Preliminary Approval Order for requesting

exclusion. Epiq has also evaluated each request for exclusion for the elements of a complete exclusion request that were listed in the Notice and has noted which criteria have or have not been met for each request received. The Request for Exclusion Report is included as **Attachment 1**.

4. As part of its review, Epiq forwarded the information provided by each person who requested exclusion to the Department of Defense (DoD) for comparison to the list of known individuals affected by the Data Breach. In the Request for Exclusion Report, the column titled "Valid DoD List Match" indicates if a single, clear match could be identified to such a known individual. If not, there is a notation in the column titled "No Match Details" indicating the result, whether it was that the information provided by the requester yielded no matches or potentially multiple matches, but there was inadequate information provided by the requester to discern an exact match. Records that failed to provide one or more of the matching elements, which consisted of either (1) date of birth and the last four digits of the requester's Social Security number, or (2) the PIN provided by the OPM Cybersecurity Verification Center are segregated into a separate section of the Request for Exclusion Report.

5. The Request for Exclusion Report is divided into four sections as described below:

(1) "**Complete Requests with DoD Match**," which are requests for exclusion that provided all elements requested and were matched to a known, affected individual by the DoD confirming they are Class members eligible to exclude themselves;

(2) "**Complete Requests without DoD Match**," which show requesters who provided all the requested information, but who did not match to a record in the data set maintained by the DoD, and thus are likely not Class members;

(3) "**Defective Requests with DoD Match**," which show requesters who failed to include one or more elements listed in the Notice, but who were still able to be matched to the DoD affected individuals list, and thus are likely Class members eligible to exclude themselves; and

(4) "**Defective Requests without DoD Match**," which are all requests for exclusion where the information provided was incomplete and the DoD also

was unable to match the requester to a known, affected individual name.

6. The deadline to Object to the Settlement was September 9, 2022. As of October 11, 2022, Epiq is aware of 14 objections to the Settlement. Of the 14 objections, two objections were filed after the September 9, 2022, deadline to object; one objection was withdrawn by the filer; and two objections were from Class Members who also filed requests for exclusion.

7. The deadline for Class Members to file a claim is December 23, 2022. As of October 11, 2022, Epiq has received 19,109 claims (18,537 electronic claims and 572 paper claims) under the Settlement. Since there are still more than two months for Class Members to file a claim before the claim filing deadline, these numbers are preliminary. As the claim filing deadline approaches, it is expected that additional claims will be filed by Class Members. Following standard practice, Epiq is in the process of conducting a complete review and audit of all claims received.

8. In my opinion, as set forth in greater detail in my previous declarations in this case, the Notice Plan complied with reasonable, industry standard practices.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 11th day of October 2022 in Portland, Oregon.

_____
Cameron R. Azari, Esq.