# United States Court of Appeals
### For The District of Columbia Circuit

_____

**No. 23-5021**                                    **September Term, 2022**

**1:15-mc-01394-ABJ**

**Filed On: July 21, 2023**

In re: U.S. Office of Personnel Management
Data Security Breach Litigation,

------------------------------

American Federation of Government
Employees, AFL-CIO, et al.,

      Appellees

Carmela Romerio,

      Appellant

  v.

Office of Personnel Management, et al.,

      Appellees

    **BEFORE:**   Katsas, Childs, and Pan, Circuit Judges

### O R D E R

Upon consideration of the motion to dismiss or, alternatively, summarily affirm; the notice to join that motion; the opposition to the motion; the petition for a writ of mandamus; and the motion to appoint counsel, it is

**ORDERED** that the motion to appoint counsel be denied. In civil cases, appellants are not entitled to appointment of counsel when they have not demonstrated sufficient likelihood of success on the merits. It is

**FURTHER ORDERED** that the motion to dismiss be granted. Appellant has shown neither that she is a class member bound by the district court's order, nor that she has been stripped of a legal claim or otherwise been prejudiced by the order. Mayfield v. Barr, 985 F.2d 1090, 1092-93 (D.C. Cir. 1993); Devlin v. Scardelletti, 536 U.S. 1, 8-9 (2002). Additionally, even assuming that appellant is a member of the class, she did not object during the district court's fairness hearing. See Devlin, 536

# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT
_____

**No. 23-5021**                                                                                   **September Term, 2022**

U.S. at 11 ("[T]he power to appeal is limited to those nonnamed class members who have objected during the fairness hearing."). Nor did appellant otherwise seek to participate in the district court for the purpose of objecting to the exclusion of her name from the opt-out list that is part of the order. Cf. Broidy Cap. Mgmt. LLC v. Muzin, 61 F.4th 984, 998 (D.C. Cir. 2023). It is

      **FURTHER ORDERED** that the petition for a writ of mandamus be denied. Appellant has not demonstrated that she has "no other adequate means" to attain the relief she desires. See In re al-Nashiri, 791 F.3d 71, 78 (D.C. Cir. 2015) (citation omitted).

      Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**Per Curiam**