UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE: U.S. OFFICE OF PERSONNEL MANAGEMENT DATA SECURITY BREACH LITIGATION<br><br>This Document Relates To:<br>ALL CASES | Misc. Action No. 15-1394 (ABJ)<br>MDL Docket No. 2664 |

### DECLARATION OF MICHELLE M. LACOUNT, ESQ. IN SUPPORT OF CLOSURE

I, Michelle M. La Count, Esq., hereby declare and state as follows:

1. I am a Project Director employed by Epiq Class Action & Claims Solutions, Inc. ("Epiq"). I have more than 17 years of experience handling all aspects of settlement administrations. The statements of fact in this declaration are based on my personal knowledge and information provided to me by my colleagues in the ordinary course of business, and if called on to do so, I could and would testify competently thereto. I have personal knowledge of the matters set forth herein, and I believe them to be true and correct.

2. Epiq was appointed as the Claims Administrator pursuant to the Court's June 7, 2022 Preliminary Approval Order to supervise and administer the notice procedures, administer the claims process, distribute cash payments according to the criteria set forth in the Settlement Agreement, and perform any other duties of the Claims Administrator that are provided for in the Settlement Agreement or reasonably necessary.

3. All claims submitted to the Claims Administrator have been fully processed.

4. As required by the Settlement Agreement, if claims were incomplete or lacked sufficient documentation, the Claims Administrator sent Defect Notices to the claimants informing them of the deficiencies and how they could be remedied. The Claims Administrator provided extensive opportunities to cure defects, in many instances multiple opportunities through follow-up notices and options at various points in the claims process. The Claims Administrator's staff were also available to answer questions regarding the Defect Notices via email or telephone.

5. Claims that were deemed invalid received claim denial letters. In the letters, claimants were advised of their right to dispute their claim determination pursuant to Section V.D of the Settlement Agreement. The check stub or electronic payment notice accompanying the payment, as applicable, also advised the paid claimants of their right to dispute their payment amounts (*i.e.*, if the claimant was awarded less than the claimed amount).

6. All denial and payment disputes were reviewed by the Claims Administrator. If a claimant submitted additional documentation that made the claim payable, the claim queued for payment and put through the Treasury Offset Program review process, consistent with the handling of all claims. If the dispute was not resolved in the claimant's favor, the claimant received a Dispute Denial letter.

7. All disputed claims were resolved at least 30 days prior to the date of the execution of this Declaration, apart from one payment dispute related to the October 28, 2024, distribution for which a Dispute Denial Letter was mailed to the claimant on December 3, 2024.

8. A total of 27,052 claimants filed claims of which 5,183 were determined to be payable after all disputes were resolved. The total value of the Valid Claims was $4,751,188.03.

9. All Valid Claims have been issued payment as of the date of this Declaration, subject to a 180-day void date from issuance.[1]

I declare under penalty of perjury that the foregoing is true and correct. Executed December 8, 2024, at Green Bay, Wisconsin.

_____
Michelle M. La Count, Esq.

---

[1] In accordance with standard practice and upon receiving approval of the Parties, all payment checks had a stale date of 180 days after issuance.

DECLARATION OF MICHELLE M. LACOUNT, ESQ. IN SUPPORT OF CLOSURE- 2